# Exhibit 6



CLAIM NO. BVIHC (COM) 2022/0119

IN THE MATTER OF THREE ARROWS CAPITAL LTD

AND IN THE MATTER OF SECTIONS 159(1) AND 162(1)(a) AND (b) OF THE INSOLVENCY ACT 2003

BETWEEN:

Submitted Date:29/06/2022 14:33

Filed Date:29/06/2022 14:34

Fees Paid:72.59

THREE ARROWS CAPITAL LTD

APPLICANT

CLAIM NO. BVIHC (COM) 2022/0117

IN THE MATTER OF THREE ARROWS CAPITAL LTD

AND IN THE MATTER OF SECTIONS 159(1) AND 162(1)(a) INSOLVENCY ACT 2003

BETWEEN:

DRB PANAMA INC.

APPLICANT

-V-

THREE ARROWS CAPITAL LTD

RESPONDENT

## ORDER

**BEFORE**    The Honourable Mr Justice Jack
**DATED**    27 June 2022
**ENTERED**    29 June 2022

**UPON** the Application of **Three Arrows Capital Ltd** (the "**119 Applicant**", the "**Company**"), a company, for the appointment of Joint Liquidators dated 27 June 2022 coming on for hearing in BVIHC(COM)2022/0119 (the "**TAC Application**")

**AND UPON** the Court noting that an application filed by a creditor of the Company, DRB Panama Inc ("**DRB**"), to appoint Joint Provisional Liquidators and thereafter Liquidators had been filed on 24 June 2022 in Claim BVIHC(COM)2022/0117, supported by the First Affidavit of Jos van Griensven sworn on 24 June 2022 and the exhibit "JVG-1" thereto (the "**DRB Application**")

1

106-5342519-1
139480.0001/30880000-1

**AND UPON READING** the First Affidavit of Robert Gardner sworn on 27 June 2022 and the First Unsworn Affidavit of Kyle Livingston Davies and Exhibit "KD-1" and the First Affidavit of Edmond Fung sworn on 27 June 2022 and the exhibit thereto, in support of the TAC Application.

**AND UPON** the Court being satisfied that there is no party on whom the Company is required to serve the TAC Application and therefore the TAC Application should be heard urgently *ex parte* pursuant to Insolvency Rule 21

**AND UPON NOTING** the written Resolution of the shareholders of the Company to the making of this Application and the written resolution of the Company dated 26 June 2022

**AND UPON READING** the affidavits of Nima H Mohebbi and Charles McGarraugh, filed in support of the DRB Application.

**AND UPON NOTING** the two creditors of the Company, Chen Kaili Kelly and Zhu Su and the evidence in respect of debts owed to each of them

**AND UPON NOTING** the supporting creditors in the DRB Application

**AND UPON NOTING** that neither the Company nor DRB opposed the appointment of Joint Liquidators in principle and that the only matter to be determined at the hearing is the identity of the joint liquidators

**AND UPON NOTING** that the Court had power under CPR 26.1(2)(b) and/or its inherent jurisdiction to consolidate BVIHC(COM)2022/0119 and BVIHC(COM)2022/0117

**AND UPON** hearing Lisa Walmisley for the Company, Grant Carroll, Counsel for the applicant in the DRB Application and Callum McNeil, for a supporting creditor in the DRB Application.

**IT IS ORDERED that:**

1. Claims BVIHC(COM)2022/0119 and BVIHC(COM)2022/0117 shall be consolidated under Claim No: BVIHC(COM)2022/0119.

2. Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited, 3rd Floor, Banco Popular Building, Road Town, Tortola, VG-1110, British Virgin Islands be appointed as joint liquidators of the Company as at 15.10 (together, the "**Liquidators**" or "**Joint Liquidators**") with the power to act jointly or severally.

3. The DRB Applicant shall file a pro-forma application in BVIHC(COM)2022/0119 for the appointment of the Liquidators as joint liquidators of the Company.

4. The Liquidators may exercise all those powers set out in section 186 and Schedule 2 of the Insolvency Act 2003 and as set out in the annex to this Order.

5. The Joint Liquidators shall, at the date of this Order have sanction to:

    (a) commence, continue, discontinue or defend any claim, action or legal proceeding in the United States of America ("**US**") as they see fit;
    (b) commence proceedings pursuant to Chapter 15 of US Bankruptcy Code as they deem appropriate; and
    (c) seek recognition of this order in any jurisdiction as the Joint Liquidators may deem appropriate.

6. Pursuant to section 165 of the Insolvency Act 2003, advertisement of the TAC Application is dispensed with;

7. The Liquidators shall advertise notice of their appointment in the BVI Gazette;

8. In order to safeguard the value of the Company's assets from market volatility, the Joint Liquidators shall be entitled to convert any cryptocurrencies into US dollars or into USD coin (USDC) or Tether (USDT), being cryptocurrencies pegged to the US dollar, as they see fit.

9. The costs of the liquidation, including the proper fees and disbursements of the Liquidators, be paid out of the assets of the Company in priority to all other claims.

10. The Liquidators may draw down payments on account of their remuneration, expenses and disbursements from time to time at a rate of 80% of their time costs and 100% of their expenses and disbursements, subject to these being subsequently approved by the Court, and in the event that such sums are not approved, the unapproved sums be prepaid to the estate within 7 days

106-5342519-1
139480.0001/30880000-1

11. The costs of the TAC Application and the DRB Application (including those of supporting creditors) shall be paid as an expense in the liquidation.

**BY ORDER OF THE COURT**

Dep. ~~THE~~ **REGISTRAR**

**ANNEX 1**

**Schedule 2 of Insolvency Act 2003**

**POWERS OF LIQUIDATOR**

**(Section 186)**

**WITH SANCTION OF THE COURT**

1. Power to pay any class of creditors in full.

2. Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

3. Power to compromise, on such terms as may be agreed

    (a) calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Company and any person; and

    (b) questions in any way relating to or affecting the assets or the liquidation of the Company;

    and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

4. Power to commence, continue or defend any action or other legal proceedings in the name and on behalf of the Company.

**WITHOUT SANCTION OF THE COURT**

5. Power to carry on the business of the Company so far as may be necessary for its beneficial liquidation.

6. Power to sell or otherwise dispose of property of the Company.

7. Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other document.

8. Power to use the Company's seal.

9. Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankruptcy or insolvent, and rateably with the other separate creditors.

106-5342519-1
139480.0001/30880000-1

10  Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

11  Power to borrow money, whether on the security of the assets of the Company or otherwise.

12  Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

   For the purpose of enabling the liquidator to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself.

13  Power to call meetings of creditors or members for

   (a)  the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

   (b)  the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or

   (c)  such other purpose connected with the liquidation as the liquidator considers fit.

14  Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

15  Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

106-5342519-1
139480.0001/30880000-1

**CLAIM NO. BVIHC (COM) 2022/0119**

**IN THE MATTER OF THE
INSOLVENCY ACT 2003
IN THE MATTER OF THREE
ARROWS CAPITAL LTD**

**BETWEEN:**

    **THREE ARROWS CAPITAL LTD**

                      **APPLICANT**


**CLAIM NO. BVIHC (COM) 2022/0117**

**IN THE MATTER OF THE
INSOLVENCY ACT 2003
IN THE MATTER OF THREE
ARROWS CAPITAL LTD**

**BETWEEN:**

    **DRB PANAMA INC.**

                      **APPLICANT**

                -V-

    **THREE ARROWS CAPITAL LTD**

                     **RESPONDENT**

---

**ORDER**

---

**BEDELL
CRISTIN**

**Legal Practitioners for the Applicant**

Mandar House, Johnson's Ghut,

PO Box 2283, Road Town,

Tortola, British Virgin Islands,

Tel: +1 284 495 5700

lisa.walmisley@bedellcristin.com

Ref: LW/139480.0001