Adam J. Goldberg
Brett M. Neve (*pro hac vice* pending)
Nacif Taousse
Brian S. Rosen (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
         brett.neve@lw.com
         nacif.taousse@lw.com
         brian.rosen@lw.com

Daniel Scott Schecter (*pro hac vice* pending)
Nima H. Mohebbi (*pro hac vice* pending)
Caitlin Campbell (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
         nima.mohebbi@lw.com
         caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital LTD,[1] | Case No. 22-10920(   ) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF GRANT CARROLL IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

1. I, Grant Carroll, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief.

**Introduction**

2. I am a partner of the law firm Ogier. Ogier is a law firm that advises clients worldwide on the laws of the British Virgin Islands ("BVI"), the Cayman Islands, Jersey,

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

Guernsey, Ireland and Luxembourg. I have practiced law in the BVI since 2013 and I advise on the laws of the BVI.

3. I practice in Ogier's BVI Dispute Resolution team as a partner. I have considerable experience advising court-appointed liquidators, banks, multinational corporations and financial services institutions in the restructuring, liquidation and winding-up of BVI companies and funds.

4. I completed my academic legal training with BPP Law School in London in 2005. Thereafter I was called to the bar of England and Wales, with the Honourable Society of the Middle Temple, in 2005. I moved to the BVI in 2013 and was similarly called to the Bar of the BVI in 2013 where I have practiced ever since.

5. I have practiced law for over a decade and during that time have been in involved in many liquidation and insolvency related proceedings. I regularly appear as lead counsel before all levels of the BVI court system, including the BVI High Court, Commercial Court and the Court of Appeal of the Eastern Caribbean Supreme Court. My appearances often concern aspects of the BVI Insolvency Act, 2003 (the "BVI Insolvency Act"), the Insolvency Rules, 2005, and other laws governing restructuring and insolvency of BVI entities.

6. Although I am not an attorney barred in the United States, I am familiar with the provisions of Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") as a consequence of my BVI practice.

7. I respectfully submit this declaration in support of the Petition of Russell Crumpler and Christopher Farmer, the duly appointed joint liquidators and foreign representatives (together, the "Liquidators") of Three Arrows Capital Ltd. (the "Debtor") by the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) ("BVI Court"), Claim No. BVIHC (COM) 2022/0117 and BVIHC (COM) 2022/119 (the "BVI

Proceeding"), pursuant to sections 159(1) and 162(1)(a) and (b) of the BVI Insolvency Act, seeking recognition of the BVI Proceeding pursuant to 11 U.S.C. § 1502 and 1517(b)(1) as a "foreign main proceeding," recognizing Messrs. Russel Crumpler and Christopher Farmer as the "foreign representatives" of the Debtor, granting all relief afforded to foreign main proceedings under section 1520, recognizing, granting comity to, and giving full force and effect within the United States to the order appointing the liquidators, imposing the automatic stay within the United States, waiving the 14-day stay of effectiveness, and granting related relief (the "Chapter 15 Petition").

8. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or based upon my review of relevant documents.

9. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the law of the BVI as a practicing BVI attorney.

10. For the reasons discussed below, it is my position that: (i) the BVI Proceeding constitutes a "foreign main proceeding" according to 11 U.S.C. §§ 101(23) and (24); (ii) the Liquidators qualify as "foreign representatives" in connection with the BVI Proceeding; and (iii) the 14-day stay of effectiveness should be waived.

**Background**

11. On May 3, 2012, the Debtor was incorporated under the laws of the BVI as a Business Company, which is a limited liability company equivalent to a corporation under U.S. law. It was co-founded by Kyle Davies and Su Zhu, and its three directors are Davies, Zhu, and Mark James Dubois. Its sole shareholder owning all of its management shares is Three Arrows Capital Pte. Ltd. The Debtor's registered office and address for service is located at c/o ABM Corporate Services, Ltd 1st Floor, Columbus Centre, P.O. Box 2283, Road Town, Tortola, British Virgin Islands, VG1110.

3

12. The BVI Proceeding is the result of an application to appoint joint provisional liquidators and thereafter, liquidators by DRB Panama Inc. ("DRB") and a subsequent application for the appointment of joint liquidators by the Debtor. On June 29, 2022, the BVI Court formally entered an order in which it, *inter alia*, (i) consolidated DRB's application with the Debtor's application, (ii) appointed Messrs. Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited as Liquidators of the Debtor, and (iii) authorized the Liquidators to exercise all powers under Section 186 and Schedule 2 of the BVI Insolvency Act and as set out in Annex 1 to the order (the "Liquidation Order"). A copy of the Liquidation Order is attached to the Crumpler Declaration as Exhibit 6.

13. As the joint liquidators appointed by the BVI Court, the Liquidators may exercise powers that are conferred by the BVI Insolvency Act and the Orders appointing them and they are specifically authorized pursuant to paragraph 5 of the Liquidation Order to file this Chapter 15 Petition, and to take such steps in connection therewith as the Liquidators consider to be appropriate. True and correct copies of the relevant sections of the BVI Insolvency Act (the significance of which I will discuss in more detail below) are attached hereto as **Exhibit A**.

14. I have been asked by the Liquidators to explain in general terms the relevant substantive BVI law and procedural rules relating to the liquidation, dissolution and administration of insolvent BVI entities, and in particular, how they relate to the Debtor. My analysis is done for the purpose of filing a petition for recognition of the BVI Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code. The Liquidators have also requested that I explain the treatment of creditors under the BVI Insolvency Act, and in particular, that, under BVI insolvency law, non-BVI creditors rank *pari passu* with all other parties. The issues on which I have been asked to opine fall well within my personal experience.

4

## Sources of Law of the BVI

15. The BVI is an Overseas Territory of the United Kingdom. The BVI has its own legislature called the House of Assembly, which enacts statutory legislation. The United Kingdom retains the power to adopt legislation for the BVI, and also maintains the ability to extend the implementation of international treaties to the BVI, such that the legislation and treaties form part of the laws of the BVI.

16. The Common Law (Declaration of Application) Act (Cap 13) extends the common law of England to the BVI. Section 13 of the Eastern Caribbean Supreme Court (Virgin Islands) Act (Cap 80), governing the BVI Court, also provides that equitable principles of English jurisprudence apply in the BVI.

17. It follows that the common law of the BVI is largely identical to that of England (except insofar as modified by statute, or BVI jurisprudence).

18. Concerning the judicial system of the BVI, decisions by the Judicial Committee of the Privy Council in the United Kingdom are binding on the BVI Courts, and decisions of the Privy Council on appeal from other Courts are highly persuasive (to the extent that they are routinely followed). In the absence of any authority from the BVI Court on any issue of law, which is often the case, decisions of other common law courts, and in particular decisions of the English courts, are of strong persuasive authority.

## Liquidation of BVI Entities

19. The BVI has modern insolvency laws, such as the BVI Insolvency Act, which governs liquidation, creditor arrangement, receivership and administrative receivership. The BVI insolvency laws contain provisions close to those of the insolvency laws of the United Kingdom.

20. Liquidation proceedings are primarily governed by the BVI Insolvency Act, together with the BVI Insolvency Rules. According to its enacting statement, the BVI Insolvency Act provides "a mechanism for insolvent persons to enter into arrangement with their creditors, an administration procedure for companies, the receivership of companies and foreign companies, [and] the liquidation of companies … ."

## Liquidation by the BVI Court

21. The BVI court system is also well-developed in the context of corporate restructuring and liquidation proceedings.

22. Upon commencement of a liquidation, no proceedings may be commenced against the entity or steps taken to enforce any right over the entity's assets without the BVI Court's permission, save in respect of secured creditors. Moreover, the BVI Insolvency Act and the BVI Proceeding encompass all of the Debtor's assets worldwide.

23. Importantly, insolvency proceedings in the BVI are not for the benefit of any single creditor. Rather, the Liquidators operate to determine all of the rights of stakeholders, including investors and creditors, with respect to any claims against the Debtor.[2] Under Section 207 of the BVI Insolvency Act, payment of the claims to the assets of the Debtor accord with statutory priorities, and if the assets are insufficient to pay claims in full, dividends are paid *pro rata* per class of claimants. Any person or entity with a claim against the Debtor may prove such claim in the BVI Proceeding.

24. In addition, Section 175(1)(c) of the BVI Insolvency Act, entitled "Effect of Liquidation," states that "unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii)

---

[2] BVI Insolvency Act § 207.

exercise or enforce, or continue to exercise or enforce any right of remedy over or against the assets of the company."

25. I understand from United States counsel for the Liquidators that this automatic stay imposed by the BVI Insolvency Act mirrors the stay imposed in United States bankruptcy proceedings, except for secured creditors, which maintain certain self-help rights under BVI law notwithstanding the BVI Proceeding, and serves to promote the Liquidators' efforts to decide claims and creditors collectively and comprehensively.

26. Moreover, a general principle underlying the BVI's insolvency regime is that the claims of investors and creditors within the same class are treated on a *pari passu* basis.

27. In my experience, BVI liquidation proceedings are fair and equitable. All creditors and interest holders have an opportunity to be heard by the BVI Court and no creditor will be prejudiced because it is foreign-based.

## The Liquidators

28. The Liquidators are fiduciaries and officers of the BVI Court that are required to take possession of, protect, and realize the assets of the company in liquidation, wherever they may be located, for the benefit of its creditors.[3] The Liquidators work closely with the BVI Court.[4]

29. Post-liquidation, the directors of the Debtor have little to no authority vis-a-vis the affairs of the Debtor. As a matter of law, the management functions of the Debtor are vested entirely in the Liquidators, subject to BVI Court approval. In other words, the Liquidators "step into the shoes" of the Debtor's directors and shareholder.[5]

---

[3] *See* BVI Insolvency Act § 184.

[4] *Id.*

[5] BVI Insolvency Act § 175(1)(b).

30. A BVI liquidator must be a licensed insolvency practitioner and a resident of the BVI (unless acting jointly with a licensed insolvency practitioner and a resident of the BVI). Messrs. Russell Crumpler and Christopher Farmer are both residents of the BVI and licensed insolvency practitioners.

31. A liquidator may be appointed by: (1) a resolution of the members of the company passed by a super majority of seventy-five percent of all members present or represented by proxy at a meeting of members (or such higher majority as the articles of the company may provide), or (2) by the BVI Court upon application by the company itself, a creditor, a shareholder, a supervisor of a creditors' arrangement, the BVI Financial Services Commission, or the Attorney General of the BVI.[6]

32. In particular, a liquidator may be appointed by the BVI Court if: (a) the company is insolvent; (b) it is "just and equitable" that a liquidator be appointed; or (c) that liquidation of the company is in the public interest.[7]

33. The BVI Insolvency Act expressly sets forth the powers and duties of the Liquidators, their removal and resignation, and includes comprehensive guidance for the Liquidators' conduct.

34. The Liquidators have been granted court-authority to take custody and control of the Debtor's assets.

35. The Liquidation Order states that the "Liquidators may exercise all those powers set out in section 186 and Schedule 2 of the BVI Insolvency Act 2003 and as set out in the annex to this Order." Liquidation Order at ¶ 4. These powers include:

   WITH SANCTION OF THE COURT

---

[6] BVI Insolvency Act, No. 5, part VI § 162(2).
[7] *Id.* § 162(1).

8

1. Power to pay any class of creditors in full.

2. Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

3. Power to compromise, on such terms as may be agreed

    a. calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Company and any person; and

    b. questions in any way relating to or affecting the assets or the liquidation of the Company;

    and take security for the discharge of an such call, debt, liability or claim and give a complete discharge in respect of it.

4. Power to commence, continue or defend any action or other legal proceeding in the name and on behalf of the Company.

WITHOUT SANCTION OF THE COURT

5. Power to carry on the business of the Company so far as may be necessary for its beneficial liquidation.

6. Power to sell or otherwise dispose of property of the Company.

7. Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other document.

8. Power to use the Company's seal.

9. Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankruptcy or insolvent, and rateably with the other separate creditors.

10. Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

11. Power to borrow money, whether on the security of the assets of the Company or otherwise.

12. Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining

payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

For the purpose of enabling the liquidator to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself.

13. Power to call meetings of creditors or members for

    a. the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    b. the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or

    c. such other purpose connected with the liquidation as the liquidator considers fit.

14. Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

15. Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

Liquidation Order, Annex I.

36. Save where expressly provided for, the exercise of the first four powers of the Liquidators are only permitted with prior BVI Court approval. The remaining powers are permitted without specific, prior BVI Court sanction.

37. As noted above, pursuant to Section 472 of the BVI Insolvency Act, paragraph 5 of the Liquidation Order explicitly permits the filing of this Chapter 15 Petition, and the fourteenth power in the Liquidation Order permits the Liquidators to "appoint a solicitor ... to assist him in the performance of his duties."

38. Moreover, under section 282 of the BVI Insolvency Act, the Liquidators are also empowered to investigate: (i) the causes of the insolvency of the Debtor; and (ii) the general business, investments and counterparties of the Debtor.

## United States Bankruptcy Code

**I. The Liquidation of the Debtor is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.**

39. I am advised by United States Counsel that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23)

40. In my view, the BVI Proceeding is a judicial proceeding under the supervision of the BVI Court in which the assets and affairs of the Debtor are subject to control or supervision by the BVI Court, and the rights of the Debtor's investors, creditors and stakeholders will be determined together pursuant to the BVI Insolvency Act and related statutes and rules, all of which are laws relating to insolvency and liquidation of companies.

II. **The BVI Proceeding is a "foreign main proceeding" within the meaning of section 1517(b)(1).**

41. I am also advised by United States counsel that for the BVI Proceeding to be classified as a "foreign main proceeding" under section 1517(b)(1) of the Bankruptcy Code, the foreign proceeding must be "pending in the country where the debtor has its center of main interests."

42. In addition, United States counsel has advised me that certain provisions of BVI law are relevant to the determination of the Debtor's center of main interests ("COMI") under section 1517 of the Bankruptcy Code.

43. First, the Debtor was incorporated in the BVI on May 3, 2012 as an exempted company with limited liability. The Debtor maintained its registered office at c/o ABM Corporate Services, Ltd 1st Floor, Columbus Centre, P.O. Box 2283, Road Town, Tortola, British Virgins Islands, VG1110.

44. Second, the *situs* of the Debtor's membership interests in the BVI is further evidence that the COMI of the Debtor is BVI. Specifically, pursuant to Section 245 of the BVI Business Companies Act 2044, "[f]or the purposes of determining matters relating to title and jurisdiction but not for the purposes of taxation, the situs of ownership of shares, debt obligations or other securities of a company is the [British] Virgin Islands."

45. Finally, the Liquidators displaced the Debtor's directors pursuant to section 175 of the BVI Insolvency Act as the result of their appointment. Consequently, the Liquidators are responsible for, *inter alia*, liquidating any remaining assets of the Debtor, investigating any causes of action the Debtor may have, settling claims of investors and creditors, and prosecuting and settling or otherwise resolving such causes of action as they deem appropriate. The Liquidators take virtually all of their actions and decisions from the office of Teneo in the BVI.

46. From the moment of their appointment, all powers to operate the Debtor vested in the Liquidators, who are BVI residents and BVI Licensed Insolvency Practitioners.

**III.    The Liquidators are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.**

47. I am also advised by United States counsel that "foreign representative" is defined in section 101(24) of the Bankruptcy Code as:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

48. In my view, the Liquidators satisfy this definition. As fiduciaries and officers of the BVI Court, the Liquidators are duly authorized and empowered by the BVI Court to investigate and administer the dispensation of the Debtor's assets or affairs, and to act as the duly authorized representative of the Debtor.

49. Under the Liquidation Order, the Liquidators were granted various powers under BVI law to enable them to carry out their duties effectively, but it remains the case that, where they contemplate actions that are not of automatic statutory application, or as expressly provided for in the Liquidation Order as powers that do not require BVI sanction, they are required to seek BVI Court approval.

**IV.    The 14-day stay of effectiveness should be waived.**

50. I am advised by United States counsel that the Bankruptcy Code imposes a 14-day stay of effectiveness of the automatic stay and that this 14-day stay may be waived in appropriate circumstances.

51. In my opinion, the 14-day stay of effectiveness should be waived here to allow the Debtor to immediately gain the benefit of the automatic stay, which will act to shield the Debtor's assets from rogue creditors and provide time and opportunity for the Liquidators to fulfill their judicial duties.

IN WITNESS WHEREOF, I have executed this Declaration under penalty of perjury under the laws of the United States of America this 1st day of July, 2022.

Dated:  July 1, 2022
Tortola, British Virgin Islands

/s/ Grant Carroll
Grant Carroll