Adam J. Goldberg
Brett M. Neve (*pro hac vice* pending)
Nacif Taousse
Brian S. Rosen (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com
        brian.rosen@lw.com

Daniel Scott Schecter (*pro hac vice* pending)
Nima H. Mohebbi (*pro hac vice* pending)
Caitlin J. Campbell (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
        nima.mohebbi@lw.com
        caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 ( ) |
| Debtor in a Foreign Proceeding. | |

## MOTION FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITION FOR RECOGNITION AND RELATED RELIEF AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of insolvency proceedings (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

*In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022),  respectfully

state as follows in support of this motion (this "<u>Motion</u>"):

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431 from the U.S. District Court for the

Southern District of New York, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. § 1410.  The

statutory predicates for the relief requested herein are section 1515 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>") and rules 1007(a)(4), 2002(m), 2002(p), 2002(q) and 9007 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## RELIEF REQUESTED

2.      The Foreign Representatives respectfully request the entry of an order, substantially

in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Notice Order</u>"), (a) scheduling a hearing (the

"<u>Hearing</u>") on July 26, 2022, or as soon as practicable thereafter subject to the Court's availability,

on the relief sought in the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket

No. 1] and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding

and Related Relief* [Docket No. 2] (together, the "<u>Petition</u>"),[2] each filed contemporaneously

herewith, (b) setting the deadline by which any responses or objections to the Petition must be

received (the "<u>Objection Deadline</u>"), (c) approving the form of the notice of the chapter 15 case,

the relief sought in the Petition, the Objection Deadline and the Hearing (the "<u>Notice</u>") that is

attached as <u>Exhibit 1</u> to the Notice Order, and (d) approving the manner of service of the Notice

described herein.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Petition.

## BASIS FOR RELIEF

**A.    The Proposed Hearing and Notice Procedures Comply with the Bankruptcy Code and Bankruptcy Rules**

3.    Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing . . . .

Bankruptcy Rule 2002(q), however, does not specify the form and manner in which notice must be given.  Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.

4.    In accordance with Bankruptcy Rule 2002(q), the Foreign Representatives propose to serve the Notice and the Petition (without exhibits) (together, the "Notice Documents") by first class mail on: (a) the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) all known creditors of the Debtor; (d) all parties that have filed a notice of appearance in this chapter 15 case; and (e) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representatives are aware (collectively, the "Notice Parties").[3]    Notwithstanding the foregoing, if the Foreign Representatives do not have a physical address for any of the above Notice Parties, the Foreign Representatives shall provide the Notice Documents via email instead of first class mail to the extent the Foreign Representatives have email addresses for such Notice Parties.  In addition, the

---

[3] If any party files a notice of appearance in this chapter 15 case, the Foreign Representatives will serve the Notice and any subsequent notices on that party within three business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

Foreign Representatives propose to publish the Notice on their website at https://3acliquidation.com/.

5.      The Notice will notify the Notice Parties of the commencement of the Debtor's chapter 15 case, the relief sought in the Petition, the Objection Deadline, and the procedures for filing a response or objection to the Petition.  The Notice will also provide the electronic case filing website maintained by the federal judiciary where interested parties may view all pleadings filed in this chapter 15 case and a contact person from whom any interested party may obtain copies of the pleadings.

6.      Because some of the Notice Parties may have foreign addresses, Bankruptcy Rule 2002(p) may be applicable.  Bankruptcy Rule 2002(p) provides that the Office of the United States Trustee, a party in interest, or the Court may determine that supplemental notice is appropriate to ensure that parties with foreign addresses receive sufficient notice in a bankruptcy case.  The Foreign Representatives believe that supplementing the notice required by the Bankruptcy Rules by posting the Notice on the Foreign Representative's website will ensure that sufficient notice of the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date, and place of the Hearing is provided to parties with foreign addresses.

7.      The Foreign Representatives submit that the form and manner of service of the Notice Documents and the procedures outlined herein constitute adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the Objection Deadline, and the Hearing to all parties, including those with foreign addresses.  Accordingly, the Foreign Representatives respectfully request that the Court approve the form and manner of service of the Notice for the Notice Parties.

**B.**    **Section 1514(c) of the Bankruptcy Code Is Not Applicable to this Case**

8.    Section 1514(c) of the Bankruptcy Code provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c). Given that this is an ancillary case under chapter 15 and creditors will not be filing proofs of claim in this chapter 15 case, the Foreign Representatives submit that section 1514 is inapplicable here. As explained in Collier on Bankruptcy, that section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added). To the extent section 1514(c) applies, the Foreign Representatives respectfully request that the requirements contained therein be waived.

## NOTICE

9.    Notice of this Motion will be provided to (a) the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) all known creditors of the Debtor; (d) all parties that have filed a notice of appearance in this chapter 15 case; and (e) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representatives are aware. Information concerning the BVI Proceeding and a copy of the Notice is available for review, free-of-charge, on the website maintained by the Foreign Representatives: https://3acliquidation.com/. The Foreign Representatives submit that no other or further notice of this Motion is necessary or required.

## NO PRIOR REQUEST

10.    No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Foreign Representatives respectfully request that the Court (a) enter

the Notice Order granting the relief requested herein and (b) grant such other and further relief as

is just and proper.

Dated:  July 1, 2022          Respectfully submitted,
      New York, New York

                                              */s/ Adam J. Goldberg*
                                              Adam J. Goldberg
                                              Brett M. Neve (*pro hac vice* pending)
                                              Nacif Taousse
                                              Brian S. Rosen (*pro hac vice* pending)
                                              **LATHAM & WATKINS LLP**
                                              1271 Avenue of the Americas
                                              New York, NY 10020
                                              Telephone: (212) 906-1200
                                              Facsimile: (212) 751-4864
                                              Email:  adam.goldberg@lw.com
                                                      brett.neve@lw.com
                                                        nacif.taousse@lw.com
                                                      brian.rosen@lw.com

                                              – and –

                                              Daniel Scott Schecter (*pro hac vice* pending)
                                              Nima H. Mohebbi (*pro hac vice* pending)
                                              Caitlin J. Campbell (*pro hac vice* pending)
                                              **LATHAM & WATKINS LLP**
                                              355 South Grand Avenue, Suite 100
                                              Los Angeles, CA 90071
                                              Telephone: (213) 485-1234
                                              Facsimile: (213) 891-8763
                                              Email:  daniel.schecter@lw.com
                                                      nima.mohebbi@lw.com
                                                      caitlin.campbell@lw.com

                                              *Counsel to the Foreign Representatives*