Adam J. Goldberg
Brett M. Neve (*pro hac vice* pending)
Nacif Taousse
Brian S. Rosen (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com
        brian.rosen@lw.com

Daniel Scott Schecter (*pro hac vice* pending)
Nima H. Mohebbi (*pro hac vice* pending)
Caitlin J. Campbell (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
        nima.mohebbi@lw.com
        caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (   ) |

**MOTION FOR AUTHORIZATION TO**
**FILE UNREDACTED PETITION UNDER SEAL**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

*In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "Motion").

## RELIEF REQUESTED

1.  By this Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "Local Bankruptcy Rules"), the Foreign Representatives request (i) authority to file the Petition (as defined below) publicly with a redacted version of the Litigation Schedule (as defined below) while filing it under seal with an unredacted version of that Litigation Schedule and (ii) related relief. The Foreign Representatives propose to provide unredacted copies of the Litigation Schedule to (A) this Court and (B) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on a strictly confidential basis. A proposed form of order granting the relief requested herein is attached hereto as Exhibit A (the "Proposed Order").

## JURISDICTION AND VENUE

2.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing Order of Reference M-431*, dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The statutory bases for relief are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Bankruptcy Rules 9013-1(a) and 9018-1.

**BACKGROUND**

3.      Concurrently herewith, the Foreign Representatives commenced this Chapter 15 case (the "Chapter 15 Case") by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding Main Proceeding and Related Relief* (together, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and related relief.

4.      The facts related to this matter are set forth in detail in the Verified Petition, the *Declaration of Russell Crumpler in Support of Petition for Recognition and Chapter 15 Relief*, and the *Declaration of Grant Carroll in Support of Petition for Recognition and Chapter 15 Relief*, all filed concurrently herewith.

**THE LITIGATION SCHEDULE**

5.      As required pursuant to Bankruptcy Rule 1007(a)(4), attached to the Petition is a disclosure schedule identifying all parties to litigation pending in the United States in which the Debtor is a party at the time of filing of the Petition (the "Litigation Schedule").

6.      The only party listed in the Litigation Schedule is one of the Debtor's largest known creditors (the "Creditor") that has brought a non-public arbitration proceeding against the Debtor and has requested that the Foreign Representatives keep its identity (the "Confidential Information") confidential in this Chapter 15 Case. Given the current volatility in the cryptocurrency markets and the widely publicized nature of the Debtor's financial distress, the identity of the parties with exposure to the Debtor, including the Creditor, is commercially sensitive information that may, if disclosed, result in further disruption in the cryptocurrency markets, to the detriment of the Debtor, its creditors, and other market participants.

3

**BASIS FOR RELIEF**

7. The Bankruptcy Code provides strong support for sealing the Litigation Schedule. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Foreign Representatives to file the Litigation Schedule under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See id*. at 27 (holding that once a court determines that

4

a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application.").

10.    The United States Court of Appeals for the Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

11.    Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.    The Foreign Representatives submit that the Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the

5

purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

13. Here, the Litigation Schedule contains the identity of the Creditor – a party with exposure to the Debtor (and by extension, its potential losses). If disclosed, such information is likely to negatively impact the Creditor and other the parties with credit exposure to the Debtor and/or the Creditor, with potential ripple effects across the broader cryptocurrency markets. This is so particularly in light of the volatility that characterizes such markets and the widely publicized nature of the Debtor's financial issues. Such commercially sensitive information is precisely the kind "commercial information" sought to be protected pursuant to 107(b)(1) of the Bankruptcy Code.

14. Accordingly, the Foreign Representatives respectfully submit that cause exists to allow them to redact the Litigation Schedule for public filing so as to exclude the identity of the party listed therein. However, to maximize transparency, the Foreign Representatives propose to file a copy of the Petition with an unredacted Litigation Schedule with the Court under seal and to share copies thereof with the U.S. Trustee on a strictly confidential basis.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

15. To implement the foregoing successfully, the Foreign Representatives respectfully request that the Court enter an order providing that the notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Foreign Representatives have established cause to exclude the relief requested herein from the fourteen (14) day stay period provided under Bankruptcy Rule 6004(h), to the extent that it applies.

## NOTICE

16. Notice of this Petition will be provided to: (a) the United States Trustee for the Southern District of New York; (b) all known creditors of the Debtor; (c) all parties that have filed

a notice of appearance in this Chapter 15 Case; (d) the Securities and Exchange Commission; and (e) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representatives are aware.  The Foreign Representatives submit that no other or further notice of this Petition is necessary or required.  Information concerning the BVI Proceeding and a copy of the *Notice of Filing and Hearing on Petition Seeking Recognition of Foreign Proceeding and Related Relief Pursuant to Chapter 15 of the United States Bankruptcy Code* is available for review, free-of-charge, on the website maintained by the Foreign Representatives: https://3acliquidation.com/.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 1, 2022
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve (*pro hac vice* pending)
Nacif Taousse
Brian S. Rosen (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
      brett.neve@lw.com
      nacif.taousse@lw.com
      brian.rosen@lw.com

– and –

Daniel Scott Schecter (*pro hac vice* pending)
Nima H. Mohebbi (*pro hac vice* pending)
Caitlin J. Campbell (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
      nima.mohebbi@lw.com
      caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*