Adam J. Goldberg  
Brett M. Neve (admitted *pro hac vice*)  
Nacif Taousse  
Brian S. Rosen (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864  
Email:  adam.goldberg@lw.com  
           brett.neve@lw.com  
           nacif.taousse@lw.com  
           brian.rosen@lw.com  

Daniel Scott Schecter (admitted *pro hac vice*)  
Nima H. Mohebbi (admitted *pro hac vice*)  
Caitlin J. Campbell (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
10250 Constellation Blvd. Suite 1100  
Los Angeles, CA 90067  
Telephone: (424) 653-5500  
Facsimile: (424) 653-5501  
Email:  daniel.schecter@lw.com  
           nima.mohebbi@lw.com  
           caitlin.campbell@lw.com  

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**DECLARATION OF RUSSELL CRUMPLER**
**IN SUPPORT OF EMERGENCY MOTION FOR PROVISIONAL RELIEF**

I, Russell Crumpler, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am a Senior Managing Director of Teneo (BVI) Limited ("Teneo") in the British Virgin Islands. I, along with my colleague Christopher Farmer (also of Teneo), have been appointed as joint liquidators of Three Arrows Capital Ltd. (the "Debtor") by the Eastern Caribbean Supreme Court in the High Court of Justice (Commercial Division).

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

US-DOCS\133235825.4

2.      I submit this declaration in support of the *Emergency Motion for Provisional Relief*, filed contemporaneously herewith (the "Motion").[2] I have reviewed the Motion, and it is my belief that the relief sought therein is necessary to implement the fair and orderly liquidation of the Debtor and to fulfill my duties as a joint liquidator of the Debtor.

3.      I am over the age of 18, and I am duly authorized to make this declaration acting in my capacity as joint liquidator of the Debtor. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor. I am authorized to submit this declaration on behalf of the Debtor, and if called upon to testify, I could and would testify competently to the facts set forth herein.[3]

## I.    BACKGROUND

4.      On July 1, 2022, the Liquidators filed the *Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding* pending in the BVI [Docket No. 2] (the "Verified Petition" and together with the Form of Voluntary Petition [Docket No. 1], the "Petition"). A hearing on the Petition is not scheduled until July 28, 2022.

5.      In support of the Petition, I submitted the *Declaration of Russell Crumpler in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 3] (the "Petition Declaration"), which is incorporated herein by reference.

6.      The Debtor has represented in public BVI filings that it is an investment firm engaged in short-term opportunities trading, and is heavily invested in cryptocurrency, funded

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] Information concerning my professional background and experience is set forth in the Petition Decl. (defined below).

2

through borrowings, and was co-founded by Kyle Livingstone Davies and Su Zhu (the "Founders"). It had three directors: Davies, Zhu, and Mark James Dubois, a BVI resident.

7. To date, Mr. Farmer and I have not yet received any meaningful cooperation from the Founders in the furtherance of the investigative powers that we have been charged with in connection with our role as joint liquidators in the BVI Proceeding. Since being appointed as joint liquidators on June 27, 2022, as part of our investigation into the Debtor and efforts to obtain control over the Debtor's assets in accordance with our statutory and fiduciary duties under BVI law, Mr. Farmer and I have attempted to contact the Founders directly and through counsel in the BVI and Singapore. Finally, on July 6, 2022, I received email correspondence from Advocatus Law LLP ("Advocatus"), Singapore counsel purporting to represent the Founders. In response, I reiterated to Advocatus that we have an urgent need to meet with the Founders in order to take basic steps to preserve the Debtor's assets. Our request for an urgent meeting was not accepted, and all that was offered was an introductory Zoom call with Advocatus approximately two days after Mr. Farmer and myself were contacted by Advocatus.

8. On the introductory Zoom call, counsel from Advocatus stated that the Founders intended to cooperate with Mr. Farmer and myself. While persons identifying themselves as "Su Zhu" and "Kyle" were present on the Zoom call, their video was turned off and they were on mute at all times with neither of them speaking despite questions being posed to them directly. All dialogue was instead conducted through Advocatus and Solitaire LLC, who I understand has been Singapore counsel to the Debtor. Mr. Farmer and myself requested immediate access to the Debtor's offices and certain basic information regarding the Debtor's bank accounts and digital wallets, and were told that Advocatus would discuss with the Founders and hope to provide certain information in response at a subsequent meeting currently scheduled for Monday, July 11, 2022.

3

Despite these preliminary discussions, as of the date hereof, the Founders have not been made available to Mr. Farmer and myself or otherwise offered any meaningful cooperation.

9. I understand and believe that the Debtor has had certain significant operations in Singapore and that Three Arrows Capital Pte. Ltd., the Debtor's parent and principal shareholder, has a registered office located at 7 Temasek Boulevard, #21-04 Suntec Tower One, Singapore 038987.

10. Notwithstanding the lack of engagement by the Founders, Mr. Farmer and myself have been pursuing our investigation with urgency and by all lawful means available to us. Under the circumstances, I believe that we have been able to make significant progress, including obtaining access to certain key documents, advancing our investigation through analysis of those documents and publicly available information (including through the use of Open Source Intelligence Tools such as blockchain explorers and other analytics tools that allow the user to access details on transaction history, blocks, and digital wallet addresses on a number of different blockchains), identifying and proceeding to control certain accounts and underlying investments, and commencing discussions with creditors regarding their claims, general investigations and liquidation.

II. **NEED FOR PROVISIONAL RELIEF**

11. We require the provisional authority sought by the Motion in order to further advance our investigation, assert control over, and, where possible, collect in, the Debtor's assets, and avoid the disposition of the Debtor's assets. In particular, the ability to serve discovery on the Founders, certain affiliates of the Debtor, and certain banking and trading counterparties of the Debtor, at which I am informed and believe that accounts are maintained to hold and/or trade the Debtor's assets, will greatly benefit the continued investigation into the Debtor's assets.

12. The Provisional Relief (as defined in the Motion) is needed to avoid irreparable harm and enable Mr. Farmer and me to protect the Debtor's assets. In light of the circumstances present here, there is an actual and imminent risk that during the provisional period the Debtor's assets may be transferred or otherwise disposed of by parties other than by myself and Mr. Farmer, the court-appointed joint liquidators—including, most notably, the Founders or individuals acting at their direction—and that we may not be able to recover the assets without expending significant time and resources, if we are able to recover them at all. Our immediate focus is on controlling and preserving the Debtor's assets and the Provisional Relief is essential to our current efforts.

13. Here, the risk of non-recovery is particularly acute because a substantial portion of the Debtor's assets are comprised of cash and digital assets, such as cryptocurrencies and non-fungible tokens, that are readily transferrable, and the Founders, whose physical whereabouts remain unknown[4] and who I believe maintain control over many of the accounts where the Debtor's assets are held, have not been made available to myself or Mr. Farmer or offered any meaningful cooperation. I believe that Mr. Farmer and myself (in our capacities as joint liquidators), the Debtor, and its creditors as a whole would be irreparably harmed if any disposition of the Debtor's assets by parties other than the joint liquidators were to occur during the provisional period.

14. Absent immediate authority to pursue discovery, there is a real risk that the Debtor's assets will be subject to dissipation between now and consideration of recognition. It is imperative for the joint liquidators to receive authority to serve discovery on the discovery recipients (as set forth in the Motion) in order to further our investigation into the Debtor's assets and obtain control of and preserve those assets for the collective benefit of all interested parties.

---

[4] I also understand that Founder Zhu is also rumored to be attempting to sell a property in Singapore with a potential value in the tens of millions of dollars.

15. By the Motion, I understand that the joint liquidators are seeking targeted discovery of individuals and entities that Mr. Farmer and myself believe to have control of or information relating to the Debtor's assets and affairs. I believe that the proposed discovery requests are narrowly targeted to ascertain fundamental information about the assets of the Debtor that is crucial to our ongoing investigative efforts. I understand that much of the discovery that is sought is limited to a narrow period from January 1, 2022 to the present, which captures the period immediately preceding the spring 2022 crash in cryptocurrency markets through the present. I also believe that each of the proposed recipients of the discovery requests have knowledge of the Debtor's assets and financial affairs and have a relationship with the Debtor.

16. In short, I believe that the Provisional Relief is necessary to preserve the *status quo* and afford the joint liquidators an opportunity to stabilize the Debtor's estate, preserve the Debtor's assets, and conduct a complete investigation of the Debtor, claims against its estate, and its assets, including potential causes of action. Accordingly, I believe that the relief requested by the Motion should be granted.

Dated: July 8, 2022                         /s/ *Russell Crumpler*

Russell Crumpler of Teneo (BVI) Limited as joint liquidator of the Three Arrows Capital Ltd. (the "Debtor")

US-DOCS\133235825.4