| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve (admitted *pro hac vice*) | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin Campbell (admitted *pro hac vice*) |
| Brian S. Rosen (admitted *pro hac vice*) | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 355 South Grand Avenue, Suite 100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90071 |
| New York, NY 10020 | Telephone: (213) 485-1234 |
| Telephone: (212) 906-1200 | Facsimile: (213) 891-8763 |
| Facsimile: (212) 751-4864 | Email:  daniel.schecter@lw.com |
| Email:  adam.goldberg@lw.com |          nima.mohebbi@lw.com |
|          brett.neve@lw.com |          caitlin.campbell@lw.com |
|          nacif.taousse@lw.com | |
|          brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital LTD,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF GRANT CARROLL IN SUPPORT OF EMERGENCY MOTION FOR PROVISIONAL RELIEF**

1.  I, Grant Carroll, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief.

**Introduction**

2.  I respectfully submit this declaration in support of the *Emergency Motion for Provisional Relief* filed contemporaneously herewith (the "Motion") submitted by Russell Crumpler and Christopher Farmer, the duly appointed joint liquidators and foreign

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

representatives (together, the "Liquidators") of Three Arrows Capital Ltd. (the "Debtor") by the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) ("BVI Court"), Claim No. BVIHC (COM) 2022/0117 and BVIHC (COM) 2022/119 (the "BVI Proceeding").

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or based upon my review of relevant documents.

4. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the law of the BVI as a practicing BVI attorney.

5. For the reasons discussed below, it is my position that under BVI law, the Liquidators have the authority to: (i) take control of the Debtor's asset and (ii) seek the discovery the Debtor is pursuing in the Motion.

## Background

6. On July 1, 2022, the Liquidators filed the *Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding* pending in the BVI [Docket No. 2] (the "Verified Petition" and together with the Form of Voluntary Petition [Docket No. 1], the "Petition"). A hearing on the Petition is not scheduled until July 28, 2022.

7. In support of the Petition, I submitted the *Declaration of Grant Carroll in support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Dkt. No. 4] (the "Petition Declaration").[2] In my Petition Declaration, I set out my relevant professional experience and the relevant substantive BVI law, including the sources of BVI insolvency law, the liquidation of BVI entities by the BVI Court, and the powers and duties of the Liquidators under BVI law. To avoid repeating the foundation and general terms of BVI insolvency law, I hereby incorporate my Petition Declaration into this Declaration.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Petition Declaration.

2

8. In this Declaration, I have been asked by the Liquidators to explain the Liquidator's authority under BVI law to control the assets of the Debtor and their power to investigate the affairs and estate of the debtor, including by conducting the discovery the Debtor is pursuing in the Motion. These issues on which I have been asked to opine fall well within my personal experience.

## The Liquidators' Authority

### I. Powers Granted to the Liquidators By the Liquidation Order

9. The Liquidation Order provides that "[t]he Liquidators may exercise all those powers set out in section 186 and Schedule 2 of the [BVI Insolvency Act] and as set out in the annex to this Order." Liquidation Order ¶ 4.

10. The annexure to the Liquidation Order grants general powers to the Liquidators, which includes the power to compel disclosure of information and/or documents. Specifically, the Liquidation Order grants the Liquidators the "[p]ower to carry on the business of the [Debtor] so far as may be necessary for its beneficial liquidation" and the "[p]ower to do all acts . . . in the name and on behalf of the [Debtor]." Liquidation Order, Annex I ¶¶ 5, 7.

### II. Powers Granted to the Liquidators under the BVI Insolvency Act

11. The Liquidators are fiduciaries and officers of the BVI Court that are required to "take possession of, protect, and realise the assets of the company" in liquidation, wherever they may be located, for the benefit of its creditors.[3]

12. Section 186(1) of the BVI Insolvency Act[4] provides the Liquidators with the general power to discharge their duties by granting them "the powers necessary to carry out the

---

[3] *See* BVI Insolvency Act §§ 184-85.

[4] All further section references are to the BVI Insolvency Act, unless otherwise noted.

functions and duties of a liquidator under [the BVI Insolvency Act] and the powers conferred on him or her by [the BVI Insolvency Act]."

13. Section 175(1) provides that with effect from the commencement of the liquidation of a company "the directors and other officers of the company remain in office, but cease to have any powers, functions or duties other than those required or permitted under this Part or authorized by the liquidator." In other words, the Liquidators assume all powers held by the directors of the Debtor upon their appointment.[5]

14. The BVI Insolvency Act also expressly confers specific powers to the Liquidators.

15. Under section 225, the Liquidators may require representatives of the Debtor to prepare a statement of affairs of the Debtor, which includes, among other information, detail concerning the Debtor's assets and liabilities.

16. Pursuant to section 274A, the Court, upon application by the Liquidators, may direct any person that "has in his or her possession or control any assets or documents to which the company appears to be entitled" to "pay, deliver, convey, surrender or transfer the assets or documents to the [Liquidators]."

17. Moreover, section 282 empowers the Liquidators to investigate: (i) the causes of the insolvency of the Debtor; and (ii) the general business, investments and counterparties of the Debtor.

18. Under section 282, the Liquidators upon written notice to a person specified in section 282(2) may require the person:

> (a) to provide him or her with such information concerning the
> company, including the promotion, formation, business, dealings,

---

[5] *See* BVI Insolvency Act §§ 175(1)(b), 186(1)-(2).

> accounts, assets, liabilities or affairs as he or she reasonably requires;
>
> (b) to attend on him or her at such reasonable time and at such place as may be specified in the notice; or
>
> (c) to be examined on oath or affirmation by him or her, or by his or her legal practitioner, on any matter referred to in paragraph (a).

BVI Insolvency Act § 282(1)(a)-(c).

19. A written notice may be issued to persons including: "an officer or former officer of the company"; "a member or former member of the company"; "a person who was involved in the … promotion or formation of the company"; "a person who has been employed by the company, including … under a contract for services"; or "a person who is or who, at any time has been, and officer of or in the employment of a company which is an officer of the company."[6]

20. Section 284 also provides the Liquidators with wide power to obtain information by order of the BVI Court. Upon application to the Court, the Liquidators may seek an order from the BVI Court requiring a person to "appear before the Court for examination concerning the company, or a connected company, including the promotion, formation, business, dealings, accounts, assets, liabilities or affairs of the company or connected company."

21. The scope of these examinations are wide, and may extend to the company's assets, the investigation of the causes of the company's failure, and the conduct of its management.

22. Section 284 applies to a broad range of persons, including all of the persons listed in section 282(2) as well as: (a) "any other person who the applicant considers is capable of giving information concerning the company or a connected company"; or (b) "any other person

---

[6] *See id.* § 282(2)(a)-(d), (f).

who the applicant knows or suspects has in his or her possession or control any asset of the company or is indebted to the company."

23. Further, a Court ordered examination under section 284 "may require the person concerned to produce at the examination any books, records or other documents in his or her possession or control that relate to the company, or a connected company."[7]

24. True and correct copies of the above referenced sections of the BVI Insolvency Act are attached hereto as **Exhibit A**.

25. In addition to the Liquidators' general duties in the Act, additional duties stem from their fiduciary status and from their function to investigate the affairs of the Debtor, including its promotion, formation and conduct of its business in the past.

## Provisional Relief Requested

### I. The Liquidators Have Authority to Control the Assets of the Debtor.

26. Under BVI law, the Liquidators have the authority to control the assets of the Debtor. Indeed, the Liquidators are fiduciaries and officers of the BVI Court that are required under BVI law "to take possession of" and "protect" the assets of the company in liquidation, wherever they may be located, for the benefit of its creditors.[8]

27. Section 175(1) provides that with effect from the commencement of the liquidation of a company "the directors and other officers of the company remain in office, but cease to have any powers, functions or duties other than those required or permitted under this Part or authorized by the liquidator."

---

[7] *Id.* § 285(3)(c).

[8] *See id.* § 185(1)(a).

6

28. Section 186(1) vests the Liquidators with the "powers necessary to carry out the functions and duties of a liquidator," which includes the duty to take possession of, protect, and control of the Debtor's assets and to investigate the Debtor's assets.

29. BVI Courts appreciate that the Liquidators' primary duty is to collect the Debtor's assets to discharge its liabilities to the extent permitted by its assets, and the insolvency legislative regime assists liquidators with discharging this function. Section 186(1) may assist the Liquidators in obtaining necessary disclosures about the Debtor from banks and exchanges.

30. In addition, the Liquidators are further empowered, when necessary as it is here, to seek a court order directing any person with assets to which the Debtor is entitled to deliver, convey, surrender or transfer the assets to the Liquidators.[9]

31. Thus, the Liquidators have been granted court-authority to take custody and control of the Debtor's assets and if necessary, seek a court order directing the conveyance of the Debtor's assets to the Liquidators.[10] This authority includes the power to seek to freeze said assets as requested in the Motion.

II.   **The Liquidators Have the Authority to Conduct the Discovery Sought in connection with the Motion for Provisional Relief**

32. I have reviewed the two form subpoenas attached to the Motion that will be directed at the founders of the Debtor, Mr. Davies and Mr. Su and the second to certain banks or cryptocurrency exchanges associated with the Debtor. I also understand that the discovery the Liquidators seek to serve will be in form and substance substantially similar to the two form subpoenas. Each subpoena seeks information that the Liquidators have authority to seek under BVI law.

---

[9] *See* BVI Insolvency Act § 274A.
[10] *Id.*

33. First, the subpoenas request the production of documents and testimonial discovery from Mr. Davies and/or Mr. Su, the founders of the Debtor, related to the Debtor's assets, including the Debtor's books and records in their possession and documents sufficient to show the location and access terms, as applicable, of the Debtor's bank accounts, digital wallets, cryptocurrencies, non-fungible tokens, and other digital assets, and securities, among other assets. Multiple provisions in the BVI Insolvency Act grant the Liquidators the authority to seek such documents. BVI law authorizes the Liquidators, without court intervention, to require a person who is or has been in the two years prior to the appointment of the liquidator an officer of the Debtor or founder or member of the Debtor to provide them with any information concerning the Debtor.[11] As the founders and directors of the Debtor, the Liquidators have a reasonable belief that Mr. Davies and Mr. Su likely possess pertinent information about the Debtor's assets and affairs. Therefore, under section 282, the Liquidators have the authority to require Mr. Davies and Mr. Su, as founders of the Debtor, to provide the Liquidators with the information sought in the subpoenas. Moreover, the Liquidators could also seek a Court order requiring Mr. Davies or Mr. Su to deliver any documents in their control to which the company is entitled to, which includes the documents sought in the Motion. Finally, under section 284, the Liquidators could seek a court order in the BVI Court directing Mr. Davies or Mr. Su to produce any documents that relate to the Debtor.

34. Second, the proposed discovery on other persons or entities that the Liquidators reasonably determine may have information regarding the Debtor's assets or affairs, including affiliates, banking and trading counterparties of the Debtor, and other custodians of cryptocurrencies and other digital assets related to the Debtor. Under BVI law, upon the commencement of liquidation the Liquidators assumed control of the company and have

---

[11] *See id*. § 282.

authority to carry on the business of the company and act in the name and on behalf of the company.  Therefore, the Liquidators are entitled to request any information that Three Arrows Capital Ltd. would normally be entitled to.  Furthermore, the Liquidators have the power and authority to formally demand this information in the name of and on behalf of the Debtor, and upon application to the court, the Liquidators could obtain an order directing the affiliates, banking and trading counterparties of the Debtor, and other custodians of cryptocurrencies and other digital assets related to the Debtor to produce any assets or document to which the Debtor is entitled to.[12]  Thus, the Liquidators have clear authority under BVI law to seek the discovery sought here.

      IN WITNESS WHEREOF, I have executed this Declaration under penalty of perjury under the laws of the United States of America this 8th day of July, 2022.

Dated:  July 8, 2022
       Tortola, British Virgin Islands

                                       */s/Grant Carroll*
                                       Grant Carroll

---

[12] *See id.* § 274A(1).