# Exhibit A



**VIRGIN ISLANDS**

# INSOLVENCY ACT

**Revised Edition**
showing the law as at 1 January 2020

This is a revised edition of the law, prepared by the Law Revision Commissioner under the authority of the Law Revision Act 2014.

This edition contains a consolidation of the following laws—

|  |  | Page |
|---|---|---|
| **INSOLVENCY ACT** |  | 3 |
| Act 5 of 2003   ..   in force 16 August 2004 (S.I. 47/2004) |  |  |
| Amended by Acts:   11 of 2004   ..   Paragraphs 2*(a)*, 2*(b)* and 4 |  |  |
|  | – in force 8 December 2006 |  |
|  | Remainder - 1 January 2006 (S.I. 57/2004) |  |
| 16 of 2004   ..   in force 1 January 2005 |  |  |
| 19 of 2006   ..   in force 15 January 2007 |  |  |
| 1 of 2008   ..   in force 1 February 2010 (S.I. 63/2009) |  |  |
| 14 of 2019   ..   in force 24 December 2019 |  |  |

**SEE STATUTORY INSTRUMENTS BOOKLET**

## PART VI

## LIQUIDATION

### *Preliminary*

158.   Application of this Part to Official Receiver
159.   Appointment of liquidator
160.   Duration of liquidation
161.   Appointment of liquidator by members
162.   Appointment of liquidator by court
163.   Appointment of liquidator of a foreign company
164.   Withdrawal of application
165.   Advertisement of application
166.   Substitution of applicant
167.   Court's power on hearing of an application
168.   Period within which application shall be determined
169.   Expenses of an arrangement

### *Interim Relief*

170.   Appointment of provisional liquidator
171.   Rights and powers of provisional liquidator
172.   Remuneration of provisional liquidator
173.   Termination of appointment of provisional liquidator
174.   Power to stay or restrain proceedings etc.

### *Effect of Liquidation*

175.   Effect of liquidation
176.   Restriction on execution or attachment
177.   Duties of officer in execution of process

### *Notice of Appointment and First Meetings of Creditors*

178.   Notice of appointment of liquidator
179.   Liquidator to call first meeting of creditors
180.   Application to Court by members
181.   Application of sections 178 and 179
182.   Restrictions on powers of liquidator appointed by members
183.   Court appointed liquidator may dispense with creditors' meeting

### *Liquidators*

184.   Status of liquidator
185.   General duties of liquidator
186.   General powers of liquidator
187.   Removal of liquidator

188.    Resignation of liquidator
189.    Appointment of replacement liquidator
190.    Remuneration of liquidator
191.    Notification of liquidation
192.    Vesting of assets in liquidator

*Members*

193.    Settlement of list of members
194.    Rectification of register of members
195.    Liability of members limited
196.    Liability of past members
197.    Dividends payable to member
198.    Liability where limited company becomes unlimited company
199.    Liability where unlimited company becomes limited company
200.    Liability of personal representative
201.    Effect of member or past member becoming bankrupt
202.    Status of personal representative or trustee in bankruptcy
203.    Insurance and other contracts not affected
204.    Power of liquidator to enforce liability of member or past member
205.    Summary remedy against members and past members
206.    Order under section 205 to be conclusive evidence
207.    Distribution of assets of company

*Claims*

208.    Claims having priority over floating charges
209.    Claims by unsecured creditors
210.    Variation, withdrawal and expunging of claims
211.    Claims by secured creditors
212.    Redemption of security interest by liquidator
213.    Realisation of security interest by secured creditor
214.    Surrender for non-disclosure
215.    Interest after commencement of liquidation
216.    Power to exclude creditors not claiming in time

*Disclaimer*

217.    Liquidator may disclaim onerous property
218.    When disclaimer takes effect
219.    Notice to liquidator to elect whether to disclaim
220.    Effect of disclaimer
221.    Vesting orders and orders for delivery
222.    Vesting orders in respect of leases
223.    Land subject to rentcharge
224.    Disclaimer presumed valid

### *Investigation of Assets and Affairs of Company*

225.    Statement of affairs
226.    Preliminary report
227.    Duty of Official Receiver concerning report under section 226

### *Miscellaneous Provisions*

228.    Liquidator to call meetings of creditors
229.    Recession of contracts by the Court
230.    Inspection of books by creditors
231.    Enforcement of liquidator's duties

### *Termination of Liquidation*

232.    Termination of liquidation
233.    Order terminating liquidation
234.    Completion of liquidation
235.    Release of liquidator
236.    Dissolution

### PART VII

#### LIQUIDATION OF INSURANCE COMPANIES

237.    Interpretation for and scope of this Part
238.    Liquidation of insurance companies
239.    Appointment of  liquidator by members
240.    Application for appointment of liquidator by Court
241.    Reduction of contracts as alternative to winding up
242.    Continuation of long term business by liquidator appointed by Court
243.    Protection of segregated funds and assets

### PART VIII

#### VOIDABLE TRANSACTIONS

244.    Interpretation for this Part
245.    Unfair preferences
246.    Undervalue transactions
247.    Voidable floating charges
248.    Extortionate credit transactions
249.    Orders in respect of voidable transactions
250.    Limitations on orders under section 249
251.    Recoveries
252.    Remedies not exclusive

# PART IX

## MALPRACTICE

253.    Interpretation for this Part
254.    Summary remedy against delinquent officers and others
255.    Fraudulent trading
256.    Insolvent trading
257.    Recoveries under sections 255 and 256
258.    Ancillary orders

# PART X

## DISQUALIFICATION ORDERS AND UNDERTAKINGS

259.    Interpretation for this Part
260.    Disqualification orders and undertakings
261.    Application for disqualification order
262.    Hearing of application for disqualification order
263.    Matters for determining unfitness of directors
264.    Disqualification undertaking
265.    General provisions concerning disqualification orders and undertakings
266.    Variation of disqualification order or undertaking
267.    Offence provisions
268.    Liability for engaging in prohibited activity
269.    Official Receiver to appear on certain applications
270.    Register of disqualification orders
271.    Duties of office holders

# PART XI

## GENERAL PROVISIONS WITH REGARD TO COMPANIES THAT ARE INSOLVENT OR IN LIQUIDATION

### Division 1

#### *General*

272.    Interpretation
273.    Application to Court concerning office holder
274.    Company's books
274A.    Order to deliver assets and documents

### Division 2

#### *Statement of Affairs*

275.    Interpretation for this Division
276.    Notice to be given by office holder
277.    Statement of Affairs

278.    Affidavit of concurrence
279.    Release from duty to submit statement of affairs
280.    Application for order of limited disclosure


## Division 3

### *Investigation of Insolvent Company's Affairs*

#### *Office Holder's Powers*

281.    Interpretation for this Division
282.    Power to obtain information
283.    Examination by office holder


#### *Examination Before Court*

284.    Application for examination before Court
285.    Order for examination
286.    Conduct of examination
287.    Incriminating answers and admissibility of record
288.    Offence


## Division 4

### *Offence Provisions*

289.    Fraudulent conduct


PART XII

BANKRUPTCY

#### *Preliminary*

290.    Interpretation
291.    Application of this Part to Official Receiver


#### *Bankruptcy Order*

292.    Meaning and duration of bankruptcy order
293.    Conditions for making of bankruptcy order
294.    Persons who may apply for a bankruptcy order
295.    Application by debtor
296.    Creditor's application
297.    Substitution of applicant
298.    Application by secured creditor
299.    Secured creditor failing to disclose security interest
300.    Hearing of creditor's application

22-10920-mg    Doc 25-1    Filed 07/08/22    Entered 07/08/22 15:59:14    Exhibit A -
Insolvency Act    Pg 8 of 33

LAW OF
VIRGIN ISLANDS
Revision Date: 1 Jan 2020

*Insolvency Act*                                                    19

455.   Protection of creditors and other interested persons
456.   Actions to avoid acts detrimental to creditors
457.   Intervention by foreign representative in proceedings in the Virgin Islands

*Cooperation with Foreign Courts and*
*Foreign Representatives*

458.   Cooperation and direct communication between court of the Virgin Islands
       and foreign courts or foreign representatives
459.   Cooperation and direct communication between the insolvency
       administrator and foreign courts or foreign representatives
460.   Forms of cooperation

*Concurrent Proceedings*

461.   Commencement of a Virgin Islands insolvency proceeding after
       recognition of foreign main proceeding
462.   Coordination of a Virgin Islands insolvency proceeding and foreign
       proceeding
463.   Coordination of more than one foreign proceeding
464.   Presumption of insolvency based on recognition of foreign main
       proceeding
465.   Rule of payment in concurrent proceedings

## PART XIX

### ORDERS IN AID OF FOREIGN PROCEEDINGS

466.   Interpretation for this Part
467.   Order in aid of foreign proceeding
468.   Matters to be considered by Court in determining application under section
       467
469.   Limitation on effect of application under this Part
470.   Additional assistance
471.   Application under this Part
472.   Authorisation of insolvency officer to act in foreign country

## PART XX

### INSOLVENCY PRACTITIONERS

#### *Licensing*

473.   Interpretation for this Part
474.   Prohibition on acting as insolvency practitioner without a licence
475.   Application for licence
476.   Issue of licence

502.    Rules may provide for offences and penalties
503.    Provisions of other enactments not to apply
503A.   Disapplication and modification of the Financial Services Commission Act
504.    *(Omitted)*
505.    Act binding on Crown
        SCHEDULE 1:    Powers of Administration and Administrative Receiver
        SCHEDULE 2:    Powers of Liquidator
        SCHEDULE 3:    Liquidation of Foreign Company
        SCHEDULE 4:    Powers of Bankruptcy Trustee
        SCHEDULE 5:    Offences Under this Act
        SCHEDULE 6:    Disapplication and Modification of Financial Services
                       Commission Act

# INSOLVENCY ACT

## *(Acts 5 of 2003, 11 of 2004, 16 of 2004, 19 of 2006 and 1 of 2008)*

AN ACT TO REFORM THE LAW RELATING TO THE INSOLVENCY OF COMPANIES AND FOREIGN COMPANIES, LIMITED PARTNERSHIPS, PARTNERSHIPS AND INDIVIDUALS AND TO PROVIDE, IN PARTICULAR, FOR A MECHANISM FOR INSOLVENT PERSONS TO ENTER INTO ARRANGEMENTS WITH THEIR CREDITORS, AN ADMINISTRATION PROCEDURE FOR COMPANIES, THE RECEIVERSHIP OF COMPANIES AND FOREIGN COMPANIES, THE LIQUIDATION OF COMPANIES, FOREIGN COMPANIES, LIMITED PARTNERSHIPS AND PARTNERSHIPS, THE MAKING OF BANKRUPTCY ORDERS AGAINST INDIVIDUALS, THE LICENSING AND REGULATION OF INSOLVENCY PRACTITIONERS, THE PENALISATION AND REDRESS OF WRONGDOING ASSOCIATED WITH INSOLVENT PERSONS, THE DISQUALIFICATION OF DIRECTORS, THE AVOIDANCE OF CERTAIN TRANSACTIONS, CROSS BORDER INSOLVENCY ISSUES AND OTHER MATTERS CONNECTED THEREWITH.

## Commencement

*[16 August 2004]*

### PART I

### PRELIMINARY PROVISIONS

## Short title

**1.** This Act may be cited as the Insolvency Act.

## Interpretation

**2.** (1) In this Act, unless the context otherwise requires—

"administration order" has the meaning specified in section 76;

"administrative receiver" has the meaning specified in section 142;

"administrator", in relation to a company, means an administrator appointed under section 79;

"arrangement" means a company creditors' arrangement under Part II, Division 2 or an individual creditors' arrangement under Part II, Division 3, as the case may be;

"articles" means—

> *(a)* the articles of association of a company; or

> *(b)* where the context permits, in the case of a foreign company the articles of association, by-laws or such other document having the same effect by whatever name called;

"asset" includes money, goods, things in action, land and every description of property wherever situated and obligations and every description of

*Insolvency Act*                    **LAW OF
VIRGIN ISLANDS**

Revision Date: 1 Jan 2020

interest, whether present or future or vested or contingent, arising out of, or incidental to, property;

"bankrupt" means an individual against whom a bankruptcy order is made under Part XII;

"bankruptcy trustee" means the person appointed by the Court to be the trustee of the assets of a bankrupt;

"bankrupt's estate" has the meaning specified in section 313;

"board", in relation to a body corporate, means—

> *(a)* the board of directors, committee of management, council or other governing authority of the body corporate; or
>
> *(b)* if the body corporate has only one director, that director;

"business day" means any day other than a Saturday, Sunday or public holiday in the Virgin Islands;

"charge" includes a mortgage, a fixed charge and a floating charge, whether crystallised or not;

"chargee" means the holder of a charge and includes a person in whose favour a charge is to be given or executed under an agreement, whether on demand or otherwise;

"chattel leasing agreement" means an agreement for the bailment of goods which is capable of subsisting for more than 3 months;

"Civil Procedure Rules" means the Eastern Caribbean Supreme Court Civil Procedure Rules 2000;

"Commission" means the Financial Services Commission established under the Financial Services Commission Act; *(Amended by Act 12 of 2001)*

"Companies Act" means the Companies Act, 1885;

"company" has the meaning specified in section 3;

"connected person"—

> *(a)* in relation to a company or a foreign company has the meaning specified in section 5(1); and
>
> *(b)* in relation to an individual has the meaning specified in section 5(3);

"Court" means the High Court;

"court rate" means the rate of interest specified in section 7 of the Judgments Act;

"creditor" and "secured creditor" have the meanings specified in section 9;

"creditors' committee" means a committee appointed under section 421;

"director" has the meaning specified in section 6;

"disqualification order" has the meaning specified in section 260(1);

"disqualification undertaking" has the meaning specified in section 260(2);

"document" means a document in any form and includes—

*(a)* any writing or printing on any material;

*(b)* any record of information or data, however compiled, and whether stored in paper, electronic, magnetic or any non-paper based form and any storage medium or device, including discs and tapes;

*(c)* books and drawings; and

*(d)* a photograph, film, tape, negative, facsimile or other medium in which one or more visual images are embodied so as to be capable (with or without the aid of equipment) of being reproduced, and without limiting the generality of the foregoing, includes any court application, order and other legal process and any notice;

"dollar" or "$" means the lawful currency for the time being of the United States of America;

"eligible insolvency practitioner" means an insolvency practitioner who is eligible to act in relation to a company, foreign company or individual in accordance with section 482;

"floating charge" means a charge created by a company or a foreign company which is, or as created was, a floating charge;

"foreign company" means a body corporate that is incorporated, registered or formed outside the Virgin Islands but excludes a company within the meaning of section 3;

"insolvency practitioner" means a person acting in a capacity specified in section 474(1);

"insolvent"—

*(a)* in relation to a company or a foreign company, has the meaning specified in section 8(1); and

*(b)* in relation to an individual, has the meaning specified in section 8(2);

"Insurance Act" means the Insurance Act; *(Amended by Act 1 of 2008)*

"insurance company" means a company or a foreign company that holds, a licence under the Insurance Act or that at any time has held a licence under the repealed Insurance Act 1994; *(Amended by Acts 11 of 2004 and 1 of 2008)*

"interim supervisor" means the person appointed as the interim supervisor under a proposal for an arrangement;

"International Business Companies Act" means the International Business Companies Act, 1984;

"liability" has the meaning specified in section 10;

"licensed insolvency practitioner" means a person holding a licence to act as an insolvency practitioner issued under section 476;

"liquidator", in relation to a company or a foreign company, means a liquidator appointed under section 159;

"member", in relation to a company, includes—

    *(a)* a member of a company limited by guarantee; and

    *(b)* a person to whom shares in a company have been transferred or transmitted by law, even though that person is not a member of the company within the meaning of the Companies Act;

"memorandum" means—

    *(a)* the memorandum of association of a company; or

    *(b)* where the context permits, in the case of a foreign company its memorandum of association or other constituting document, by whatever name called;

"officer", in relation to a body corporate, includes a director and secretary of that body corporate but does not include an administrator, liquidator, receiver, supervisor or interim supervisor;

"Official Receiver" means the Official Receiver appointed by the Commission under section 488;

"preferential claim" means a claim of a type prescribed by the Rules as a preferential claim;

"preferential creditor" means a creditor having a preferential claim;

"prescribed" means prescribed by the Rules or the Regulations made under section 486 and "prescribed form" means a form specified in the Rules or those Regulations; *(Amended by Act 11 of 2004)*

"prescribed priority" means—

    *(a)* in a liquidation, the priority for the payment of the costs and expenses of a liquidation prescribed in the Rules; and

    *(b)* in a bankruptcy, the priority for the payment of the costs and expenses of a bankruptcy prescribed in the Rules;

"public document" has the meaning specified in section 13;

"receiver" means the receiver of the whole or any part of the assets of a company or a foreign company and includes—

    *(a)* a manager and a receiver and manager;

    *(b)* a receiver of income; and

    *(c)* an administrative receiver;

"receiver appointed out of court" means a receiver appointed in the exercise of a power conferred by a debenture or other instrument;

"Registrar" means the Registrar of Corporate Affairs appointed under section 229 of the BVI Business Companies Act; *(Substituted by Act 16 of 2004)*

"regulated person" means a person that holds a prescribed financial services licence;

"related company" means a company that is related to another company in accordance with section 5(2);

"remuneration" includes properly incurred expenses and disbursements;

"retention of title agreement" means any agreement for the sale of goods under
which the seller reserves title in the goods until payment, but excludes an
agreement that constitutes a charge on the goods;

"Rules" means the Insolvency Rules made under section 498 and, where
appropriate, the Rules made under sections 499 and 500; *(Amended by Act
11 of 2004)*

"security interest" includes a charge and a lien;

"statement of affairs" means a statement of the affairs of a company or a foreign
company complying with section 277 and "verified statement of affairs"
means a statement of affairs that has been verified by affidavit;

"statement of assets and liabilities" means a statement of the assets and liabilities
of an individual complying with section 366 and "verified statement of
assets and liabilities" means a statement of assets and liabilities that has
been verified by affidavit;

"statutory demand" means a demand made under section 155;

"subsidiary" and "holding company" have the meanings specified in section 4;

"supervisor" means the person appointed to act as the supervisor of an
arrangement under Part II;

"unlicensed financial services business" has the meaning specified in section 7;
and

"Virgin Islands court" means any court having jurisdiction in the Virgin Islands.

(2) References in this Act or in the Rules to the "venue" for any
proceeding, attendance before the Court or for a meeting are to the time, date and
place for the proceeding, attendance or meeting.

## Meaning of "company"

**3.** Unless this Act expressly provides otherwise, "company" means—

*(a)* a company incorporated under the Companies Act;

*(b)* an international business company incorporated or continued
under the International Business Companies Act; or *(Amended by
Act 16 of 2004)*

*(c)* a company within the meaning specified in section 3(1) of the
BVI Business Companies Act. *(Amended by Act 16 of 2004)*

## Meaning of "subsidiary" and "holding company"

**4.** (1) A company is a "subsidiary" of another company, its "holding
company", if that other company—

*(a)* holds a majority of the voting rights in it;

*(b)* is a member of it and has the right to appoint or remove a majority
of its board;

*(c)* is a member of it and controls alone, pursuant to an agreement
with other members, a majority of the voting rights in it, or if it is

PART VI

LIQUIDATION

*Preliminary*

### Application of this Part to Official Receiver

**158.** Where the Official Receiver is appointed as the liquidator or provisional liquidator of a company, the provisions of this Act that apply to a liquidator apply to the Official Receiver, as liquidator, unless otherwise provided.

### Appointment of liquidator

**159.** (1) The Court may appoint the Official Receiver or an eligible insolvency practitioner as liquidator—

> *(a)* of a company, on an application under section 162; or

> *(b)* of a foreign company, on an application under section 163.

(2) Subject to subsection (5) and section 161, the members of a company may, by a qualifying resolution, appoint an eligible insolvency practitioner as liquidator of the company. *(Amended by Act 11 of 2004)*

(3) For the purposes of subsection (2), a resolution is a "qualifying resolution" if it is passed at a properly constituted meeting of the company by a majority of 75%, or if a higher majority is required by the memorandum or articles, by that higher majority, of the votes of those members who are present at the meeting and entitled to vote on the resolution.

(4) The members of a foreign company may not appoint a liquidator under this Part and any resolution of the members of a foreign company that purports to appoint a liquidator under this Part is void and of no effect.

(5) The members of a company that is a regulated person may not appoint a liquidator under subsection (2) unless at least 5 business days written notice of the resolution, or such shorter period of notice as the Commission may agree to accept in writing, has been given to the Commission. *(Inserted by Act 11 of 2004)*

(6) A resolution passed in contravention of subsection (5) is void and of no effect. *(Inserted by Act 11 of 2004)*

### Duration of liquidation

**160.** The liquidation of a company commences at the time at which a liquidator is appointed as provided in section 159 and continues until it is terminated in accordance with section 232 and, throughout this period, the company is referred to in this Act as "in liquidation".

### Appointment of liquidator by members

**161.** (1) The members of a company may not appoint a liquidator of the company if—

> *(a)* an application to the Court to appoint a liquidator has been filed and served but not yet determined; *(Amended by Act 11 of 2004)*

> *(b)* a liquidator has been appointed by the Court; or

*Insolvency Act*

*(c)* the person to be appointed liquidator has not consented in writing to his or her appointment, and a resolution to appoint a liquidator in the circumstances referred to in paragraphs *(a)*, *(b)* or *(c)* is void and of no effect.

(2) Where the members resolve to appoint a liquidator under section 159(2), the company shall, as soon as practicable, give the liquidator notice of his or her appointment.

(3) The members of a company may not appoint the Official Receiver as liquidator of the company, and any resolution of the members that purports to do so is void and of no effect.

(3A) The acts of a liquidator appointed in breach of section 161(1)*(a)* carried out in good faith are valid provided that he or she is not aware of the breach. *(Inserted by Act 11 of 2004)*

(4) A company that contravenes subsection (2) commits an offence.

### Appointment of liquidator by Court

**162.** (1) The Court may, on application by a person specified in subsection (2), appoint a liquidator of a company under section 159(1) if—

*(a)* the company is insolvent;

*(b)* the Court is of the opinion that it is just and equitable that a liquidator should be appointed; or

*(c)* the Court is of the opinion that it is in the public interest for a liquidator to be appointed.

(2) Subject to subsections (3), (4) and (5), an application under subsection (1) may be made by one or more of the following—

*(a)* the company;

*(b)* a creditor;

*(c)* a member;

*(d)* the supervisor of a creditors' arrangement in respect of the company;

*(e)* the Commission;

*(ea)* the International Tax Authority; and *(Inserted by Act 14 of 2019)*

*(f)* the Attorney General.

(3) An application under subsection (1)*(a)* by a member may only be made with the leave of the Court, which shall not be granted unless the Court is satisfied that there is a *prima facie* case that the company is insolvent.

(4) An application to appoint a liquidator under subsection (1)*(c)* may only be made by the Commission, the International Tax Authority or the Attorney General. *(Amended by Act 14 of 2019)*

(5) The Commission may only make an application to appoint a liquidator under subsection (1)*(c)* if the company concerned is, or at any time has been, a regulated person or the company is carrying on, or at any time has carried on, unlicensed financial services business. *(Amended by Act 19 of 2006)*

(5a) The International Tax Authority shall only make an application to appoint a liquidator under subsection (1)*(c)* if the company has been the subject of a determination by the International Tax Authority pursuant to section 10 of the Economic Substance (Companies and Limited Partnerships) Act to the effect that it has been carrying on a relevant activity in breach of the economic substance requirements or has been found to be in breach of the Mutual Legal Assistance (Tax Matters) Act; *(Inserted by Act 14 of 2019)*

(6) Where a creditors arrangement has terminated, the person who, immediately before the termination of the arrangement, was the supervisor is treated as the supervisor for the purposes of this section. *(Amended by Act 11 of 2004)*

(7) An applicant may, in his or her application under this section, propose an eligible insolvency practitioner as liquidator of the company.

(8) Where an order is made under section 159(1) at a time when an arrangement is in force in respect of the company, the Court may appoint the supervisor of the arrangement as liquidator of the company.

### Appointment of liquidator of a foreign company

**163.** (1) The Court may, on application by a person specified in section 162(2), appoint a liquidator of a foreign company under section 159(1) if the Court is satisfied that the company has a connection with the Virgin Islands and—

*(a)* the company is insolvent;

*(b)* the Court is of the opinion that it is just and equitable that a liquidator should be appointed;

*(c)* the Court is of the opinion that it is in the public interest for a liquidator to be appointed;

*(d)* the company is dissolved or has otherwise ceased to exist under or by virtue of the laws of the country in which it was last registered;

*(e)* the company has ceased to carry on business; or

*(f)* the company is carrying on business only for the purpose of winding up its affairs.

(2) For the purposes of subsection (1), a foreign company has a connection with the Virgin Islands only if—

*(a)* it has or appears to have assets in the Virgin Islands;

*(b)* it is carrying on, or has carried on, business in the Virgin Islands; or

*(c)* there is a reasonable prospect that the appointment of a liquidator of the company under this Part will benefit the creditors of the company.

(3) An application for the appointment of a liquidator of a foreign company may be made—

*(a)* notwithstanding that the company has been dissolved or has otherwise ceased to exist under or by virtue of the laws of any other country; and

(3) On the termination of the appointment of a provisional liquidator, the Court may give such directions or make such order with respect to the accounts of his or her administration, or to any other matters, as it considers appropriate.

## Power to stay or restrain proceedings etc.

**174.** Where an application for the appointment of a liquidator of a company has been filed but not yet determined or withdrawn, a person specified in section 170(2) may—

    *(a)* where any action or proceeding is pending against the company in the Court, the Court of Appeal or the Privy Council, apply to the Court, the Court of Appeal or the Privy Council, as the case may be, for a stay of the action or proceeding; and

    *(b)* where any action or proceeding is pending against the company in any other Virgin Islands court or tribunal in the Virgin Islands, apply to the Court for a stay of the action or proceeding.

*Effect of Liquidation*

## Effect of liquidation

**175.** (1) Subject to subsection (2), with effect from the commencement of the liquidation of a company—

    *(a)* the liquidator has custody and control of the assets of the company;

    *(b)* the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted under this Part or authorised by the liquidator; *(Amended by Act 11 of 2004)*

    *(c)* unless the Court otherwise orders, no person may—

        (i) commence or proceed with any action or proceeding against the company or in relation to its assets; or

        (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against assets of the company;

    *(d)* unless the Court otherwise orders, no share in the company may be transferred;

    *(e)* no alteration may be made in the status of or to the rights or liabilities of a member, whether by an amendment of the memorandum or articles or otherwise;

    *(f)* no member may exercise any power under the memorandum or articles, or otherwise, except for the purposes of this Act; and

    *(g)* no amendment may be made to the memorandum or articles of the company.

(2) Subsection (1) does not affect the right of a secured creditor to take possession of and realise or otherwise deal with assets of the company over which that creditor has a security interest.

(3) Anything or matter done or purported to be done in contravention of subsection (1) is void and of no effect.

## Restriction on execution or attachment

**176.** (1) Subject to subsections (2) and (3), a creditor is not entitled to retain the benefit of any execution process, distress or attachment over or against the assets of a company in liquidation unless the execution, process or attachment is completed before the first occurring of the commencement of the liquidation and—

    *(a)* where the liquidator was appointed by the members under section 159(2), the date upon which the creditor had notice of the calling of the meeting at which the resolution was proposed; or

    *(b)* where the liquidator was appointed by Court, the date upon which the application to appoint the liquidator was filed.

(2) A person who, in good faith and for value, purchases assets of a company from an officer charged with an execution process acquires a good title as against the liquidator of the company.

(3) The Court may set aside the rights conferred on a liquidator under subsection (1) to the extent and subject to such terms as it considers fit.

(4) For the purposes of this section—

    *(a)* an execution or distraint against personal property is completed by seizure and sale;

    *(b)* an attachment of a debt is completed by the receipt of the debt; and

    *(c)* an execution against land is completed by sale, and in the case of an equitable interest, by the appointment of a receiver.

## Duties of officer in execution process

**177.** (1) Subject to subsection (6), where—

    *(a)* assets of a company are taken in an execution process; and

    *(b)* before completion of the execution process the officer charged with the execution process receives notice that a liquidator or a provisional liquidator of a company has been appointed, he or she, on being required by the liquidator or provisional liquidator to do so, deliver or transfer the assets and any money received in satisfaction or partial satisfaction of the execution or paid to avoid a sale of the assets, to the liquidator.

(2) The costs of the execution process are a first charge on any asset delivered or transferred to the liquidator under subsection (1) and the liquidator may sell all or some of the assets to satisfy that charge.

(3) Subject to subsections (4) and (6), if in an execution process in respect of a judgement for a sum exceeding $500, assets of a company are sold or money is paid to avoid a sale, the officer charged with the execution process shall retain the proceeds of sale or the money paid for a period of 14 days.

(4) If—

*Insolvency Act*

*(c)* doing all such things as may be necessary to protect the company's assets; and

*(d)* exercising such other of the powers conferred on a liquidator by section 186 as the Court may, on his or her application, sanction.

## Court appointed liquidator may dispense with creditors' meeting

**183.** A liquidator appointed by the Court is not required to call a meeting of creditors under section 179 if—

*(a)* he or she considers that, having regard to the assets and liabilities of the company, the likely result of the liquidation of the company and any other relevant matters that it is not necessary for a meeting to be held;

*(b)* he or she gives notice to the creditors stating—

(i) that he or she does not consider it necessary for a meeting to be held;

(ii) the reasons for his or her view; and

(iii) that a meeting will not be called unless 10% in value of the creditors give written notice to the liquidator within 10 days of receiving the notice, that they require a meeting to be called; and

*(c)* no notice requiring a meeting to be held is received by him or her.

*Liquidators*

## Status of liquidator

**184.** (1) In performing his or her functions and undertaking his or her duties under this Act, a liquidator, whether appointed by resolution of the members or by the Court, acts as an officer of the Court.

(2) A liquidator is the agent of the company in liquidation.

## General duties of liquidator

**185.** (1) The principal duties of a liquidator of a company are—

*(a)* to take possession of, protect and realise the assets of the company;

*(b)* to distribute the assets or the proceeds of realisation of the assets in accordance with this Act; and

*(c)* if there are surplus assets remaining, to distribute them, or the proceeds of realisation of the surplus assets, in accordance with this Act.

(2) The liquidator shall, subject to this Act and the Rules, use his or her own discretion in undertaking his or her duties.

(2A) If it appears to the liquidator that the company has carried on unlicensed financial services business, he or she shall as soon as reasonably practicable report the matter to the Commission. *(Inserted by Act 11 of 2004)*

(2B) Where the liquidator makes a report to the Commission under subsection (2A) he or she shall—

(a) send to the Commission a copy of every notice or other document that he or she is required under this Part to send to a creditor or the Court; and

(b) notify the Commission of any application made to the Court in or in connection with the liquidation.
*(Inserted by Act 11 of 2004)*

(3) A liquidator also has the other duties imposed by this Act and the Rules and such duties as may be imposed by the Court.

## General powers of liquidator

**186.** (1) A liquidator of a company has the powers necessary to carry out the functions and duties of a liquidator under this Act and the powers conferred on him or her by this Act.

(2) Without limiting subsection (1), a liquidator has the powers specified in Schedule 2.

(3) The Court may provide that certain powers may only be exercised with the sanction of the Court—

(a) where the liquidator is appointed by the Court, on his or her appointment or subsequently; or

(b) where the liquidator is appointed by the members, at any time.

(4) Where a liquidator disposes of any assets of the company to a person connected with the company, he or she shall notify the creditors' committee, if any, of such disposition.

(5) The liquidator of a company, whether or not appointed by the Court, may at any time apply to the Court for directions in relation to a particular matter arising in the liquidation.

(6) The acts of a liquidator of a company are valid notwithstanding any defect in his or her nomination, appointment or qualifications. *(Inserted by Act 11 of 2004)*

## Removal of liquidator

**187.** (1) The Court may, on application by a person specified in subsection (2) or on its own motion, remove the liquidator of a company from office if—

(a) the liquidator—

(i) is not eligible to act as an insolvency practitioner in relation to the company;

(ii) breaches any duty or obligation imposed on him or her by or owed by him or her under this Act, the Rules or the Regulations made under section 486 or, in his or her capacity

   *(a)* a member of a company fails to comply with a call made under section 204(1)*(a)*; or

   *(b)* a member or past member fails to satisfy a liability when required to do so under 204(1)*(b)*.

(2) On an application under subsection (1), the Court may order a member or past member to pay to the company any money due from him or her, or due from the estate of the person who he or she represents in accordance with section 204(1).

(3) In the case of any company, whether limited or unlimited, when all the creditors are paid in full, together with interest at the official rate, any money due on any account whatever to a member from the company may be allowed to him or her by way of set-off against any subsequent call.

### Order under section 205 to be conclusive evidence

**206.** An order made against a member under section 205 is, subject to any right of appeal, conclusive evidence that the money, if any, ordered to be paid is due.

### Distribution of assets of company

**207.** (1) Unless and to the extent that this Act or any other enactment provides otherwise, the assets of a company in liquidation shall be applied—

   *(a)* in paying, in priority to all other claims, the costs and expenses properly incurred in the liquidation in accordance with the prescribed priority;

   *(b)* after payment of the costs and expenses of the liquidation, in paying the preferential claims admitted by the liquidator in accordance with the provisions for the payment of preferential claims prescribed;

   *(c)* after payment of the preferential claims, in paying all other claims admitted by the liquidator; and

   *(d)* after paying all admitted claims, in paying any interest payable under section 215.

(2) Subject to section 151, the claims referred to in subsection (1)*(c)* rank equally between themselves if the assets of the company are insufficient to meet the claims in full, they shall be paid rateably.

(3) Any surplus assets remaining after payment of the costs, expenses and claims referred to in subsection (1) shall be distributed to the members in accordance with their rights and interests in the company.

(4) For the purposes of this Act, assets held by a company in liquidation on trust for another person are not assets of the company.

*Claims*

### Claims having priority over floating charges

**208.** So far as the assets of a company in liquidation available for payment of the claims of unsecured creditors are insufficient to pay—

*Insolvency Act*         LAW OF
VIRGIN ISLANDS

appointment of the administrator or, if the company is in liquidation, the liquidator; and

(ii) in the case of a transaction entered into with, or a preference given to, any other person, the period commencing six months prior to the onset of insolvency and ending on the appointment of the administrator or, if the company is in liquidation, the liquidator; and

*(b)* for the purposes of section 248, the period commencing 5 years prior to the onset of insolvency and ending on the appointment of the administrator or, if the company is in liquidation, the liquidator;

(2) A transaction is an insolvency transaction if—

*(a)* it is entered into at a time when the company is insolvent; or

*(b)* it causes the company to become insolvent.

(3) For the purposes of subsection (2), "insolvent" has the meaning specified in section 8(1) with the deletion of paragraph *(c)*(i).

(4) This Part applies in respect of—

*(a)* a company that is in administration; and

*(b)* a company and a foreign company that is in liquidation and, where appropriate, "company" includes a foreign company.

## Unfair preferences

**245.** (1) Subject to subsection (2), a transaction entered into by a company is an unfair preference given by the company to a creditor if the transaction—

*(a)* is an insolvency transaction;

*(b)* is entered into within the vulnerability period; and

*(c)* has the effect of putting the creditor into a position which, in the event of the company going into insolvent liquidation, will be better than the position he or she would have been in if the transaction had not been entered into.

(2) A transaction is not an unfair preference if the transaction took place in the ordinary course of business.

(3) A transaction may be an unfair preference notwithstanding that it is entered into pursuant to the order of a court or tribunal in or outside the Virgin Islands.

(4) Where a transaction entered into by a company within the vulnerability period has the effect specified in subsection (1)*(c)* in respect of a creditor who is a connected person, unless the contrary is proved, it is presumed that the transaction was an insolvency transaction and that it did not take place in the ordinary course of business.

## Undervalue transactions

**246.** (1) Subject to subsection (2), a company enters into an undervalue transaction with a person if—

*(a)* the company makes a gift to that person or otherwise enters into a transaction with that person on terms that provide for the company to receive no consideration; or

*(b)* the company enters into a transaction with that person for a consideration the value of which, in money or money's worth, is significantly less than  the value, in money or money's worth, of the consideration provided by the company; and

*(c)* in either case, the transaction concerned—

(i)  is an insolvency transaction; and

(ii)  is entered into within the vulnerability period.

(2) A company does not enter into an undervalue transaction with a person if—

*(a)* the company enters into the transaction in good faith and for the purposes of its business; and

*(b)* at the time when it enters into the transaction, there were reasonable grounds for believing that the transaction would benefit the company.

(3) A transaction may be an undervalue transaction notwithstanding that it is entered into pursuant to the order of a court or tribunal in or outside the Virgin Islands.

(4) Where a company enters into a transaction with a connected person within the vulnerability period and the transaction falls within subsection (1)*(a)* or subsection (1)*(b)*, unless the contrary is proved, it is presumed that—

*(a)* the transaction was an insolvency transaction; and

*(b)* subsection (2) did not apply to the transaction.

### Voidable floating charges

**247.** (1) Subject to subsection (2), a floating charge created by a company is voidable if—

*(a)* it is created within the vulnerability period; and

*(b)* it is an insolvency transaction.

(2) A floating charge is not voidable to the extent that it secures—

*(a)* money advanced or paid to the company, or at its direction, at the same time as, or after, the creation of the charge;

*(b)* the amount of any liability of the company discharged or reduced at the same time as, or after, the creation of the charge;

*(c)* the value of assets sold or supplied, or services supplied, to the company at the same time as, or after, the creation of the charge; and

*(d)* the interest, if any, payable on the amount referred to in paragraphs *(a)* to *(c)* pursuant to any agreement under which the money was advanced or paid, the liability was discharged or

*Insolvency Act*    LAW OF
VIRGIN ISLANDS

Revision Date: 1 Jan 2020

(4D) Subsection (4C) shall not apply to the extent that the liquidator, administrator or administrative receiver, or a person to whom the report is disclosed under subsection (4B), discloses the report to another person in breach of subsection (4A). *(Inserted by Act 11 of 2004)*

(5) A person who fails to comply with an order made under subsection (3) commits an offence.

PART XI

GENERAL PROVISIONS WITH REGARD TO COMPANIES
THAT ARE INSOLVENT OR IN LIQUIDATION

### Division 1

### *General*

## Interpretation

**272.** (1) Subject to subsection (2), in this Part "office holder", in respect of a company, means its administrator, its liquidator, its provisional liquidator or its administrative receiver.

(2) In Division 3, "office holder" has the meaning specified in section 281. *(Amended by Act 11 of 2004)*

## Application to Court concerning office holder

**273.** A person aggrieved by an act, omission or decision of an office holder may apply to the Court and the Court may confirm, reverse or modify the act, omission or decision of the office holder.

## Company's books

**274.** Where a company is in administration or liquidation, all documents of the company and of the administrator or liquidator are, as between the members of the company, *prima facie* evidence of the truth of all matters purporting to be recorded in them.

## Order to deliver assets and documents

**274A.** (1) Where any person has in his or her possession or control any assets or documents to which the company appears to be entitled, the Court may, on the application of the office holder, require that person forthwith, or within such period as the Court may direct, to pay, deliver, convey, surrender or transfer the assets or documents to the office holder.

(2) Subsection (3) has effect where the office holder—

  *(a)* seizes or disposes of any asset which is not an asset of the company; and

  *(b)* at the time of seizure or disposal believes, and has reasonable grounds for believing, that he or she is entitled, whether in

pursuance of an order of the Court or otherwise, to seize or dispose of that asset.

(3) In the circumstances specified in subsection (2), the office holder—

*(a)* is not liable to any person in respect of any loss or damage resulting from the seizure or disposal except in so far as that loss or damage is caused by the office holder's own negligence; and

*(b)* has a lien on the asset, or the proceeds of its sale, for such expenses as were incurred in connection with the seizure or disposal.

*(Inserted by Act 11 of 2004)*

## Division 2

### *Statement of Affairs*

## Interpretation for this Division

**275.** (1) In this Division—

"office holder" *(Repealed by Act 11 of 2004)*

"relevant period" means the period of 2 years prior to—

*(a)* in the case of a company in administration, the date of the administration order;

*(b)* in the case of a company in liquidation, the date of the appointment of the liquidator;

*(c)* where a provisional liquidator has been appointed, the date of his or her appointment; and

*(d)* where an administrative receiver has been appointed, the date of his or her appointment;

"relevant person" means—

*(a)* a person who is or who, within the relevant period, has been an officer of the company;

*(b)* a person who is or who, within the relevant period, has been in the employment of the company and who, in the office holder's opinion is capable of providing the information required;

*(c)* a person who is or who, within the relevant period, has been an officer of or in the employment of a company which is an officer of the company; or

*(d)* a person who, within the relevant period, has promoted the formation of the company.

(2) For the purposes of the definition of "relevant person", "employment" includes employment under a contract for services.

## Application for order of limited disclosure

**280.** (1) Where an office holder considers that it would prejudice the conduct of the insolvency proceeding for the whole or part of a statement of affairs submitted to him or her to be disclosed, he or she may apply to the Court for an order of limited disclosure in respect of the statement of affairs, or any specified part of it.

(2) The Court may, on an application under subsection (1), order that the statement of affairs or, as the case may be, the specified part of it—

> *(a)* in the case of an administrative receivership, is not to be open to inspection otherwise than with leave of the Court; or

> *(b)* in any other case, is not filed in Court, or that it is filed separately and that it is not to be open to inspection otherwise than with leave of the Court.

(3) An order of the Court under subsection (2) may include directions as to the delivery of documents to the Registrar and the disclosure of relevant information to other persons.

## Division 3

### *Investigation of Insolvent Company's Affairs*

#### *Office Holder's Powers*

## Interpretation for this Division

**281.**   In this Division—

"relevant period" has the meaning specified in section 275;

"office holder", in respect of a company, means its administrator, its liquidator or its provisional liquidator and, in respect of a company in administration or liquidation or in respect of which a provisional liquidator has been appointed, includes the Official Receiver; *(Amended by Act 11 of 2004)*

## Power to obtain information

**282.** (1) An office holder may, by notice in writing, require a person specified in subsection (2)—

> *(a)* to provide him or her with such information concerning the company, including the promotion, formation, business, dealings, accounts, assets, liabilities or affairs as he or she reasonably requires;

> *(b)* to attend on him or her at such reasonable time and at such place as may be specified in the notice; or

> *(c)* to be examined on oath or affirmation by him or her, or by his or her legal practitioner, on any matter referred to in paragraph *(a)*.
> *(Amended by Act 11 of 2004)*

(2) A notice under subsection (1) may be sent to—

> *(a)* an officer or former officer of the company;

*(b)* a member or former member of the company;

*(c)* a person who was involved in the promotion or formation of the company;

*(d)* a person who is, or within the relevant period has been, employed by the company, including a person employed under a contract for services;

*(e)* a person who is, or at any time has been, a receiver, accountant or auditor of the company;

*(f)* a person who is or who, at any time has been, an officer of or in the employment of a company which is an officer of the company; or

*(g)* if the office holder is the Official Receiver or a liquidator or provisional liquidator to any person who has acted as administrator, liquidator or provisional liquidator of the company. *(Amended by Act 11 of 2004)*

(3) A person who receives a notice under subsection (1) and who, without reasonable excuse, fails to comply with the notice, commits an offence.

## Examination by office holder

**283.** (1) This section applies to the examination of a person under section 282(1)*(c)* by an office holder.

(2) The office holder, or the legal practitioner conducting the examination on his or her behalf, may administer an oath to, or take the affirmation of, a person to be examined.

(3) A person required to be examined is entitled to be represented by a legal practitioner.

(4) The office holder shall ensure that the examination is recorded in writing or by means of a tape recorder or other similar device.

*Examination Before Court*

## Application for examination before Court

**284.** (1) Where a company is in liquidation, an application may be made to the Court, *ex parte*, by the liquidator or by the Official Receiver, for an order that a person specified in subsection (2) appear before the Court for examination concerning the company, or a connected company, including the promotion, formation, business, dealings, accounts, assets, liabilities or affairs of the company or connected company.

(2) An application under subsection (1) may be made in respect of—

*(a)* a person specified in section 282(2); or

*(b)* any other person who the applicant considers is capable of giving information concerning the company or a connected company; or *(Amended by Act 11 of 2004)*

*(c)* any other person who the applicant knows or suspects has in his or her possession or control any asset of the company or is indebted to the company. *(Inserted by Act 11 of 2004)*

(3) An application under subsection (1) shall state whether the applicant seeks a public or a private examination.

## Order for examination

**285.** (1) In this section, "examinee" means the person to be examined before the Court.

(2) On hearing an application made under subsection 284, the Court may order the examinee to appear before the Court to be examined.

(3) An order under subsection (1)—

*(a)* shall direct the examinee to appear before the Court to be examined at a venue specified in the order;

*(b)* shall state whether the examination is to be a public or a private examination;

*(c)* may require the person concerned to produce at the examination any books, records or other documents in his or her possession or control that relate to the company, or a connected company, including the promotion, formation, business, dealings, accounts, assets, liabilities or affairs of the company or connected company;

*(d)* may provide for an alternative method of service of the order on the examinee;

*(e)* shall state the action that may be taken against a person if he or she does not appear before the Court as required by the order; and

*(f)* where the examination is to be a public examination, may require the examination to be advertised, specifying the method of such advertisement.

(4) Where the Court makes an order under subsection (2), the applicant shall, forthwith serve a sealed copy of the order on the examinee and, where the liquidator is not the Official Receiver

*(a)* if the applicant is the liquidator of the company, send a sealed copy of the order to the Official Receiver; or *(Amended by Act 11 of 2004)*

*(b)* if the applicant is the Official Receiver, send a sealed copy of the order to the liquidator of the company. *(Amended by Act 11 of 2004)*

(5) Where an order under subsection (2) is for the public examination of an examinee, the applicant shall give not less than 14 days notice of the examination to each creditor and member of the company.

(6) The Court may as part of an order made under this section, or at any subsequent time, make one or more of the following directions—

*(a)* a direction specifying the matters upon which the examinee may be examined; and

*(b)* a direction specifying the procedures to be followed at the examination.

## Conduct of examination

**286.** (1) This section applies to an examination held pursuant to an order made under section 285.

(2) An examinee shall be examined on oath and he or she shall answer such questions as the Court may put, or allow to be put to him or her.

(3) Subject to subsection (2), an examination is conducted by the applicant, or by his or her legal practitioner, and the person examined is entitled to be represented by a legal practitioner who may put such questions to the examinee as the Court may allow for the purpose of explaining or qualifying answers given by him or her.

(4) The examinee may also be examined—

*(a)* if the applicant is the Official Receiver, by the liquidator; or

*(b)* if the applicant is the liquidator of the company, by the Official Receiver.

(5) At a public examination questions may, with the leave of the Court, be put to the examinee by any creditor or member of the company present at the examination or by the legal practitioner representing such creditor or member.

(6) An examination shall be recorded in writing and the examinee shall sign the record.

(7) Subject to section 287, the written record of an examination is admissible in evidence in any proceedings under this Act other than proceedings for a disqualification order under Part X. *(Amended by Act 11 of 2004)*

## Incriminating answers and admissibility of record

**287.** (1) An examinee is not excused from answering a question put to him or her by an office holder under section 282 or at an examination held pursuant to an order made under section 285 on the ground that the answer may incriminate him or her or tend to incriminate him or her.

(2) The record of an examination held under section 282 or pursuant to an order made under section 285 is not admissible as evidence in any criminal proceedings against the examinee except where he or she is charged with the offence of perjury.

## Offence

**288.** (1) A person who, without reasonable excuse, fails to attend an examination ordered to be held under section 285, commits an offence.

(2) Where a person without reasonable excuse fails at any time to attend an examination ordered to be held under section 285, or there are reasonable grounds for believing that a person has absconded, or is about to abscond, with a view to avoiding or delaying his or her examination, the Court may cause a warrant to be issued to a police officer or a prescribed officer of the Court—

*(a)* for the arrest of that person; and

### Additional assistance

**470.** Subject to section 443, nothing in this Part limits the power of the Court or an insolvency officer to provide additional assistance to a foreign representative where permitted under any other Part of this Act or under any other enactment or rule of law of the Virgin Islands.

### Application under this Part

**471.** An application by a foreign representative under this Part shall be made to the Court in accordance with the Rules.

### Authorisation of insolvency officer to act in foreign country

**472.** The Court may, on the application of an insolvency officer, authorise him or her to act in a foreign country on behalf of a Virgin Islands insolvency proceeding as permitted by the applicable foreign law.

PART XX

INSOLVENCY PRACTITIONERS

*Licensing*

### Interpretation for this Part

**473.** In this Part—

"Code of Practice" means the Code of Practice that the Commission is empowered to issue under section 487(1);

"Commission" means the Financial Services Commission established under the Financial Services Commission Act;

"licence" means a licence to act as an insolvency practitioner granted under section 476;

"licensee" means a licensed insolvency practitioner;

"overseas insolvency practitioner" means an individual resident outside the Virgin Islands appointed to act as an insolvency practitioner under section 483; and

"Regulations" means the Insolvency Practitioners Regulations made under section 486.

### Prohibition on acting as insolvency practitioner without a licence

**474.** (1) For the purposes of this Act, a person acts as an insolvency practitioner by acting as—

    *(a)* the administrator or administrative receiver of a company;

    *(b)* the liquidator or provisional liquidator of a company or a foreign company;

16.  Power to make any arrangement or compromise on behalf of the company.

17.  Power to call up any uncalled capital of the company.

18.  Power to rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any person indebted to the company and to receive dividends, and to accede to trust deeds for the creditors of any such person.

19.  Power to make or defend an application for the winding up of the company.

20.  Power to amend the Memorandum of Association and to change the situation of the company's registered office. *(Amended by Act 11 of 2004)*

21.  Power to do all things incidental to the exercise of the foregoing powers.

———————

# SCHEDULE 2

*(Section 186)*

## POWERS OF LIQUIDATOR

1.  Power to pay any class of creditors in full.

2.  Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.

3.  Power to compromise, on such terms as may be agreed—

   *(a)*  calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

   *(b)*  questions in any way relating to or affecting the assets or the liquidation of the company, and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

4.  Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company.

5.  Power to carry on the business of the company so far as may be necessary for its beneficial liquidation.

6.  Power to sell or otherwise dispose of property of the company.

7.  Power to do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other document.

8.  Power to use the company's seal.

9.  Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his or her estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

10.  Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

11. Power to borrow money, whether on the security of the assets of the company or otherwise.

12. Power to take out in his or her official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his or her estate, that cannot conveniently be done in the name of the company. For the purpose of enabling the liquidator to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself or herself.

13. Power to call meetings of creditors or members for—

 (a) the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

 (b) the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or

 (c) such other purpose connected with the liquidation as the liquidator considers fit.

14. Power to appoint a solicitor, accountant or other professionally qualified person to assist him or her in the performance of his or her duties.

15. Power to appoint an agent to do any business that the liquidator is unable to do himself or herself, or which can be more conveniently done by an agent.

——————

# SCHEDULE 3

## *(Section 163)*

### LIQUIDATION OF FOREIGN COMPANY

1. Part VI applies to the liquidation of a foreign company with the modifications and exclusions specified in this Schedule.

2. A foreign company is deemed to be insolvent if, in addition to the circumstances specified in section 8(1), it fails to comply with the requirements of a notice issued in accordance with paragraph 4.

3. Where a person has instituted an action or other proceeding against any member of a foreign company for any debt or demand due, or claimed to be due, from the company or from him or her in his or her character as member, that person may issue a notice to the company in accordance with paragraph 4.

4. A notice under this Schedule shall—

 (a) be in writing and shall specify the action or proceeding that has been instituted;

 (b) be signed by the person who instituted the action or proceeding or by a person authorised to issue the notice on his or her behalf;

 (c) require the company to pay, secure or compound for the debt or demand, or to procure the action or proceeding to be stayed or to indemnify the defendant to his or her reasonable satisfaction against the action or proceeding, and against all costs, damages and expenses to be incurred by him or her because of it;