Adam J. Goldberg
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse
Brian S. Rosen (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
         brett.neve@lw.com
         nacif.taousse@lw.com
         brian.rosen@lw.com

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   daniel.schecter@lw.com
          nima.mohebbi@lw.com
          caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**MOTION FOR AUTHORIZATION TO**
**FILE UNREDACTED CERTIFICATES OF SERVICE UNDER SEAL**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

*In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "Motion").

## RELIEF REQUESTED

1.By this Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "Local Bankruptcy Rules"), the Foreign Representatives request (i) authority to file the Certificates of Service (as defined below) publicly with a redacted version of the Service Lists (as defined below) while filing them under seal with an unredacted version of the Service Lists and (ii) related relief. The Foreign Representatives propose to provide unredacted copies of the Certificates of Service to (A) this Court and (B) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on a strictly confidential basis. A proposed form of order granting the relief requested herein is attached hereto as Exhibit A (the "Proposed Order").

## JURISDICTION AND VENUE

2.The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing Order of Reference M-431*, dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The statutory bases for relief are sections 105(a) and 107(b) of the Bankruptcy Code and Local Bankruptcy Rules 9013-1(a) and 9018-1.

**BACKGROUND**

3.     The Foreign Representatives commenced this Chapter 15 case (the "Chapter 15 Case") on July 1, 2022, by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding Main Proceeding and Related Relief* [Docket No. 2] (together, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and related relief.

4.     The facts related to this matter are set forth in detail in the Verified Petition, the *Declaration of Russell Crumpler in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 3] (the "Crumpler Declaration"), and the *Declaration of Grant Carroll in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 4] (the "Carroll Declaration").

**THE CERTIFICATES OF SERVICE AND SERVICE LISTS**

5.     As required pursuant to Local Rule 9078-1, the Debtor will be filing proof of service for (i) the Petition, the Verified Petition, the Crumpler Declaration, the Carroll Declaration, the *Motion for Entry of an Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Related Relief and Specifying Form and Manner of Service of Notice* [Docket No. 5], and the *Motion for Authorization to File Unredacted Petition Under Seal* [Docket No. 6], which were served on July 6, 2022; (ii) the *Order Scheduling Hearing on Chapter 15 Petition and Related Relief and Specifying Form and Manner of Service of Notice* [Docket No. 18], which was served on July 7, 2022; and (iii) the *Emergency Motion for Provisional Relief* [Docket No. 22], the *Declaration of Russell Crumpler in Support of Emergency Motion for Provisional Relief* [Docket No. 23], the *Declaration of Christopher Farmer in Support of Emergency Motion for Provisional* [Docket No. 24], the *Declaration of Grant Carroll in Support of Emergency Motion for Provisional Relief* [Docket No. 25], and the *Order Granting Request for Emergency Hearing*

3

[Docket No. 26], which were served on July 8, 2022 (together with any supplemental or further certificates of service to be filed in connection with the documents set forth in this Paragraph 5, the "Certificates of Service").  Attached to each of the Certificates of Service are exhibits that indicate (i) each party upon which the relevant documents have been served, including all known creditors of the Debtor, and (ii) the manner in which service was made (the "Service Lists").

6. Given the current volatility in the cryptocurrency markets and the widely publicized nature of the Debtor's financial distress, the identity of the parties with exposure to the Debtor, including certain of the known creditors disclosed on the Service Lists, is commercially sensitive information that may, if disclosed, result in further disruption in the cryptocurrency markets, to the detriment of the Debtor, its creditors, and other market participants.

## BASIS FOR RELIEF

7. The Bankruptcy Code provides strong support for sealing the Service Lists. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Foreign Representatives to file the Service Lists under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade

4

secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See id*. at 27 (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application.").

10. The United States Court of Appeals for the Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

11. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used

5

for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The Foreign Representatives submit that the Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

13. Here, the Service Lists contain the identity of certain creditors—parties with exposure to the Debtor (and by extension, its potential for losses related to that exposure). If disclosed, such information is likely to negatively impact these creditors and other parties with credit exposure to the Debtor and/or these creditors, with potential ripple effects across the broader cryptocurrency markets. This is so particularly in light of the volatility that characterizes such markets and the widely publicized nature of the Debtor's financial issues. Such commercially sensitive information is precisely the kind "commercial information" sought to be protected pursuant to 107(b)(1) of the Bankruptcy Code. Notably, the Debtor would not be required to disclose the identities of creditors publicly in connection with the BVI Proceeding, and would typically only disclose the identities of creditors to other creditors in the BVI Proceeding.

6

14. Accordingly, the Foreign Representatives respectfully submit that cause exists to allow them to redact the Service Lists for public filing so as to exclude the identity of certain parties listed therein.[2] However, to maximize transparency, the Foreign Representatives propose to file a copy of the Certificates of Service with unredacted Service Lists with the Court under seal and to share copies thereof with the U.S. Trustee on a strictly confidential basis.

## NOTICE

15. Notice of this Motion will be provided to the United States Trustee for the Southern District of New York. The Foreign Representatives submit that no other or further notice of this Petition is necessary or required.

## PRIOR REQUEST

16. The Debtor has made a prior request for relief similar to that being sought in this Motion, in its *Motion for Authorization to File Unredacted Petition Under Seal* [Docket No. 6], filed July 1, 2022.

[*Remainder of Page Intentionally Left Blank*]

---

[2] To the extent that any party has identified itself as a party with exposure to the Debtor, in the chapter 15 case, the BVI Proceeding, or otherwise, the Debtor does not propose to redact that party on the Service Lists.

**WHEREFORE**, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 11, 2022
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve (admitted *pro hac vice*)
Nacif Taousse
Brian S. Rosen (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: adam.goldberg@lw.com
      brett.neve@lw.com
      nacif.taousse@lw.com
      brian.rosen@lw.com

– and –

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: daniel.schecter@lw.com
      nima.mohebbi@lw.com
      caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*