# EXHIBIT A

# Revised Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital LTD,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**ORDER GRANTING PROVISIONAL RELIEF**

Upon the *Emergency Motion for Provisional Relief* (the "**Motion**"),[2] filed on July 8, 2022, by the duly authorized Foreign Representatives of the Debtor, seeking, on an emergency basis, entry of an order (this "**Order**") granting provisional relief (a) entrusting the administration and realization of the Debtor's assets located in the United States to the Foreign Representatives; (b) suspending the right to transfer, encumber or otherwise dispose of any assets of the Debtor subject to further order of this Court; (c) authorizing the issuance of, and directing compliance with, subpoenas on (i) the Founders for the production of documents and depositions substantially in the form attached to the Motion as Exhibit C, and (ii) any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets, in form and substance substantially similar to the form attached to the Motion as Exhibit C or Exhibit D, as applicable; (d) waiving the 14-day stay of effectiveness of this Order; and (e) granting related relief; and this Court having considered (a) the Motion, (b) the Petition, (c) the Declarations, and (d) the evidence presented at

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the hearing before this Court on July 12, 2022 (the "**Hearing**"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given to the Office of the United States Trustee, the Securities and Exchange Commission, the Founders, all known creditors of the Debtor, and all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representatives are aware, and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follow:[3]

    (a)      The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

    (b)      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    (c)      Venue is proper in this district pursuant to 28 U.S.C. § 1410.

    (d)      This Court may enter a final order consistent with Article III of the United States Constitution.

    (e)      The BVI Proceeding is pending in the BVI, and the Foreign Representatives have been authorized to act as foreign representatives of the Debtor.

    (f)      Based on the pleadings filed to date, the Court concludes that the Foreign Representatives have demonstrated a likelihood of success on the merits of the Petition.

    (g)      The relief sought by the Foreign Representatives in the Motion is authorized under section 1519 of the Bankruptcy Code, and the Foreign Representatives have demonstrated that

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

US-DOCS\133312743.1

irreparable harm to the Debtors may occur in the absence of the relief sought in the Motion.

(h)   The relief sought by the Motion will not cause undue hardship to any party in interest and, to the extent that any hardship may result to such parties, it is outweighed by the benefits of the requested relief to the Debtor and all of its creditors.

(i)    The relief granted hereby is necessary and appropriate in the interests of the public and it is consistent with the public policy of the United States.

(j)    The discovery authorized hereby is necessary and appropriate and authorized under sections 1519 and 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

(k)   No security is required for the relief granted herein under Bankruptcy Rule 7065 or otherwise.

**IT IS HEREBY ORDERED THAT**:

1.   The Motion is granted as set forth herein.

2.   The Foreign Representatives shall be entrusted with the administration and realization of the Debtor's affairs and assets located in the United States and are established as the exclusive authority to administer the Debtor's assets and affairs in the United States during the period beginning with the entry of this Order and continuing until such time as this Court enters an order with respect to the Petition (the "Provisional Period").

3.   The rights of any person or entity other than the Foreign Representatives to transfer, encumber or otherwise dispose of any assets of the Debtor located within the territorial jurisdiction of the United States shall be suspended during the Provisional Period and all such persons and entities are hereby enjoined from transferring, encumbering or otherwise disposing of any such assets of the Debtor during the Provisional Period; *provided*, *however*, that the foregoing shall not

be deemed to restrict any valid exercise of rights or remedies with respect to enforceable and perfected security interests; *provided*, *further* that the Foreign Representatives' and all applicable parties' rights are reserved with respect to the validity, enforceability, perfection, and priority of any such security interest and any exercise of rights or remedies with respect thereto.

4. The Foreign Representatives are authorized to issue subpoenas (a) with respect to the Founders, for the production of documents and deposition substantially in the form attached as Exhibit C to the Motion; and (b) any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets, in form and substance substantially similar to the form attached as Exhibit C or Exhibit D to the Motion, as applicable.

5. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's rights to object in accordance with applicable law and procedural rules.

6. Each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a copy of this Order.

7. Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties in interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives are authorized and empowered and may, in their

discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through these Chapter 15 Cases; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated:   New York, New York
         _____, 2022

                                                         THE HONORABLE MARTIN GLENN
                                                        CHIEF UNITED STATES BANKRUPTCY
                                                        JUDGE