| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin J. Campbell (admitted *pro hac vice*) |
| Brian S. Rosen | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 10250 Constellation Blvd. Suite 1100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90067 |
| New York, NY 10020 | Telephone: (424) 653-5500 |
| Telephone: (212) 906-1200 | Facsimile: (424) 653-5501 |
| Facsimile: (212) 751-4864 | Email: daniel.schecter@lw.com |
| Email: adam.goldberg@lw.com | nima.mohebbi@lw.com |
| brett.neve@lw.com | caitlin.campbell@lw.com |
| nacif.taousse@lw.com | |
| brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**SUPPLEMENTAL DECLARATION OF RUSSELL CRUMPLER**
**IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION**
**OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

I, Russell Crumpler, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1.  I am a Senior Managing Director of Teneo (BVI) Limited ("Teneo") in the British Virgin Islands ("BVI"). I, along with my colleague Christopher Farmer (also of Teneo) (collectively, the "Liquidators"), have been appointed as joint liquidators of Three Arrows Capital, Ltd. (the "Debtor") by the Eastern Caribbean Supreme Court in the High Court of Justice (Commercial Division). Further information concerning my professional background and

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

experience is set forth in the *Declaration of Russell Crumpler in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 3], which is incorporated herein by reference.

2. I submit this supplemental declaration in further support of the *Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief*, filed on July 1, 2022 [Docket No. 2] (the "Petition").[2] I have reviewed the Petition, and it is my belief that the relief sought therein is necessary to implement the fair and orderly liquidation of the Debtor and to fulfill my duties as a joint liquidator of the Debtor.

3. I am over the age of 18, and I am duly authorized to make this declaration acting in my capacity as joint liquidator of the Debtor. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor. I am authorized to submit this declaration on behalf of the Debtor, and if called upon to testify, I could and would testify competently to the facts set forth herein.

I.    ORGANIZATIONAL CHART

4. Attached hereto as Exhibit A is the Debtor's organizational chart. The Debtor's parent is Three Arrows Capital Pte. Ltd. (the "Parent"), a private limited company formed in Singapore. The Parent is wholly owned by the Debtor's founders, Su Zhu and Kyle Livingstone Davies (together, the "Founders"). The Parent also owns 100% of the management interests in certain feeder funds—Three Arrows Fund, Ltd, a BVI limited company, and Three Arrows Fund, LP, a Delaware limited partnership (together, the "Feeder Funds"). The Feeder Funds issued non-management equity interests, the proceeds of which were transferred to the Debtor where they were used to fund investments.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Petition.

5. The Debtor's registered investment manager was the Parent until August 20, 2021. On that date, the Parent was terminated as the Debtor's investment manager and ThreeAC Ltd, a BVI limited company owned by Mr. Zhu and Chen Kaili Kelly, Mr. Davies' partner, was appointed as the investment manager.

## II. UPDATE ON BVI PROCEEDINGS AND THE LIQUIDATORS' INVESTIGATION

6. Since filing the Petition, Mr. Farmer and I have continued our efforts to identify and preserve the Debtor's assets. We have identified four principal categories of assets: (a) bank accounts, (b) direct investments in cryptocurrencies, which are held in digital wallets either directly or through brokerage accounts or other custody arrangements, (c) investments in firms operating in the digital asset space, and (d) non-fungible tokens.

7. As of the date hereof, Mr. Farmer and I have obtained control of assets of the Debtor in excess of $40 million and we have opened a primary bank account in the BVI (with USD and SGD denominated sub-accounts), a brokerage account, and a custodial account in furtherance of our efforts to obtain control of the Debtor's assets.

8. Our investigation into the assets and affairs of the Debtor has advanced through increased access to information. Mr. Farmer and I have engaged directly with creditors that have shared with us information regarding their own interactions with the Debtor and its principals. We have also engaged directly with banks, cryptocurrency exchanges (both public and over the counter), brokers, the principals and management of certain underlying investment assets and other custodians and counterparties with which we believe the Debtor or its affiliates have accounts.

9. Further, Mr. Farmer and I are engaging in formal discovery pursuant to the provisional relief obtained in this chapter 15 case (*see* Docket No. 22) and the related Singapore

3

proceeding (as discussed in further detail herein) where appropriate to obtain necessary information. Between July 1, 2022 and July 20, 2022, Mr. Farmer and I sent letters to approximately forty parties in which we believe the Debtor has invested, informing them that we had been appointed joint liquidators and requesting certain information needed for the liquidation of the Debtor's estate, including information relating to the value, form, and terms of the Debtor's investment.[3] We are informed and believe that the Debtor's investments include equity investments in firms in the digital asset industry and agreements with respect to future issuances of digital assets, among other potential investment forms. Mr. Farmer and I also sent letters to approximately thirty banks and exchanges informing them that we had been appointed joint liquidators and requesting certain financial and account information needed for liquidation of the Debtor's estate. Several entities responded by confirming that they had no responsive information, providing the requested information or indicating information would be forthcoming, or stating that they would follow up to discuss further. After sending follow-up correspondence where necessary, we passed along the names of certain entities to our U.S. counsel, Latham & Watkins LLP and Holland & Knight LLP. I understand that our counsel is actively coordinating outreach to these entities and, where necessary, preparing to formally serve and effectuating formal service of subpoenas for the sought-after information.

10.     As to the Debtor's Founders, Mr. Farmer and I have been in communication with their counsel regarding certain digital assets and bank accounts that we believe are in their possession or control. Those discussions remain ongoing. Separately, Latham & Watkins has sent subpoenas via email to the Founders' counsel requesting that counsel accept service on behalf of the Founders. Their counsel has refused to date, and we are currently considering ways

---

[3]    Mr. Farmer and I have also been in contact with additional parties, who either reached out to us directly or came into contact with us by other means, with respect to the Debtor's investments.

22-10920-mg    Doc 37    Filed 07/20/22    Entered 07/20/22 18:47:15    Main Document
Pg 5 of 7

to obtain the requested information or effectuate alternative service.

11.  Mr. Farmer and I have also continued our broader investigations and have obtained information from a variety of sources, which include the Debtor's BVI resident director, auditors, former legal advisors, and from both creditors (some of whom have conducted detailed analysis of their own) and from certain parties responsible for some of the underlying assets of the Debtor. Further, we have commenced discussions with the BVI Financial Services Commission, the principal regulatory authority in the BVI with respect to the Debtor.

12.  Mr. Farmer and I have also begun engaging with creditors with respect to claims administration. As of the date hereof, we have received claims documentation for unsecured claims in excess of $2.8 billion, a figure which we expect to increase significantly.

13.  On July 18, 2022, the initial meeting of creditors was held at Teneo's office in the BVI in accordance with BVI law. I presided over the meeting, and noting the international nature of the creditors who had provided claim forms, creditors were permitted to attend the meeting either in-person at Teneo's offices or virtually. At the meeting of creditors, I, among other things, introduced myself, Mr. Farmer, and Teneo, explained the process that led to our appointment as joint liquidators, provided an overview of the liquidation process in the BVI, offered an overview of our work since appointment, explained the next steps in the liquidation process, and answered questions from the creditors in attendance. The creditors in attendance either in person or by proxy also voted on two resolutions as required by BVI statute. First, whether or not the creditors themselves should apply to the BVI Court to seek the appointment of alternative liquidators. The significant majority of creditors voted against this resolution thereby confirming that they wished the liquidators to continue in their court-appointed role as joint liquidators of the Debtor. Second, whether to establish a committee of unsecured creditors. The creditors cast votes representing a significant majority of the claims present at the meeting in

favor of establishing a committee of unsecured creditors. The creditors then elected the following creditors to serve on the committee: Voyager Digital LLC, Digital Currency Group Inc., CoinList Lend, LLC, Blockchain Access UK Ltd, and Matrix Port Technologies (Hong Kong) Ltd (the "Committee"). The Committee will work closely with me and Mr. Farmer to maximize the value of the assets available for distribution.

14. The Committee's role is to support the liquidators by acting as a consultative body, and providing approval where appropriate, with respect to asset realization and disposal strategies, investigations, and other key aspects of the liquidation process.

### III.    UPDATE ON SINGAPORE PROCEEDINGS

15. On July 9, 2022, Mr. Farmer and I commenced a proceeding in the High Court of Singapore (the "Singapore Court") for recognition of the BVI Proceeding as a foreign main proceeding in Singapore. Following a hearing before the Honorable Justice Vinodh Coomaraswamy for provisional relief pending our application for recognition held on July 15, 2022, the Singapore Court entered an order granting us certain provisional relief (the "Singapore Order"). Specifically, the Singapore Order (i) (x) prohibits the commencement and continuation of individual actions or individual proceedings concerning the Debtor's property, rights, obligations, or liabilities, (y) stays execution against the Debtor's property in Singapore, and (z) suspends the right to transfer, encumber, or otherwise dispose of any of the Debtor's property; (ii) entrusts the administration or realization of all of the property and assets of the Debtor in Singapore to me and Mr. Farmer, and (iii) empowers me and Mr. Farmer to compel the cooperation of individuals within the jurisdiction of the Singapore Court as if the Debtor were a Singapore-incorporated entity under liquidation in Singapore.

16. The hearing on our application for recognition is tentatively scheduled for August 22, 2022 at 11:00 a.m. SGT before the Honorable Justice Vinodh Coomaraswamy of the

Singapore Court.

IV.     UPDATE ON RELATED LITIGATION

17.     I also understand that the Debtor's Parent has been named as a defendant in a class action complaint (the "Complaint") alleging violations of federal securities laws filed in the United States District Court for the Northern District of California and captioned *Patterson v. Terraform Labs, Pte. Ltd., et al.*, No. 22-cv-03600 (N.D. Cal. 2022). The Complaint asserts causes of action and seeks damages related to the sale of Luna and TerraUS, the native digital asset and algorithmic stablecoin, respectively, issued by TerraForm Labs Pte. Ltd. While the Complaint only names the Parent as a defendant and does not name the Debtor, we are nonetheless monitoring the case and assessing what actions, if any, to take with respect thereto.

Dated: July 20, 2022

/s/ Russell Crumpler
Russell Crumpler of Teneo (BVI) Limited as joint liquidator of Three Arrows Capital, Ltd.