Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com
        brian.rosen@lw.com

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin J. Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
        nima.mohebbi@lw.com
        caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | **Docket Ref. No. 2** |

## NOTICE OF FILING OF HEARING PRESENTATION IN CONNECTION WITH VERIFIED PETITION UNDER CHAPTER 15 IN SUPPORT OF RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

    **PLEASE TAKE NOTICE** that on July 1, 2022, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor") filed the *Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 2] (the "Petition")[2] pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

    **PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing (the "Hearing") to consider the relief requested in the Petition for **10:00 a.m. (prevailing Eastern**

---

[1]  The last four digits of the Debtor's British Virgin Islands company registration number are 0531.  The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2]  Capitalized terms shall have the same meanings ascribed to them in the Petition.

**Time) on July 28, 2022** before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a presentation that counsel to the Foreign Representatives intends to present during the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of select pleadings filed in this chapter 15 case are available for review, free-of-charge, on the website maintained by the Foreign Representatives: https://3acliquidation.com/.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 27, 2022
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
       brett.neve@lw.com
       nacif.taousse@lw.com
       brian.rosen@lw.com

– and –

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin J. Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
       nima.mohebbi@lw.com
       caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

# EXHIBIT A

**Presentation**

**THREE ARROWS CAPITAL**

# Three Arrows Capital, Ltd

## Recognition Hearing

*July 28, 2022*

# Background

- Three Arrows Capital Ltd. ("3AC" or the "Debtor") is an investment firm founded by Kyle Livingstone Davies and Su Zhu (the "Founders") and incorporated in the British Virgin Islands (the "BVI").

- 3AC was well known in the crypto industry as a proprietary trading fund and, as of April 2022, reportedly exceeded $3 billion in assets under management.

- 3AC's business model focused on borrowing digital and fiat currency (which 3AC did in substantial amounts from multiple lenders) to fund its investments in digital assets.

- A substantial portion of 3AC's investment portfolio was comprised of "Luna," a cryptocurrency that was purportedly tied to a "stablecoin" called TerraUSD or UST.

- In mid-May 2022, Luna lost 99% of its value.  Within a month of Luna's crash, 3AC had effectively collapsed and was reportedly in multiple major defaults.



WSJ NEWS EXCLUSIVE | MARKETS

**Crypto Hedge Fund Three Arrows Capital Considers Asset Sales, Bailout** *

Firm's founders say they still believe in the future of cryptocurrencies

Mr. Davies said Three Arrows invested about $200 million in Luna as part of that deal, a sum that was effectively wiped out when TerraUSD and Luna both became worthless in a matter of days.

"We were not the first to get hit...This has been all part of the same contagion that has affected many other firms," Mr. Davies said.

Mr. Davies said Three Arrows was able to withstand the Luna losses, but the subsequent cascade of events that caused prices of bitcoin, ether and other cryptocurrencies to plummet in recent weeks created more problems, he added.

# Organizational Structure



# Main Proceeding - BVI Liquidation Proceeding

- On June 27, 2022, 3AC initiated proceedings in the BVI seeking the appointment of joint liquidators (the "<u>BVI Proceeding</u>").

- The same day, the BVI court entered an order appointing Russell Crumpler and Christopher Farmer as 3AC's joint liquidators (the "<u>Foreign Representatives</u>") in the BVI.

- The BVI order authorized the joint liquidators to file a chapter 15 case in the U.S.

- Under BVI law (Insolvency Act 2003, Schedule 2, Section 186), the joint liquidators are:

  - Fiduciaries and officers of the BVI court;

  - Authorized to take custody and control of 3AC's assets and effectuate their orderly liquidation for the benefit of creditors;

  - Empowered to investigate 3AC and its assets, the causes of its insolvency, and any possible causes of action that may be available to it; and

  - Granted broad informational rights in furtherance of their investigative powers.

# U.S. Recognition Proceeding

- On July 1, 2022, the Foreign Representatives filed a chapter 15 petition seeking recognition of the BVI proceeding in the U.S. as a foreign main proceeding (the "Chapter 15 Case")

- By their chapter 15 petition, the Foreign Representatives seek to:

  - Stay individual collection efforts by creditors and preserve the status quo for the benefit of all stakeholders; and

  - Preserve the Foreign Representatives' ability to stabilize 3AC's estate while investigating the firm's assets, liabilities, and potential claims and causes of action.



4

# Singapore Recognition Proceeding

- On July 9, 2022, the Foreign Representatives also commenced a proceeding (the "Singapore Proceeding") in the High Court of Singapore (the "Singapore Court") for recognition of the BVI Proceeding as a foreign main proceeding in Singapore.

- On July 15, 2022, the Singapore Court entered an order granting the Foreign Representatives certain provisional relief (the "Singapore Order"):

  - prohibiting the commencement and continuation of individual actions or individual proceedings concerning 3AC's property, rights, obligations, or liabilities;

  - staying execution against 3AC's property in Singapore;

  - suspending the right to transfer, encumber, or otherwise dispose of any of 3AC's property;

  - entrusting the administration or realization of all of 3AC's property and assets in Singapore to the Foreign Representatives; and

  - empowering the Foreign Representatives to compel the cooperation of individuals within the jurisdiction of the Singapore Court as if 3AC were a Singapore-incorporated entity under liquidation in Singapore.

# Investigation Efforts

- Since their appointment by the BVI court, the Foreign Representatives have been pursuing their investigation duties with urgency and by all lawful means.  The Foreign Representatives have:

    - Obtained certain key documents and information from a variety of sources;

    - Advanced the investigation through "Open Source Intelligence Tools" that allow access to transaction history details and digital wallet addresses on different blockchains;

    - Identified and proceeded to control certain accounts and assets;

        - Identified four main categories of assets: **(a)** bank accounts, **(b)** cryptocurrency investments, **(c)** equity investments in digital asset firms, and **(d)** non-fungible tokens;

        - Obtained control of more than $40 million in 3AC assets;

    - Commenced discussions with creditors regarding their claims, the investigation and the liquidation proceeding;

        - To-date, creditors submitted documentation for unsecured claims in excess of $2.8 billion, a figure expected to increase significantly; and

    - Commenced discussions with various regulatory authorities with respect to 3AC, including the BVI Financial Services Commission (the principal regulatory authority in the BVI).

# Investigation Efforts (cont'd)

- Since the grant of provisional relief in the U.S. and in Singapore, the Foreign Representatives have also formally served a number of banks and exchanges with subpoenas to initiate discovery regarding 3AC's business and assets.

  – Between July 1 and July 20, 2022, the Foreign Representatives sent letters to approximately thirty (30) banks and exchanges requesting certain financial and account information needed for 3AC's liquidation.

  – The Foreign Representatives also sent letters to approximately forty (40) parties in which the Debtor has invested requesting certain relating to the value, form, and terms of the Debtor's investment.

  – Several entities were responsive, and formal discovery and service of subpoenas is in process with respect to non-responsive entities in order to obtain the sought-after information.

- The Foreign Representatives have also sent subpoenas via email to the Founders' counsel requesting that they accept service on behalf of the Founders.  Counsel refused.

# Creditors Meeting

- On July 18, 2022, the Foreign Representatives held an initial meeting of creditors in accordance with BVI law.

- The creditors in attendance voted to (i) maintain the Foreign Representatives in their court-appointed role as joint liquidators of the Debtor and (ii) establish a committee of unsecured creditors.

- The creditors elected the following creditors to serve on the committee: Voyager Digital LLC, Digital Currency Group Inc., CoinList Lend, LLC, Blockchain Access UK Ltd, and Matrix Port Technologies (Hong Kong) Ltd.

- The elected committee will work closely with the Foreign Representatives to maximize the value of the assets available for distribution.

- The committee's role is to support the liquidators by acting as a consultative body, and providing approval where appropriate, with respect to asset realization and disposal strategies, investigations, and other key aspects of the liquidation process.

# Foreign Main Recognition
## Relief Requested

- On July 1, 2022, the Foreign Representatives filed in the U.S. a motion for recognition of a foreign main proceeding seeking entry of an order:

  - finding that

    - (i) the Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code,

    - (ii) the BVI Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, or, alternatively a "foreign nonmain proceeding" within the meaning of section 1502 of the Bankruptcy Code,

    - (iii) the Foreign Representatives satisfy the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code, and

    - (iv) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code;

  - granting recognition of the BVI Proceeding as a "foreign main proceeding" under sections 1517 and 1520 of the Bankruptcy Code;

  - granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code; and

# Foreign Main Recognition
## Relief Requested (cont'd)

- … and, pursuant to section 1521(a),

    - (i) staying the commencement or continuation of proceedings concerning the Debtor's assets, rights, obligations or liabilities, to the extent not stayed automatically under section 1520(a);

    - (ii) staying all parties from executing against, interfering with or otherwise disposing of the Debtor's assets, to the extent not stayed automatically under section 1520;

    - (iii) providing that the liquidation order issued by the BVI court is recognized, granted comity, and entitled to full force and effect in accordance with its terms, and that such terms shall be binding and fully enforceable in the United States; and

    - (iv) entrusting the Foreign Representatives with the administration or realization of all of the Debtor's assets that are located within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Debtor.

# Foreign Main Recognition
## Legal Standard

- Recognition of the BVI Proceeding as a "foreign main proceeding" pursuant to chapter 15 of the Bankruptcy Code requires that:

  - 3AC be eligible as a "debtor" under section 1502(a)(1) and 109(a) of the Bankruptcy Code;

    - 3AC satisfies this requirement: it is incorporated in the BVI as a Business Company and has property in the U.S. (including a $150,000 retainer with a law firm in New York, and interests in certain loan agreements governed by New York law)

  - the BVI Proceeding constitute a "foreign proceeding" as defined in the Bankruptcy Code; and

    - The BVI Proceeding satisfies this requirement: it is a collective judicial proceeding pending in the BVI in which 3AC's assets and affairs are overseen by the Foreign Representatives, and the rights of creditors vis-à-vis the company are collectively administered. It was commenced pursuant to the BVI Insolvency Act, 2003 (as amended).

  - BVI constitute 3AC's "center of main interests" ("COMI").

# Foreign Main Recognition
## Legal Standard (cont'd)

- The term "foreign main proceeding" is defined in the Bankruptcy Code as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4).

- The statutory presumption is that COMI is the debtor's registered office. *See* 11 U.S.C. § 1516(c).

- Courts also consider the following factors relevant to the determination of a debtor's COMI:

    – the location of the debtor's headquarters;

    – the location of those who actually manage the debtor;

    – the location of the debtor's primary assets;

    – the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or

    – the jurisdiction whose law would apply to most disputes. *In re Inversora Eléctrica de Buenos Aires S.A.*, 560 B.R. 650, 654 (Bankr. S.D.N.Y. 2016); *see In re Fairfield Sentry Ltd.*, 714 F.3d 127, 130 (2d Cir. 2013); *In re Avanti Communs. Grp. plc*, 582 B.R. 603, 614 (Bankr. S.D.N.Y. 2018).

- The relevant time period to determine COMI is the date on which the chapter 15 petition is filed. *See In re Fairfield Sentry Ltd.*, 714 F.3d at 137.

12

# Foreign Main Recognition
## The BVI Proceeding is a "Foreign Main Proceeding"

- Because the Debtor is a BVI organized entity with its registered office in the BVI, the statutory presumption is that the BVI is the Debtor's COMI. *See* 11 U.S.C. § 1516(c)

- At the time of filing the Chapter 15 Case, all of 3AC's operations were (and continue to be) run out of the BVI by the BVI-based Foreign Representatives.

  - The Foreign Representatives act with full authority to carry on the Debtor's business, dispose of its assets, prosecute or defend claims on its behalf, and exercise any other powers and authorities necessary to effectuate its liquidation.

  - The Foreign Representatives have centralized the Debtor's affairs and activities related to the liquidation in the BVI.

  - The Foreign Representatives have opened a primary bank account in the BVI, as well as brokerage and custodial accounts.

  - The Foreign Representatives have been actively engaged with the BVI Financial Services Commission, the Debtor's principal regulator in the BVI.

  - The Foreign Representatives have been engaging extensively with creditors and other interested parties, many of whom have retained BVI counsel.

  - The first meeting of creditors was held at the Foreign Representatives' BVI office.

13

# Foreign Main Recognition
## § 1521(a) Discretionary Relief

- Upon recognition, the court may grant "any appropriate relief" where such relief is necessary to effectuate the purpose of chapter 15 and to protect the Debtor's assets or the interests of its creditors. 11 U.S.C. § 1521(a).

- The Foreign Representatives request the following relief under section 1521(a):

    - staying proceedings concerning the Debtor's assets, rights, obligations or liabilities, to the extent not stayed automatically under section 1520;

    - staying all parties from executing against, interfering with or otherwise disposing of the Debtor's assets, to the extent not stayed automatically under section 1520;

    - providing that the BVI court's liquidation order is recognized, granted comity, and entitled to full force and effect in in the U.S. in accordance with its terms; and

    - entrusting the Foreign Representatives with the administration or realization of all of the Debtor's assets that are located within the territorial jurisdiction of the U.S.

- This relief is necessary and appropriate to assist the BVI court and the Foreign Representatives in carrying out the effective administration of the BVI Proceeding.