Hearing Date: November 16, 2022 at 2:00 p.m. (ET)
Objection Deadline: November 9, 2022 at 4:00 p.m. (ET)

| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin J. Campbell (admitted *pro hac vice*) |
| Brian S. Rosen | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 355 South Grand Avenue, Suite 100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90071 |
| New York, NY 10020 | Telephone: (213) 485-1234 |
| Telephone: (212) 906-1200 | Facsimile: (213) 891-8763 |
| Facsimile: (212) 751-4864 | Email:  daniel.schecter@lw.com |
| Email:  adam.goldberg@lw.com |          nima.mohebbi@lw.com |
|          brett.neve@lw.com |          caitlin.campbell@lw.com |
|          nacif.taousse@lw.com | |
|          brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR ENTRY OF AN ORDER APPROVING**
**CROSS-BORDER COURT-TO-COURT COMMUNICATIONS PROTOCOL**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Honorable Justice Adrian Jack of the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

1

Division) (the "BVI Court") and captioned as *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully submit this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Protocol Order"), pursuant to sections 105(a), 105(d), 1525 and 1527 of title 11 of the United States Code (the "Bankruptcy Code") and consistent with General Order M-511 (Procedural Guidelines for Coordination and Cooperation Between Courts in Cross-Border Insolvency Matters) (the "Cross-Border Guidelines") and General Order M-532 (Adoption of Judicial Insolvency Network Modalities of Court-to-Court Communication) (the "Modalities of Communications").

In support of the Motion, the Foreign Representatives represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The legal predicates for the relief requested herein are sections 105(a), 105(d), 1525 and 1527 of the Bankruptcy Code, the Cross-Border Guidelines, and the Modalities of Communications.

## BACKGROUND

2.      The Foreign Representatives commenced this chapter 15 case (the "Chapter 15 Case") on July 1, 2022, by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding Main Proceeding and Related Relief* [Docket No. 2] (together, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and related relief. On July 28, 2022, the Bankruptcy Court

2

entered the *Order Granting Recognition of Foreign Main Proceeding and Related Relief* [Docket No. 47], granting the relief sought by the Verified Petition and recognizing the BVI Proceeding as a foreign main proceeding.

3. On July 9, 2022, the Foreign Representatives also commenced a proceeding (the "Singapore Proceeding", and collectively with the Chapter 15 Case and the BVI Proceeding, the "Insolvency Proceedings") in the High Court of Singapore (the "Singapore Court", and collectively with this Court and the BVI Court, the "Courts") for recognition of the BVI Proceeding as a foreign main proceeding in Singapore. The Singapore Proceeding is pending before the Honorable Justice Vinodh Coomaraswamy. On July 15, 2022, the Singapore Court entered an order granting the Foreign Representatives certain provisional relief (the "Singapore Order"). Specifically, the Singapore Order (a) (i) prohibits the commencement and continuation of individual actions or individual proceedings concerning the Debtor's property, rights, obligations, or liabilities, (ii) stays execution against the Debtor's property in Singapore, and (iii) suspends the right to transfer, encumber, or otherwise dispose of any of the Debtor's property; (b) entrusts the administration or realization of all of the property and assets of the Debtor in Singapore to the Foreign Representatives, and (c) empowers the Foreign Representatives to compel the cooperation of individuals within the jurisdiction of the Singapore Court as if the Debtor were a Singapore-incorporated entity under liquidation in Singapore.

4. On August 22, 2022, the Singapore Court issued an order granting recognition of the BVI Proceeding as a foreign main proceeding within the meaning of Article 2(f) of the UNCITRAL Model Law on Cross Border Insolvency as adopted in Singapore by way of Section 252 and the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (No. 40 of 2018).

5. Contemporaneously herewith, the Foreign Representatives will be filing motions to approve the Protocols in the BVI Court and the Singapore Court.

6. Further facts related to this matter are set forth in detail in the *Verified Petition, the Declaration of Russell Crumpler in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 3], the *Supplemental Declaration of Russell Crumpler in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 37], and the *Declaration of Grant Carroll in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 4].

## RELIEF REQUESTED

7. By this Motion, the Foreign Representatives request entry of the proposed Protocol Order and approval of the proposed cross-border court cooperation and communication protocol attached thereto as Exhibit 1 (the "Protocol"), pursuant to sections 105(a), 105(d), 1525 and 1527 of the Bankruptcy Code and consistent with the Cross-Border Guidelines and the Modalities of Communications.

## BASIS FOR RELIEF

8. In order to facilitate the efficient and effective administration of cross-border issues that may arise from time to time in the Insolvency Proceedings, the Foreign Representatives believe that is necessary and appropriate to set out and have the Courts adopt and approve a set of administrative and procedural guidelines for dealing with such cross-border issues and communication and coordination as may be necessary and appropriate between this Court, the BVI Court, and the Singapore Court. The proposed administrative and procedural guidelines are set forth in the Protocol, which incorporate and are substantially consistent with the Cross-Border Guidelines and Modalities of Communication adopted by this Court.

9. As set forth therein, the Protocol is designed to promote the orderly and efficient administration of the Insolvency Proceedings, honor the independence and integrity of the Courts, promote international cooperation and respect for comity among the Insolvency Proceedings, facilitate the fair and open administration of the Insolvency Proceedings and implement a framework to address cross-border issues that may arise therein.

10. The relief requested in this Motion is authorized under sections 1525 and 1527 of the Bankruptcy Code. Section 1525 of the Bankruptcy Code (a) directs bankruptcy courts to "cooperate to the maximum extent possible" with foreign courts, and (b) provides that such courts are "entitled to communicate directly with, or to request information or assistance directly from, a foreign court . . . subject to the rights of a party in interest to notice and participation." 11 U.S.C. § 1525. Section 1527 of the Bankruptcy Code further explains that the cooperation referred to in section 1525 may be implemented by any appropriate means, including "communication of information by any means considered appropriate by the court" and "coordination of the administration and supervision of a debtor's assets and affairs." 11 U.S.C. § 1527.

11. The relief requested herein is also authorized under section 105(a) of the Bankruptcy Code, which grants broad authority to a court to issue orders that are necessary or appropriate to carry out the provisions of the Bankruptcy Code. Specifically, section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, under section 105(d), the Court may "hold such status conferences as are necessary to further the expeditious and economical resolution of the case," and at such conferences "may issue an order . . . to ensure that the case is handled expeditiously and economically." 11 U.S.C. §§ 105(d)(1) and (2).

12. Additionally, on February 17, 2017, the Southern District of New York instituted the Cross-Border Guidelines pursuant to General Order M-511. The Cross-Border Guidelines provide that "[w]here a court intends to apply these Guidelines (whether in whole or in part and with or without modification) . . . it will need to do so by a protocol or an order, following an application by the parties or pursuant to a direction of the court if the court has the power to do so." Cross-Border Guidelines, Guideline 2. On September 4, 2019, the Southern District of New York also instituted the Modalities of Communications pursuant to General order M-532. The Protocol proposed herein gives effect to and incorporates by reference the Cross-Border Guidelines and Modalities of Communication. *See* Protocol Schedule 1 and Schedule 2.

13. A number of courts, in this District and in other districts, have authorized similar protocols for managing cross-border proceedings. *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-11254 (Bankr. S.D.N.Y. Sept. 1, 2020) (Dkt. No. 978); *In re Aralez Pharmaceuticals U.S. Inc.*, No. 18-12425 (Bankr. S.D.N.Y. Nov. 1, 2018) (Dkt. No. 237); *In re Ezra Holdings Ltd.*, No. 17-22405 (Bankr. S.D.N.Y. Mar. 27, 2018) (Dkt. No. 343), *In re Toys "R" Us, Inc.*, No. 17-34665 (Bankr. E.D. Va. Oct. 25, 2017) (Dkt. No. 725); *In re Ocean Rig UDW Inc.*, No. 17-10736 (Bankr. S.D.N.Y. June 29, 2017) (Dkt. No. 85); *In re BPS US Holdings Inc.*, No. 16-12373 (Bankr. D. Del. Nov. 29, 2016) (Dkt. No. 220); *In re Soundview Elite Ltd.*, No. 13-13098 (Bankr. S.D.N.Y. Dec. 30, 2014) (Dkt. No. 502); *In re Graceway Pharmaceuticals, LLC*, No. 11-13036 (Bankr. D. Del. Oct. 25, 2011) (Dkt. No. 152); *In re Nortel Networks Inc.*, No. 09-10138 (Bankr. D. Del. June 29, 2009) (Dkt. No. 990); *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. June 17, 2009) (Dkt. No. 4020).

14. For the foregoing reasons, the Foreign Representatives assert that the Protocol is necessary to promote the efficient and effective administration of the Insolvency Proceedings and is in the best interests of the Debtor, its creditors and all parties-in-interest.

## NOTICE

15. The Foreign Representatives have provided notice of the Motion, pursuant to Bankruptcy Rules 1011(b) and 2002, to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) the Founders; (d) the members of the committee of unsecured creditors appointed in connection with the BVI Proceeding; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all parties required to be given notice under Bankruptcy Rule 2002(q)(2) of which the Foreign Representatives are aware. In light of the relief requested, the Foreign Representatives submit that no further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

# **CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 10, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Adam J. Goldberg*<br>Adam J. Goldberg<br>Brett M. Neve<br>Nacif Taousse<br>Brian S. Rosen<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: adam.goldberg@lw.com<br>        brett.neve@lw.com<br>        nacif.taousse@lw.com<br>        brian.rosen@lw.com<br><br>– and –<br><br>Daniel Scott Schecter (admitted *pro hac vice*)<br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Caitlin Campbell (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email: daniel.schecter@lw.com<br>        nima.mohebbi@lw.com<br>        caitlin.campbell@lw.com |