Hearing Date: November 16, 2022 at 2:00 p.m. (ET)
Objection Deadline: November 9, 2022 at 4:00 p.m. (ET)

| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin J. Campbell (admitted *pro hac vice*) |
| Brian S. Rosen | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 355 South Grand Avenue, Suite 100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90071 |
| New York, NY 10020 | Telephone: (213) 485-1234 |
| Telephone: (212) 906-1200 | Facsimile: (213) 891-8763 |
| Facsimile: (212) 751-4864 | Email:  daniel.schecter@lw.com |
| Email:  adam.goldberg@lw.com |            nima.mohebbi@lw.com |
|            brett.neve@lw.com |            caitlin.campbell@lw.com |
|            nacif.taousse@lw.com | |
|            brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

# MOTION FOR ENTRY OF AN ORDER GRANTING CERTAIN DISCRETIONARY RELIEF PURSUANT TO 11 U.S.C. §§ 1521(A), (B) AND 1522

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

1

*In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully submit this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 1521(a), (b) and 1522 of title 11 of the United States Code (the "Bankruptcy Code").

In support of the Motion, the Foreign Representatives rely upon the *Declaration of Russell Crumpler in Support of Motion for Entry of an Order Granting Certain Discretionary Relief Pursuant to 11 U.S.C. §§ 1521(a), (b) and 1522* (cited as "Crumpler Decl."), filed contemporaneously herewith, and the *Declaration of Grant Carroll in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (cited as "Carroll Decl.") [Docket No. 4]. In further support of the Motion, the Foreign Representatives represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The legal predicates for the relief requested herein are sections 1521(a), (b) and 1522 of the Bankruptcy Code.

## BACKGROUND

2. The Foreign Representatives commenced this chapter 15 case (the "Chapter 15 Case") on July 1, 2022, by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding and Related Relief* [Docket No. 2] (together with the Petition, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main

2

proceeding pursuant to section 1517 of the Bankruptcy Code, and related relief. On July 28, 2022, the Bankruptcy Court entered the *Order Granting Recognition of Foreign Main Proceeding and Related Relief* [Docket No. 47], granting the relief sought by the Verified Petition and recognizing the BVI Proceeding as a foreign main proceeding.

3. On July 9, 2022, the Foreign Representatives also commenced a proceeding (the "Singapore Proceeding", and collectively with the Chapter 15 Case and the BVI Proceeding, the "Insolvency Proceedings") in the High Court of Singapore (the "Singapore Court", and collectively with this Court and the BVI Court, the "Courts") for recognition of the BVI Proceeding as a foreign main proceeding in Singapore. On August 22, 2022, the Honorable Justice Vinodh Coomaraswamy of the Singapore Court entered an order recognizing the BVI Proceeding as a foreign main proceeding within the meaning of Article 2(f) of the UNCITRAL Model Law on Cross Border Insolvency, as adopted in Singapore by way of Section 252 and the Third Schedule of Singapore's Insolvency, Restructuring and Dissolution Act of 2018. *See* Crumpler Decl. ¶ 4.

4. In furtherance of their efforts to marshal and liquidate the Debtor's assets in an efficient manner, the Foreign Representatives have engaged a firm based in the United States to provide custodial and brokerage services for cryptocurrencies and other digital assets. *Id.* ¶ 5. The Foreign Representatives have also identified accounts of the Debtor that may hold cryptocurrencies and other digital assets of the Debtor at various U.S.-based firms that provide custodian, brokerage, and trading services. *Id.* The location, or situs, of cryptocurrencies and other digital assets remains a rapidly developing area of the law in both the United States and other jurisdictions. By this Motion, the Foreign Representatives do not take a position regarding whether any cryptocurrencies or other digital assets should be deemed to be located, or have situs, in the United States and nothing herein should be considered to be an admission that any of the Debtor's

3

cryptocurrencies or digital assets are located, or have situs, in the United States. The Foreign Representatives expressly reserve all rights with respect to such issues.

5. Further facts related to this matter are set forth in detail in the Verified Petition, the *Declaration of Russell Crumpler in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 3], the *Supplemental Declaration of Russell Crumpler in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 37], and the Carroll Declaration.

## RELIEF REQUESTED

6. By this Motion, the Foreign Representatives request entry of the proposed Order entrusting the distribution of the Debtor's assets within the United States to the Foreign Representatives pursuant to sections 1521(a), (b) and 1522 of the Bankruptcy Code, including granting the Foreign Representatives authority to transfer to the BVI the Debtor's assets located in the United States, including cryptocurrencies and other digital assets that may be deemed to be located in the United States, without further notice to this Court or other parties in interest.

## BASIS FOR RELIEF

7. Centralization of the Debtor's assets in the BVI is integral to the Foreign Representatives' ability to discharge their duty, as the court-appointed joint liquidators of the Debtor in the BVI Proceeding, to conduct an orderly and fair liquidation of the Debtor and to maximize the value of the Debtor's assets for the benefit of all creditors. Accordingly, while the Foreign Representatives' investigation into the affairs and assets of the Debtor remains ongoing, the Foreign Representatives request this Court's authority to transfer to the BVI any of the Debtor's assets located within the territorial jurisdiction of the United States (including any digital assets that may be deemed to be located in the United States) (the "U.S. Assets").

8.  The relief requested in this Motion is authorized pursuant to sections 1521(a), (b) and 1522 of the Bankruptcy Code. Section 1521(a) provides that the Court may entrust the Foreign Representatives with the "*administration or realization* of all or part of the debtor's assets within the territorial jurisdiction of the United States." 11 U.S.C. § 1521(a)(5) (emphasis added). Additionally, section 1521(b) provides that the Court may entrust the Foreign Representatives with the "*distribution* of all or part of the debtor's assets located in the United States." 11 U.S.C. § 1521(b) (emphasis added); *see also In re Agrokor D.D.*, 591 B.R. 163, 188 (Bankr. S.D.N.Y. 2018) ("[T]he optional relief provided by section 1521(b) . . . allows the Court to 'entrust the distribution' of the debtor's assets within the United States to the foreign representative . . . . This alternative provision allows the debtor's assets to exit the United States for *distribution*.") (emphasis original). These two sections "give the court . . . ample tools for dealing with the manner in which a chapter 15 case is administered." *In re Atlas Shipping A/S*, 404 B.R. 726, 739 (Bankr. S.D.N.Y. 2009) (internal quotation marks and citation omitted). Here, the relief requested by the Foreign Representatives clearly falls within the broad ambit of sections 1521(a)(5) and 1521(b) of the Bankruptcy Code.

9.  The Court's authority to grant the relief requested is subject to two conditions. First, it must be "necessary to effectuate the purposes of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Second, "the interests of creditors and other interested parties, including the debtor" must be "sufficiently protected." 11 U.S.C. § 1522(a).

10. Here, the relief requested is indeed necessary to effectuate the goals and purposes of chapter 15. *See* 11 U.S.C. § 1501 (explaining chapter 15's "objectives of [among others]—(1) cooperation between—(A) courts of the United States . . . and (B) the courts and other competent

5

authorities of foreign countries"). The centralization of the Debtor's assets in the BVI will further the goals and purpose of chapter 15 by enabling an orderly liquidation and distribution of the Debtor's assets that maximizes the value of those assets for the benefit of all creditors. *See, e.g., In re Octaviar Admin. Pty Ltd.*, 511 B.R. 361, 375 (Bankr. S.D.N.Y. 2014) (granting requested relief furthered the goals of chapter 15 by "foster[ing] the fair, efficient, and timely administration of the Octaviar insolvency, and . . . assist[ing] in protecting the interests of Octaviar and maximizing the value of Octaviar's assets for the benefit of its creditors); *In re Oversight and Control Com'n of Avanzit, SA*, 385 B.R. 525, 534 (Bankr. S.D.N.Y. 2008) (stating that the goals of chapter 15 include "encourag[ing] cooperation between domestic and foreign courts, increas[ing] legal certainty, promot[ing] fairness and efficiency, [and] protect[ing] and maximiz[ing] value").

11.     In contrast, denying the Foreign Representatives the authority to transfer assets to the BVI would harm the interests of the Debtor and its creditors. The ultimate objective of the BVI Proceeding is the orderly liquidation and distribution of the Debtor's assets through the BVI Proceeding. Doing so is administratively burdensome when the assets to be liquidated are dispersed in various jurisdictions, and imposes additional costs and constraints on the Foreign Representatives' liquidation efforts. *See* Crumpler Decl. ¶ 6. Centralization of the Debtor's assets in the BVI prevents the unnecessary administrative costs associated with administering assets across a number of jurisdictions, thereby preserving value for the Debtor and ultimately its creditors. *See, e.g., In re Atlas Shipping A/S*, 404 B.R. at 742 ("[D]epriving the foreign representative of funds that he may realize in the United States would not further the goals of chapter 15.").

6

12.     Finally, granting the relief requested is appropriate under section 1522(a) of the Bankruptcy Code because the interests of creditors and other interested parties will be sufficiently protected. This Court has explained that sufficient protection embodies three basic principles: (1) "the just treatment of all holders of claims against the bankruptcy estate," (2) "the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the [foreign] proceeding," and (3) "the distribution of proceeds of the [foreign] estate substantially in accordance with the order prescribed by U.S. law." *See In re Atlas Shipping A/S*, 404 B.R. at 740 (quoting *In re Artimm, SrL*, 335 B.R. 149, 160 (Bankr. C.D. Cal. 2005)). The goal of the BVI Proceeding is to enable the orderly liquidation and distribution of the Debtor's assets subject to the oversight and jurisdiction of the BVI Court, which would then serve as the central forum of competent jurisdiction in which any creditor claims may be effectively administered and adjudicated. As this Court previously found in a similar context in *In re Atlas Shipping*, "[w]hen a foreign bankruptcy proceeding—recognized as a foreign main proceeding under chapter 15 of the Bankruptcy Code—is pending, and it provides a forum for all creditors seeking to satisfy their claims against a foreign debtor, plaintiffs . . . *have* a proper forum available to them and they are not left to scour the globe for the debtor's assets." *In re Atlas Shipping A/S*, 404 B.R. at 742. Consequently, "turnover would be more economical and efficient in that it would permit all of [the debtor's] creditors worldwide to pursue their rights and remedies in one court of competent jurisdiction." *Id*.

13.     Here, the BVI Proceeding provides a centralized forum for creditors and other interested parties to assert claims and have their rights adjudicated by the BVI Court. *See* Carroll Decl. ¶ 23. Moreover, claims of investors and creditors within the same class are treated on a *pari passu* basis under BVI law irrespective of their geographical or jurisdictional location. *See id.* ¶¶

7

14, 26. Indeed, many creditors of the Debtor have submitted claims in the BVI Proceeding, including more than 45 U.S. claimants asserting claims in excess of $1.9 billion, and are actively engaging with the Foreign Representatives in regard to the BVI Proceeding, in many cases through BVI counsel. *See* Crumpler Decl. ¶ 7. Accordingly, the interests of creditors and other parties in interest, including any U.S. claimants, would remain protected following the transfer of the Debtor's U.S.-located assets to the BVI, as the transfer would be conducted without prejudice to such creditors' rights, if any, to have their claims adjudicated before the BVI Court on the same footing as similarly situated creditors. As this Court found in *In re Atlas Shipping*, creditors' maintained ability to assert their rights in the court overseeing the foreign main proceeding is "sufficient protection to the creditors." *In re Atlas Shipping A/S*, 404 B.R. at 742.

14. For the foregoing reasons, the Foreign Representatives respectfully submit that the relief requested is necessary and appropriate.

## NOTICE

15. The Foreign Representatives have provided notice of the Motion, pursuant to Bankruptcy Rules 1011(b) and 2002, to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) the Founders; (d) the members of the committee of unsecured creditors appointed in connection with the BVI Proceeding; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Foreign Representatives submit that no further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 10, 2022<br>New York, New York | Respectfully submitted,<br><br>/s/ *Adam J. Goldberg*<br>Adam J. Goldberg<br>Brett M. Neve<br>Nacif Taousse<br>Brian S. Rosen<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: adam.goldberg@lw.com<br>      brett.neve@lw.com<br>      nacif.taousse@lw.com<br>      brian.rosen@lw.com<br><br>– and –<br><br>Daniel Scott Schecter (admitted *pro hac vice*)<br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Caitlin Campbell (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email: daniel.schecter@lw.com<br>       nima.mohebbi@lw.com<br>       caitlin.campbell@lw.com |