Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com
        brian.rosen@lw.com

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
        nima.mohebbi@lw.com
        caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd, [1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

### FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ISSUANCE OF SUBPOENAS AND (B) GRANTING RELATED RELIEF

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as

---

[1]  The last four digits of the Debtor's British Virgin Islands company registration number are 0531.  The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

*In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "Motion").[2]

## RELIEF REQUESTED

1.      By this Motion, the Foreign Representatives request entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"):

> (a) authorizing the issuance of, and directing compliance with, subpoenas for the production of documents and testimony on the Founders, the Investment Managers (each as defined below), and any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its assets, its affairs, its rights, its obligations, or its liabilities, including, but not limited to, the form of subpoena attached hereto as Exhibit 1 to the Motion; and

> (b) granting related relief.

2.      Contemporaneously with the filing of this Motion, the Foreign Representatives are filing a motion for entry of an order authorizing alternative service of process (the "Alternative Service Motion"), which seeks, among other relief, authority to serve subpoenas through alternative means and serve subpoenas commanding the electronic production of documents.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper in this District pursuant to 28 U.S.C.

---

[2]    In support of the Motion, the Foreign Representatives rely upon (a) the *Declaration of Russell Crumpler in Support of (I) Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief and (II) Motion for Entry of an Order Authorizing Alternative Service of Process* (cited as "Crumpler Decl. __"), filed contemporaneously herewith; and (b) the *Declaration of Grant Carroll in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 4] (cited as "Carroll Decl. __"), filed on July 1, 2022 (collectively, the "Declarations").

§ 1410.  The statutory predicates for the relief requested herein are sections 542(e), 1521(a)(4), and 1521(a)(7) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

**BACKGROUND**

## I.   THE BVI PROCEEDING

4.     The Debtor is an investment firm incorporated in the BVI with a focus on trading cryptocurrency and other digital assets that was reported to have over $3 billion of assets under management as of April 2022.   The Debtor's business collapsed in the wake of extreme fluctuations in cryptocurrency markets.   On June 27, 2022, the Debtor commenced the BVI Proceeding and the BVI Court appointed the Foreign Representatives as joint liquidators of the Debtor.

5.     As joint liquidators, the Foreign Representatives are fiduciaries and officers of the BVI Court authorized to take custody and control of the Debtor's assets and, ultimately, effectuate the orderly liquidation of the Debtor's assets for the benefit of the Debtor's creditors.   *See* Carroll Decl. ¶ 28.  In discharging their duties under BVI law, the Foreign Representatives are empowered to investigate the Debtor and its assets, the causes of the Debtor's insolvency, and possible causes of action that may be available to the Debtor.   *Id.* ¶¶ 33-35.   In furtherance of those investigative powers, the Foreign Representatives are granted broad informational rights under the BVI statute and the BVI Court's order appointing the Foreign Representatives as joint liquidators of the Debtor.   *Id.*

6.     The Foreign Representatives will be seeking an order of the BVI Court directing the Founders (defined below) to attend an examination and authorizing the Foreign Representatives to serve the Founders outside the BVI.   Crumpler Decl. ¶ 4.

## II.    THE CHAPTER 15 CASE

7.      On July 1, 2022 (the "Petition Date"), the Foreign Representatives commenced this chapter 15 case (the "Chapter 15 Case") by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding Main Proceeding and Related Relief* [Docket No. 2] (together, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and related relief.

8.      Shortly after commencing the Chapter 15 Case, the Foreign Representatives filed a motion seeking certain provisional relief on July 8, 2022 [Docket No. 22] (the "Provisional Relief Motion") with a focus on controlling and preserving the Debtor's assets.  The Provisional Relief Motion was granted by order entered on July 12, 2022 [Docket No. 32] (the "Provisional Relief Order").  Among other relief, the Provisional Relief Order authorized the Foreign Representatives "to issue subpoenas (a) with respect to the Founders, for the production of documents and deposition[s] . . . and (b) [upon] any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets."   Provisional Relief Order ¶ 4.  Consistent with the Foreign Representatives' paramount interest in protecting the Debtor's estate and in recognition of the limitations on provisional relief, the requests authorized in the Provisional Relief Order were narrowly targeted to ascertain fundamental information about the Debtor's assets, including information necessary to identify, access, and control the Debtor's accounts and digital wallets. *Id.*, Ex. C-D.

9.      On July 28, 2022, the Bankruptcy Court entered the *Order Granting Recognition of Foreign Main Proceeding and Related Relief* [Docket No. 47] (the "Recognition Order"),

granting the relief sought by the Verified Petition, including recognition of the BVI Proceeding as a foreign main proceeding and recognition of the Foreign Representatives as "foreign representatives" as defined in section 101(24) of the Bankruptcy Code.  Recognition Order ¶¶ 2-3.

10.     The Recognition Order also extended the relief granted by the Provisional Relief Order, which was limited to the service of the form of subpoena attached to the Provisional Relief Order.  *Id.* ¶ 13.  The relief requested by this Motion is intended to supplement the relief previously granted by the Provisional Relief Order and further enable the Foreign Representatives to perform their duties in accordance with BVI law.

## III.     RELATED FOREIGN PROCEEDINGS

11.     On July 9, 2022, the Foreign Representatives commenced a proceeding (the "Singapore Proceeding") in the High Court of Singapore (the "Singapore Court") for recognition of the BVI Proceeding as a foreign main proceeding in Singapore.  Thereafter, on July 15, 2022, the Singapore Court entered an order granting the Foreign Representatives certain provisional relief, including, among other things, the power to compel the cooperation of individuals within the jurisdiction of the Singapore Court as if the Debtor were a Singapore-incorporated entity under liquidation in Singapore.  On August 22, 2022, the Singapore Court issued an order granting recognition of the BVI Proceeding as a foreign main proceeding in Singapore.  Crumpler Decl. ¶ 5.  On September 19, 2022, the Singapore Court entered an order requiring all persons and entities located in Singapore to cooperate with the Foreign Representatives in respect of the liquidation. The Foreign Representatives will also be seeking an order from the Singapore Court directing Three Arrows Capital Pte. Ltd. (the "Former Investment Manager"), a Singapore entity and the Debtor's immediate parent that acted as the investment manager of the Debtor, to (a) submit an

affidavit to the Singapore Court containing an account of its dealings with the Debtor and (b) produce any books, papers or other records in its possession or under its control relating to the promotion, formation, business, dealings, affairs or property of the Debtor.  Crumpler Decl. ¶ 5.

12.    On October 6, 2022, the Foreign Representatives filed an application for recognition of the BVI Proceeding as a foreign main proceeding in the Superior Court of Justice (Ontario) (the "Canadian Court").  The Canadian Court has scheduled a hearing to consider the application for October 19, 2022.  The Foreign Representatives also intend to file an application for recognition of the BVI Proceeding as a foreign main proceeding in the Supreme Court of Seychelles very shortly.  Crumpler Decl. ¶ 6.

13.    The Foreign Representatives have also been engaged, through counsel and other professionals, in investigatory and asset recovery activities in a number of other jurisdictions.

## IV.    INVESTIGATIVE EFFORTS UNDER THE PROVISIONAL RELIEF ORDER

14.    From the outset of the BVI Proceeding, the Foreign Representatives have been pursuing their investigation with urgency and by all lawful means available to them.  The Foreign Representatives have engaged directly with banks, cryptocurrency exchanges (both public and over the counter), brokers, the Debtor's administrator, auditor and legal representatives, the principals and management of certain underlying investment assets and other custodians and counterparties with which the Foreign Representatives believe the Debtor or its affiliates have accounts.  Crumpler Decl. ¶ 8.

15.    The Foreign Representatives have also utilized the formal discovery tools authorized in the Provisional Relief Order, as necessary, in furtherance of their continued efforts to identify and preserve the Debtor's assets.  Specifically, following entry of the Provisional Relief Order, the Foreign Representatives served eighteen subpoenas in the form attached to the

Provisional Relief Order.  *Id.* ¶ 9.  The recipients of such subpoenas include banks, cryptocurrency exchanges, and brokers that the Foreign Representatives have identified as having information regarding the Debtor's assets and/or maintaining accounts and digital wallets in the name of the Debtor.  *Id.*

16.    As discussed in greater detail in the Alternative Service Motion, the Foreign Representatives have also attempted to serve subpoenas on the Debtor's founders, Su Zhu and Kyle Livingstone Davies (the "Founders").  As the Founders' whereabouts remain unknown, the Foreign Representatives requested that Advocatus Law LLP ("Advocatus"), Singapore counsel purporting to represent the Founders, accept service of the subpoenas on behalf of the Founders. *Id.* ¶ 20.  Advocatus has declined to accept service and, consequently, the Foreign Representatives have filed the Alternative Service Motion seeking authority to serve the subpoenas on the Founders by certain alternative means.  *Id.*

17.    Additionally, the Founders are still yet to offer any forthright cooperation, whether formal or informal, consistent with their duties owed to the Debtor.  Notwithstanding Advocatus' refusal to accept service on behalf of the Founders, the Foreign Representatives have attempted to engage with the Founders' counsel continuously regarding a number of informal information requests, among other matters.  Namely, the Foreign Representatives have requested specific information regarding the Debtor's assets and accounts and for cooperation in obtaining access to, and control over, them.  As of the date hereof, the Founders, through counsel, have made only selective and piecemeal disclosures.  *Id.* ¶ 16.

18.    The Founders have not made themselves available for meaningful discussions or interviews with the Foreign Representatives, whether formal or informal and to date have only made themselves directly available for two brief discussions.  *Id.* ¶¶ 25-26.  The first of which took

place between the Foreign Representatives and Mr. Zhu on August 11, 2022 and lasted less than

90 minutes. *Id.* ¶ 25. Following the initial discussion, the Foreign Representatives provided the

Founders with an itemized list of high-priority information requests. *Id.* ¶ 25.

19.     The second discussion was with Mr. Davies on August 26, 2022 and lasted for

approximately one hour. *Id.* ¶ 26. The Foreign Representatives requested to discuss the

outstanding information requests, but Advocatus, who were in attendance at each meeting, stated

that the discussion would be confined to providing the means for electronic access to certain

cryptocurrency exchanges at which the Debtor has accounts, and that their client was not open to

discussing the outstanding information requests at that time. *Id.*

20.     In addition to the discussions with the Founders, the Foreign Representatives have

been provided with email addresses, which they have been told can be used to send specific

inquiries directly to the Founders. The Foreign Representatives have sent several inquiries to these

email addresses, and have yet to receive any response, save for responses through Advocatus on

October 7, 2022 to emails sent by the Foreign Representatives regarding recovery passcodes and

private keys to access certain digital wallets. *Id.* ¶ 15.

21.     Despite the Foreign Representatives' numerous requests for cooperation in

identifying and gaining control of the Debtor's assets, the Founders have provided only an

incomplete list of the Debtor's assets. *Id.* ¶ 19. In addition to selective disclosure of the Debtor's

assets, the Foreign Representatives also have reason to believe that the Founders have continued

to withhold "seed phrases" and other information in their possession that is essential to accessing

and controlling certain of the Debtor's digital assets.[3]  *Id.*  Likewise, the Founders have refused to cooperate with the Foreign Representatives' efforts to gain access to the Debtor's books and records in their possession.  *Id.* ¶ 28.  The Founders, through counsel, implausibly insist that the meager information provided to the Foreign Representatives, which amounts to an incomplete list of assets and selective disclosures regarding the means to access certain digital assets electronically, represents all of the documents in their possession relating to the Debtor.  *Id.*

22.    In addition to the Founders, the Foreign Representatives believe that the Debtor's investment manager and former investment manager—Three AC Ltd, a BVI entity (the "Current Investment Manager") and the Former Investment Manager respectively (together with the Current Investment Manager, the "Investment Managers")—possess critical information regarding the Debtor's assets and affairs.  *Id.* ¶ 11.  The Former Investment Manager was the investment manager of the Debtor until August 20, 2021, at which point the Current Investment Manager assumed that role.  Each of the Investment Managers is controlled by the Founders and to the best of the Foreign Representatives belief there was no change in the day-to-day operations of the Debtor or those of the individuals responsible for its management upon the change in the corporate identity of the investment manager.  *Id.*  The Foreign Representatives are informed and believe that the Debtor engaged the Investment Managers to make investment decisions, manage the Debtor's feeder funds, and generally engage in day-to-day management activities on behalf of the Debtor.  *Id.*  In such role, the Foreign Representatives believe that the Investment Managers have access to, and the means to control, the Debtor's accounts with cryptocurrency exchanges and brokerages and

---

[3]    "Seed phrase" refers to a group of random words generated by a digital wallet, typically in connection with the setup of the wallet, that allows the holder of the phrase to access the wallet and the assets held therein.  Crumpler Decl. ¶ 18 n. 7.

maintained, and are still in possession of, servers that held electronic copies of the Debtor's books and records, financial statements, documents related to bank, brokerage, and any other accounts held by the Debtor, and communications. *Id.* The Foreign Representatives have engaged with Solitaire LLP ("Solitaire"), Singapore counsel purporting to represent the Former Investment Manager, which has in the past represented itself as counsel to the Founders. *Id.* ¶ 12. The Foreign Representatives have requested, through Solitaire, that the Investment Managers provide the Foreign Representatives with access to the Debtor's books and records as well as other information relating to the Debtor in the Investment Managers' possession and control. *Id.* As of the date hereof, the Investment Managers have provided only certain login details for some of the Debtor's brokerage accounts and certain historical asset information for the Debtor's feeder funds. *Id* ¶ 31. The Investment Managers piecemeal, selective disclosures are insufficient and their lack of forthright cooperation has hindered the Foreign Representatives' ability to perform their duties.

23.    By this Motion, the Foreign Representatives seek, among other relief, authority to serve subpoenas for the production of documents and testimony on the Founders, the Investment Managers, and third parties that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor's assets, affairs, rights, obligations, or liabilities. The Foreign Representatives believe that these parties possess valuable discoverable information regarding the Debtor's affairs, including the causes of the Debtor's insolvency, claims against its estate, and its assets, including potential causes of action. *Id.* ¶ 14.

## **BASIS FOR RELIEF**

24.    Under the Recognition Order, the Foreign Representatives have been "entrusted with the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States." Recognition Order ¶ 5. The relief requested in this Motion will enable the

Foreign Representatives to administer and realize the Debtor's assets by furthering their investigation into the location, value, and extent of the Debtor's obligations and assets, including any causes of action, and is consistent with the provisions of the Recognition Order and the Bankruptcy Code.

## I.    CAUSE EXISTS TO GRANT THE REQUESTED RELIEF PURSUANT TO SECTION 1521(a)(4) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2004.

25.    Upon recognition of a foreign proceeding—and "where necessary to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors"— the Court may enter an order "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a)(4). As outlined in section 1501 of the Bankruptcy Code, one of the objectives of Chapter 15 is the "protection and maximization of the value of the debtor's assets." 11 U.S.C. § 1501(a)(4). Relief under section 1521 is available "only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

26.    Section 1521(a)(4) "enables a Foreign Representative to take broad discovery concerning the property and affairs of a debtor." *In re Millennium Global Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012). The discovery available in a Chapter 15 case pursuant to section 1521(a)(4) mirrors the discovery available in plenary proceedings under the Bankruptcy Code under Bankruptcy Rule 2004.[4] Thus, case law interpreting Bankruptcy Rule

---

[4]    *See, e.g.*, *id.* ("[T]he Court notes that one of the main purposes of chapter 15 is to assist a foreign representative in the administration of the foreign estate, which would militate in favor of granting a foreign representative broad discovery rights using the full scope of Rule 2004. This conclusion would be consistent with case law under the predecessor of chapter 15, 11 U.S.C. § 304.") (internal citations omitted); *In re Glitnir banki hf*, No. 08-14757

2004 is instructive in applying section 1521(a)(4).  Under Bankruptcy Rule 2004, and "[o]n motion of any party in interest, the court may order the examination of any entity" relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(a), (b).  "The scope of [] Rule 2004 [discovery] is very broad and can be in the nature of a fishing expedition." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir. 1961), cert. denied, 366 U.S. 924 (1961)).  "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

27.     "The purpose of a Rule 2004 examination is to 'discover the nature and extent of the bankruptcy estate' in order to distribute the debtor's assets for the benefit of its creditors."  *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016).  A party seeking discovery under Rule 2004 "has the burden to show good cause for the examination it seeks, and relief relies within the sound discretion of the Bankruptcy Court."  *In re AOG Entm't, Inc.*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016).  Good cause is typically shown "by establishing that the proposed examination 'is necessary to establish the claim of the party seeking the examination, or . . . [that] denial of such request would cause the examiner undue hardship or injustice.'"  *Id.* at 109.  In deciding whether to grant a request under Rule 2004, the Court must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination."  *Id.*

---

(SMB), 2011 WL 3652764, at *6 (Bankr. S.D.N.Y. Aug. 19, 2011) (explaining that Rule 2004 "complements" the rights granted under section 1524(a)).

28.    Here, the requirements for discovery under section 1521(a)(4) and Bankruptcy Rule 2004 are plainly satisfied.  The Foreign Representatives are seeking discovery from individuals and entities that they reasonably believe to have information relating to the Debtor's assets, affairs, rights, obligations and liabilities.  Specifically, the Foreign Representatives seek to obtain (a) documentary and testimonial discovery from the Founders, whom the Foreign Representatives believe possess and control assets of the Debtor and/or have information relating to the identity and location of such assets, (b) the Investment Managers, whom the Foreign Representatives believe have fundamental information regarding the Debtor's assets and affairs, including electronic copies of the Debtor's books and records, financial statements, documents related to bank, brokerage, and any other accounts held by the Debtor, and communications, and (c) other persons or entities that the Foreign Representatives reasonably determine may have information regarding the Debtor's assets, affairs, rights, obligations, or liabilities.  In addition to the Founders and the Investment Managers, the parties from whom the Foreign Representatives may seek discovery include the Debtor's affiliates, administrator, auditor and legal representatives, and certain banks, cryptocurrency exchanges, brokers, the principals and management of certain underlying investment assets and other custodians and counterparties that the Foreign Representatives believe may have pertinent information.

29.    The relief granted by the Provisional Relief Order and extended by the Recognition Order addressed the immediate need to identify, obtain control of, and protect the Debtor's assets. Nevertheless, the Foreign Representatives require additional information related to the Debtor's affairs, rights, obligations, and liabilities in order to fully discharge their duties under BVI law and further their investigation into the Debtor's assets and liabilities, the causes of the Debtor's insolvency, and possible causes of action that may be available to the Debtor.  To that end, the

Foreign Representatives require access to the robust discovery tools offered by Chapter 15 and Rule 2004 in order to complete their investigation, protect the Debtor's assets, and ultimately maximize the value of the Debtor's assets for the benefit of all creditors.

30.     In particular, here, it is imperative that the Foreign Representatives be given prompt access to the materials in possession Investment Managers, each of which is controlled by the Founders and, like the Founders, have to date declined to offer meaningful cooperation to the Foreign Representatives.  Those materials bear directly on the location and viability of the Debtor's assets.  Crumpler Decl. ¶ 11.  Accordingly, the requested relief is "necessary to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors."  11 U.S.C. § 1521(a).

31.     Any inconvenience to the discovery recipients is significantly outweighed by the Foreign Representatives' significant need for authority to serve the proposed discovery.  Absent authority to pursue discovery, there is a real risk that the Foreign Representatives will not be able to carry out their duties as established by the BVI Court.  Moreover, any potential harm to the discovery recipients is mitigated because the rights of such recipients to object in accordance with applicable law and procedural rules will be preserved.

32.     In short, the significant harm to the Debtor and its assets, and ultimately the Debtor's creditors, which would occur absent the relief requested herein far outweighs any potential prejudice to the Founders and the other recipients of discovery requests.

## II.    THE REQUESTED RELIEF IS ALSO APPROPRIATE PURSUANT TO SECTIONS 1521(a)(7) AND 542(e) OF THE BANKRUPTCY CODE.

33.     In addition to the relief afforded by section 1521(a)(4), section 1521(a)(7) provides that the Court may grant to the Foreign Representatives "any additional relief that may be available to a trustee."  11 U.S.C. § 1521(a)(7).  In interpreting section 1521(a)(7), courts have held that

section 542(e) of the Bankruptcy Code and Bankruptcy Rule 2004 are "either directly applicable in chapter 15 cases or, in the alternative, delineate relief which can be granted by the court." *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 810 (Bankr. S.D.N.Y. 2018).[5]

34.   Section 542(e) of the Bankruptcy Code provides, in relevant part, that "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."  11 U.S.C. § 542(e).  Section 542(e) provides that the Court may order the disclosure of documents concerning a debtor's property or financial affairs, whether or not the documents themselves are property of the estate.  *See In re McKenzie*, 716 F.3d 404, 419 (6th Cir. 2013); *In re Am. Metrocomm Corp.*, 274 B.R. 641, 652 (Bankr. D. Del. 2002).   A foreign representative may seek disclosure pursuant to section 542(e) of the Bankruptcy Code.  *See In re AJW Offshore, Ltd.*, 488 B.R. 551, 558-60 (Bankr. E.D.N.Y. 2013).

35.   As discussed in greater detail above, it is imperative that the Foreign Representatives be able to continue to investigate the Debtor's affairs, rights, obligations and liabilities, and to seek the causes of the Debtor's insolvency and any causes of action that may be available to the Debtor.  In the absence of meaningful cooperation from the Debtor's Founders (and the Investment Managers, which the Founders' control), the Foreign Representatives have been forced to piece together the Debtor's financial situation from publicly available information, information gleaned from blockchain analytics tools, and documents made available by creditors

---

[5]   *See also In re Millennium Glob.*, 471 B.R. at 347 (noting that, while not reaching the issue in the immediate decision, "[a]dditional assistance [under section 1507(a)] can be provided by making Bankruptcy Rule 2004 fully applicable" in Chapter 15).

or other interested third parties.  Crumpler Decl. ¶ 13.

36.     As the Foreign Representatives' investigation continues, additional parties will undoubtedly be identified that are in possession of books and record and other documents concerning the debtor's property or financial affairs.  Parties in possession of such fundamental information regarding the Debtor and its affairs, including the Founders and the Investment Managers, should be required to make such information available to the Foreign Representatives in accordance with section 542(e).  The relief requested will enable the Foreign Representatives to gain access to fundamental information relating to the Debtor and its affairs in a manner that will reduce strain on both the Court and the Debtor's resources.

37.     Relief similar to that requested by this Motion is commonly granted in Chapter 15 cases, including by this Court and others in this district.  *See, e.g., In re Cryptopia Limited*, No. 19-11688 (DSJ) [Docket No. 37] (Bankr. S.D.N.Y. November 10, 2021) (granting foreign representative relief under sections 542(e) and 1521(a)(4)); *In re Platinum Partners,* 583 B.R. at 810 (granting foreign representatives relief under section 1521(a) and affirming that 542(e) applies in chapter 15); *In re Millennium Glob.*, 471 B.R. at 348 (granting foreign representatives relief under section 1521(a)(4)).  The proposed discovery is critical to the effective discharge of the Foreign Representatives' duties and the relief requested herein is appropriate in light of the circumstances.

## **NOTICE**

38.     The Foreign Representatives have provided notice of the Motion, pursuant to Bankruptcy Rules 1011(b) and 2002, to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) the Founders; (d) the members of the committee of unsecured creditors appointed in connection with the BVI

Proceeding; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 of which the Foreign Representatives are aware.  In light of the relief requested, the Foreign Representatives submit that no further notice is necessary.

## **PRIOR REQUEST**

39.     The Foreign Representatives have sought, and obtained, authority to serve limited discovery on the Founders and third parties pursuant to the Provisional Relief Order.

[*Remainder of Page Internationally Left Blank.*]

**WHEREFORE**, the Foreign Representatives respectfully request entry of the Proposed

Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 14, 2022
New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
brett.neve@lw.com
nacif.taousse@lw.com
brian.rosen@lw.com

– and –

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
nima.mohebbi@lw.com
caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

## <u>EXHIBIT 1</u>

**Form of Subpoena**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re __Three Arrows Capital, Ltd_____
                              Debtor

_(Complete if issued in an adversary proceeding)_

Case No. __22-10920 (MG)_____

Chapter _____15_____

_____
                              Plaintiff

v.

_____
                              Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  **Kyle Livingston Davies**
_____
                              _(Name of person to whom the subpoena is directed)_

[x] _Production_:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attachment A

| PLACE | DATE AND TIME |
|---|---|
| electronic production to nima.mohebbi@lw.com | |

[ ] _Inspection of Premises_:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____         _____
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Joint Liquidators_____ , who issues or requests this subpoena, are:
 Nima H. Mohebbi, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, nima.mohebbi@lw.com, (213) 485-1234

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
       (i) is a party or a party's officer; or
       (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       (i) fails to allow a reasonable time to comply;
       (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       (i) disclosing a trade secret or other confidential research, development, or commercial information; or

       (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>ATTACHMENT A TO PRODUCTION SUBPOENA</u>

Pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, and the Court's Order authorizing the issuance and directing compliance with subpoenas (ECF No. 32), dated July 12, 2022, the Joint Liquidators request You (as defined below) produce Documents responsive to the following requests (the "Requests").

## I.   DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.     "<u>Account</u>" means any currency account, brokerage account, investment account, money market account, securities account, or any other type of account maintained by and through You, including any Wallet, regardless of whether the Account relates to a Digital Asset or a Fiat Asset.

2.     "<u>Communication</u>" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including, without limitation, notes, letters, telegrams, facsimiles, electronic mail, voicemail, text messages, instant messages, social media direct messages, and voice messages.

3.     "<u>Company</u>" refers to Three Arrows Capital, Ltd, incorporated as a business company under the laws of the British Virgin Islands on May 3, 2021, Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, and any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on their behalf.

4.      "<u>Digital Asset</u>" means any virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of same.

5.      "<u>Document</u>" means the full and broadest scope of documents and things discoverable under the Federal Rules of Civil Procedure, encompassing material of whatever kind or nature, whether typed, printed, handwritten, Electronically Stored, or otherwise produced (including all drafts and non-identical copies of any such document) and however stored, printed, recorded, or preserved, including all communications, correspondence, letters, memoranda, notes, contracts, bills, invoices, photographs, calendars, photocopies, audio or video recordings, and electronic data compilations, including computerized files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail messages, and text messages.

6.      "<u>Electronically Stored</u>" means any information stored electronically, magnetically or optically, including but not limited to: (a) digital communications; (b) word processed documents; (c) spreadsheets and tables; (d) accounting application data; (e) image and facsimile files; (f) sound recordings; (g) video and animation; (h) databases; (i) contact and relationship management data; (j) calendar and diary application data; (k) online access data; (l) presentations; (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files.

7.      "<u>Fiat Asset</u>" means any government-issued currency not backed by a commodity.

8.      The phrase "<u>possession, custody, or control</u>" with respect to Documents, Communications, or other information requested from You means Documents, Communications, or other information physically in Your possession; digitally accessible via the internet, cloud or other similar means; or otherwise within your knowledge.

9.      The terms "relates", "relating to", and "related to" mean evidencing, constituting, discussing, referring to, defining, mentioning, concerning, detailing, reflecting, or utilized or referred to in connection therewith.

10.      The term "sharing" means matching, equivalent to, or identical to.

11.      "Wallet" means digital accounts or applications used to store and/or trade any Digital Asset.

12.      "You" and "Your" shall mean and refer to Kyle Davies, including any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on Your behalf.

## II.    INSTRUCTIONS

1.      In responding to the Requests, You are required to furnish all Documents available to You regardless of whether this information is possessed directly by You, Your agents, representatives, spouse, employees, or investigators; or by any other legal or non-legal entities controlled by or in any manner presently or previously affiliated with You.

2.      These Requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Requests, You are required to supplement or amend Your responses.

3.      This Subpoena incorporates by reference the Uniform Definitions in Discovery Requests contained in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), made applicable to this Chapter 15 case by Local Bankruptcy Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules" and together with the Local Civil Rules, the "Local Rules").

4.      Where a claim of privilege is asserted in objecting to any Request or part thereof, please follow the requirements set forth in the Fed. R. Civ. P. 26 and the Local Rules.

5.      If You elect to specify and produce business records in answer to any Request, the specification shall be sufficiently detailed to permit the requesting party to locate and identify, as readily as possible, the business records from which the answer may be ascertained.

6.      If, in responding to the Requests, You encounter any ambiguities when construing a question, instruction, or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

7.      Each Document is to be produced in its entirety even if only a portion of the Document is related to the identified subject matter. Documents should be produced in their original format without abbreviation, editing, or expurgation. Documents should include all exhibits, appendices, tables, or other attachments and be inclusive of all related metadata (including but not limited to: sent date, last modified date, and created date). If an exhibit, appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available it should be submitted and clearly marked to indicate the Document to which it corresponds. With the exception of privileged material, no Document or portion thereof should be masked or deleted in any manner.

8.      If the Document was—but is no longer—in Your possession, custody or control, or in existence, state the date and nature of the Document and explain why the Document is unavailable.

9.      If any Request herein cannot be complied with in full, comply to the fullest extent of Your ability to do so and state why full compliance is not possible.

10.     If any Document responsive to any of the following Requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; authors, addressees and recipients shown as "cc" or copied on the Document; title; substance or subject matter; type (e.g. memorandum, letter, report, etc.); any attachments to the Document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the Document; the date of the destruction or other disposition of the Document; the manner and reason for its destruction or other disposition; and the identities of persons authorizing such destruction or other disposition.

11.     Each of the Requests herein shall be limited in scope to the period from January 1, 2012 to the present—the period since the Company's inception.

12.     Questions or concerns may be directed to Warren E. Gluck (warren.gluck@hklaw.com) or Nima H. Mohebbi (nima.mohebbi@lw.com).

## III.   DOCUMENT REQUESTS

1.     Documents sufficient to identify the existence of, location of, and method of accessing and controlling the assets of the Company, including, without limitation, information related to the following:

> a.     Accounts;
>
> b.     Digital Assets and Fiat Assets;
>
> c.     derivatives of Digital Assets, including, but not limited to, SAFT (Simple Agreements for Future Tokens), SAFE (Simple Agreements for Future Equity), Contracts for Difference, options, and other similar investment agreements;

5

    d.    seed phrases, private keys, and any other information relating to the means of accessing and controlling any Accounts, Digital Assets, or Fiat Assets;

    e.    securities, including, but not limited to, private equity, loans, investments in partnerships, and unregistered shares;

    f.    centralized and/or decentralized exchanges where You or the Company held Accounts;

    g.    accounts receivable; and

    h.    any other tangible or intangible assets.

2.    All books, papers and records in Your possession, custody, or control relating to the Company.  For the avoidance of doubt, this refers to all data held in paper or electronic format, inclusive of any electronically stored files on physical or cloud file storage servers, document management systems, external media (such as hard drives or USB devices) or any electronic devices including desktop computers, laptops, tablets or mobile telephone devices.  This should also include copies of any related Communications conducted on paper, email or messaging applications such as, but not limited to, Discord, WhatsApp, Telegram, or Twitter.

3.    For the following individuals or entities ("**Discovery Targets**"), please provide all Communications and Documents, relating to either the Discovery Target's name or any of the other information provided below:

    a.  Su Zhu

        i.  Email: ███████████████

        ii.  Email: ████████████

        iii.  Email: ████████

      iv.  <u>Email:</u> ██████████

      v.  <u>Address:</u> ███████████████

      vi.  Address: ████████████████████████

              ████████

      vii.  Address: ████████████████

b.  Kyle Livingston Davies

      i.  <u>Email:</u> █████████

      ii.  <u>Email:</u> ████████████

      iii.  <u>Email:</u> ██████████

      iv.  <u>Email:</u> ████████████

      v.  <u>Email:</u> ████████████

      vi.  <u>Email:</u> ████████████

      vii.  <u>Email:</u> ████████████

      viii.  <u>Email:</u> ████████████

      ix.  <u>Address:</u> █████████████████

      x.  <u>Address:</u> ████████████████

      xi.  <u>Address:</u> ██████████████████████

c.  Hannah Marion Terhune

      i.  <u>Address:</u> ████████████████████████

d.  Mark James Dubois

      i.  <u>Address:</u> ████████████████████

e.  Cheuk Yao Pau

      i.  <u>Address:</u> ████████████████████

     f.   Elfwood Limited

        i.  <u>Address</u>: ██████████████████████████████

            ██████████████████

     g.   Kelly Kaili Chen

        i.  <u>Email</u>: ██████████████████

     h.   Tai Ping Shan Limited and its associates including, but not limited to, Tai Ping Shan Capital Pte Ltd, TPS Capital FZE, TPS Research Ltd, Skew Investments Limited and Three Lucky Charms Ltd.

     i.   DeFiance Capital and its associates, including but not limited to, its manager, Arthur Cheong

     j.   Starry Night Capital and its associates, including but not limited to, its curator, Vincent Van Dough

4.     Please provide all Documents and Communications relating to any and all of the following Accounts and any other accounts relating to the Company of which you are aware: **[accounts to be included upon service]**.

5.     For each of the following blockchain addresses and any other blockchain addresses relating to the Company of which you are aware, please provide all Documents and Communications relating to each address: **[blockchain addresses to be included upon service]**

6.     Please provide all Documents and Communications relating to the Company not included above.

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

## ORDER (A) AUTHORIZING ISSUANCE OF SUBPOENAS AND (B) GRANTING RELATED RELIEF

Upon the *Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief*[2] seeking entry of an order (this "Order") (a) authorizing the issuance of, and directing compliance with, subpoenas for the production of documents and testimony on the Founders and any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets, including, but not limited to, the form of subpoena attached hereto as Exhibit 1 to the Motion; and (b) granting related relief; and this Court having considered the Motion, the Declarations, and the evidence presented at the hearing before this Court, if any; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and

---

[1]    The last four digits of the Debtor's British Virgin Islands company registration number are 0531.  The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

concludes as follow:[3]

(a)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

(b)    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

(c)    This Court may enter a final order consistent with Article III of the United States Constitution.

(d)    The relief granted hereby is necessary and appropriate and authorized under sections 524(e), 1521(a)(4), and 1521(a)(7) of the Bankruptcy Code and Bankruptcy Rule 2004.

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted as set forth herein.

2.    All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3.    The Foreign Representatives and their agents are authorized to serve subpoenas for the production of documents and testimony upon the Founders, the Investment Managers, and any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets.

4.    Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's rights to object in accordance with applicable law and procedural rules.

5.    Unless otherwise agreed among the parties in writing, each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

copy of this Order.

6.      Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties in interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced.  Copies of such letter briefs shall also be emailed to the Court's chambers.

7.      The Founders and the Investment Manager shall turnover and disclose to the Foreign Representatives any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and their agents are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9.      This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through these Chapter 15 Cases; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated:    New York, New York
          _____, 2022

                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        CHIEF UNITED STATES BANKRUPTCY
                                        JUDGE