## **EXHIBIT A**

## **[PROPOSED] ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>Three Arrows Capital, Ltd,[1]<br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

## ORDER AUTHORIZING ALTERNATE SERVICE REQUIREMENTS AND GRANTING RELATED RELIEF

Upon the *Foreign Representatives' Motion For Entry of An Order Authorizing Alternate Service Requirements* (the "**Motion**") seeking entry of an order (this "**Order**") (a) authorizing the service of FRCP Rule 45 subpoenas in alternative manners; (b) authorizing the issuance of subpoenas that command the electronic production of documents; and (c) granting related relief; and this Court having considered the Motion, the Declarations, and the evidence presented at the hearing before this Court, if any; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follow:[2]

    (a)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    (b)    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

    (c)    This Court may enter a final order consistent with Article III of the United States

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

Constitution.

(d) The relief granted hereby is necessary and appropriate and authorized under sections 524(e), 1521(a)(4), and 1521(a)(7) of the Bankruptcy Code and Bankruptcy Rule 2004.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Joint Official Liquidators ("**Foreign Representatives**") and their agents are authorized to serve subpoenas directed at individuals via personal service.

4. The Foreign Representatives and their agents are authorized to serve subpoenas directed at entities via personal service on individuals authorized to accept service on behalf of the applicable entity.

5. The Foreign Representatives and their agents are authorized to serve subpoenas directed at the Founders via (a) the Founders' personal email addresses listed in the Motion, (b) the Twitter pages listed in the Motion, and (c) the Founders' counsel's email address.

6. To the extent that the Foreign Representatives are unable to effectuate personal service as set forth in paragraphs 3 and 4 above, the Foreign Representatives are authorized to effectuate service in a manner that is feasible and is reasonably calculated to provide timely, actual notice, including, but not limited to, service via: (a) mail, (b) email, (c) delivery to the subpoena recipient's place of business or corporate office, or (d) delivery of a copy of the subpoena to the subpoena recipient's counsel by mail and/or email; *provided* that the Foreign Representatives attempt no less than two of the aforementioned personal service methods.

7. The Foreign Representatives and their agents are authorized to serve subpoenas

commanding the electronic production of documents.

8. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's rights to object in accordance with applicable law and procedural rules.

9. Unless otherwise agreed among the parties in writing, each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a copy of this Order.

10. Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single-spaced. Parties in interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single-spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and their agents are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through these Chapter 15 Cases; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated:   New York, New York
         _____, 2022

                                                THE HONORABLE MARTIN GLENN
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE

5