| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin Campbell (admitted *pro hac vice*) |
| Brian S. Rosen | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 355 South Grand Avenue, Suite 100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90071 |
| New York, NY 10020 | Telephone: (213) 485-1234 |
| Telephone: (212) 906-1200 | Facsimile: (213) 891-8763 |
| Facsimile: (212) 751-4864 | Email: daniel.schecter@lw.com |
| Email: adam.goldberg@lw.com | nima.mohebbi@lw.com |
| brett.neve@lw.com | caitlin.campbell@lw.com |
| nacif.taousse@lw.com | |
| brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (I) FOREIGN
REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING
ISSUANCE OF SUBPOENAS AND (B) GRANTING RELATED RELIEF,
(II) FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF
PROCESS, AND (III) DECLARATION OF RUSSELL CRUMPLER**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "Motion").

## RELIEF REQUESTED

1. By this Motion, the Foreign Representatives request entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"):

    (a) authorizing the filing of the *Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief* (the "Discovery Motion") publicly with the physical and email addresses (the "Founder Addresses") for Su Zhu, Kyle Livingstone Davies (together, the "Founders"), and certain other individual affiliates (together with the Founders, the "Founder Parties"), redacted while filing the Discovery Motion under seal with such addresses unredacted;

    (b) authorizing the filing of the *Foreign Representatives' Motion for an Order Authorizing Alternative Service of Process* (the "Alternative Service Motion") publicly with the Founder Addresses redacted while filing the Alternative Service Motion under seal with such addresses unredacted;

    (c) authorizing the filing of the *Declaration of Russell Crumpler in Support of the Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief and (II) Motion for Entry of an Order Authorizing Alternative Service of Process* (the "Crumpler Declaration") publicly with the Founder Addresses redacted while filing the Crumpler Declaration under seal with such addresses unredacted; and

    (d) granting related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.) This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The statutory bases for relief are sections 105(a), 107(b) and 107(c) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "Local Bankruptcy Rules").

## BACKGROUND

3. The Foreign Representatives commenced this chapter 15 case (the "Chapter 15 Case") on July 1, 2022, by filing the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Proceeding Main Proceeding and Related Relief* [Docket No. 2] (together, the "Verified Petition"), seeking recognition of the BVI Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and related relief.

4. The facts related to this matter are set forth in detail in the Verified Petition, the *Declaration of Russell Crumpler in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 3], and the *Declaration of Grant Carroll in Support of Petition for Recognition and Chapter 15 Relief* [Docket No. 4].

## BASIS FOR RELIEF

5. The Founder Addresses should be redacted pursuant to section 107(c) of the Bankruptcy Code. Section 107(c) is a codified exception to the general rule of public access and protects individuals from potential harm caused by the disclosure of confidential information. Specifically, section 107(c) provides, in relevant part, that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

6. As noted by Collier on Bankruptcy, "[s]ection 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 2 COLLIER ON BANKRUPTCY ¶ 107.04 (16th ed.). Accordingly, "[t]he types of information that can be protected by the court are unlimited." *Id.*

7. The Discovery Motion, the Alternative Service Motion, and the Crumpler Declaration each contain personally identifiable information of the Founder Parties in the form of personal email addresses. Disclosure of the Founder Addresses could be detrimental to the Founder Parties. There is a high-level of public interest in these liquidation proceedings that adds to the sensitivity around disclosing personally identifiable information. This Court has supported the sealing of individual physical and email addresses on the grounds that the exposure of specific types personally identifiable information, including such addresses, can be used to perpetrate identity theft, blackmail, harassment, doxing, and stalking. *See, e.g., In re Celsius Network LLC,* Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 28, 2022). This Court has also found that the disclosure of email addresses, in combination with names, could also render individuals' cryptocurrency assets more susceptible to theft. *Id.* Consistent with section 107(c) of the Bankruptcy Code, the Foreign Representatives submit that it is appropriate to redact from the Crumpler Declaration the Founder Addresses.

8. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr.

S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. Accordingly, the Foreign Representatives respectfully submit that cause exists to allow them to redact the Founder Addresses contained in the Discovery Motion, Alternative Service Motion, and the Crumpler Declaration for public filing. However, to maximize transparency, the Foreign Representatives propose to file a copy of the Discovery Motion, Alternative Service Motion, and the Crumpler Declaration with unredacted Founder Addresses with the Court under seal and to share copies thereof with the U.S. Trustee on a strictly confidential basis. The Proposed Order that the Foreign Representatives submit is narrowly tailored to restrict access only to confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

**NOTICE**

10. Notice of this Motion will be provided to the United States Trustee for the Southern District of New York. The Foreign Representatives submit that no other or further notice of this Petition is necessary or required.

**PRIOR REQUEST**

11. The Debtor has made a prior request for relief similar to that being sought in this Motion, in its (a) *Motion for Authorization to File Unredacted Certificates of Service Under Seal*

[Docket No. 29], filed July 11, 2022 and (b) *Motion for Authorization to File Unredacted Petition Under Seal* [Docket No. 6], filed July 1, 2022.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 14, 2022
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: adam.goldberg@lw.com
      brett.neve@lw.com
      nacif.taousse@lw.com
      brian.rosen@lw.com

– and –

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: daniel.schecter@lw.com
      nima.mohebbi@lw.com
      caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**[PROPOSED] ORDER GRANTING FOREIGN REPRESENTATIVES' MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (I) FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ISSUANCE OF SUBPOENAS AND (B) GRANTING RELATED RELIEF, (II) FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS, AND (III) DECLARATION OF RUSSELL CRUMPLER**

Upon the Motion (the "Motion")[2] of the Foreign Representatives for entry of an order (this "Order") pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rules 9013-1(a) and 9018-1 (a) authorizing the Foreign Representatives to file under seal the Discovery Motion, Alternative Service Motion, and Crumpler Declaration, and (b) directing that such information remain confidential and under seal and not be made available to anyone without the prior written consent of the Foreign Representatives, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.  The Motion is granted as set forth herein.

2.  The Foreign Representatives are authorized to file the Discovery Motion, the Alternative Service Motion, and the Crumpler Declaration on the public docket of this case redacting the Founder Addresses.

3.  The unredacted Discovery Motion, Alternative Service Motion, and Crumpler Declaration containing the Founder Addresses are confidential and shall remain under seal, and shall not be made available to anyone other than this Court, the Clerk of the Court, and the U.S. Trustee. The U.S. Trustee shall keep the Founder Addresses on a strictly confidential basis. Any party who receives the Founder Addresses in accordance with this Order shall not disclose or otherwise disseminate such information to any other person or entity without the prior consent of the Foreign Representatives.

4.  Upon closure of the Chapter 15 Case, the Clerk's Office is directed to release any hard copies or electronic storage device of the Founder Addresses to the Foreign Representatives for disposal.

5. The Foreign Representatives are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      New York, New York

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE