| | |
|---|---|
| Adam J. Goldberg | Daniel Scott Schecter (admitted *pro hac vice*) |
| Brett M. Neve | Nima H. Mohebbi (admitted *pro hac vice*) |
| Nacif Taousse | Caitlin Campbell (admitted *pro hac vice*) |
| Brian S. Rosen | **LATHAM & WATKINS LLP** |
| **LATHAM & WATKINS LLP** | 355 South Grand Avenue, Suite 100 |
| 1271 Avenue of the Americas | Los Angeles, CA 90071 |
| New York, NY 10020 | Telephone: (213) 485-1234 |
| Telephone: (212) 906-1200 | Facsimile: (213) 891-8763 |
| Facsimile: (212) 751-4864 | Email:  daniel.schecter@lw.com |
| Email:  adam.goldberg@lw.com |          nima.mohebbi@lw.com |
|           brett.neve@lw.com |          caitlin.campbell@lw.com |
|           nacif.taousse@lw.com | |
|           brian.rosen@lw.com | |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd, [1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**FOREIGN REPRESENTATIVES' NOTICE OF FILING OF FOREIGN COURT ORDER**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "<u>Foreign Representatives</u>") of Three Arrows Capital, Ltd (the "<u>Debtor</u>"), hereby give notice of filing of the attached Court Order, dated November 30, 2022 entered by The Honourable Justice Vinodh Coomaraswamy of the General Division of the High Court of the Republic of Singapore (the "<u>Foreign Court Order</u>"), attached hereto as **Exhibit A**.

---

[1]  The last four digits of the Debtor's British Virgin Islands company registration number are 0531.  The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

Dated: December 1, 2022  
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
          brett.neve@lw.com
          nacif.taousse@lw.com
          brian.rosen@lw.com

– and –

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Caitlin Campbell (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
          nima.mohebbi@lw.com
          caitlin.campbell@lw.com

*Counsel to the Foreign Representatives*

# EXHIBIT A

**Foreign Court Order**

### IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Case No.: HC/OA 317/2022
Sub Case No.: HC/SUM 3802/2022
Doc No.: HC/ORC 6042/2022
Filed: 01-December-2022 10:23 AM

In the matter of Part 11 of the Insolvency, Restructuring and Dissolution Act 2018

And

In the matter of Section 252 of the Insolvency, Restructuring and Dissolution Act 2018

And

In the matter of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (No. 40 of 2018)

And

In the matter of Article 15 of the UNCITRAL Model Law on Cross-Border Insolvency

And

In the matter of the Appointment of Liquidators in the High Court of the Territory of the British Virgin Islands over Three Arrows Capital Ltd (BVI Company No. 1710531) on 27 June 2022, by way of BVIHC(COM)2022/0119 and BVIHC(COM)2022/0117

And

In the matter of THREE ARROWS CAPITAL LTD (BVI Company No. 1710531)



1. THREE ARROWS CAPITAL LTD
   (British Virgin Islands Registration No. 1710531)

2. CHRISTOPHER FARMER
   (United Kingdom Passport No. 525512120)
   solely in his capacity as a duly appointed joint liquidator of Three Arrows Capital Ltd

3. RUSSELL CRUMPLER
   (United Kingdom Passport No. 537127838)
   solely in his capacity as a duly appointed joint liquidator of Three Arrows Capital Ltd

...Applicant(s)

### ORDER OF COURT

| | |
|---|---|
| Case No: | HC/OA 317/2022 |
| SubCase No: | HC/SUM 3802/2022 |
| Before: | The Honourable Justice Vinodh Coomaraswamy |
| Venue: | in Chambers |
| Hearing date/Time: | 30-November-2022 |

1

**UPON THE APPLICATION** of the Applicants made by way of HC/SUM 3802/2022 coming on for hearing on 30 November 2022, and **UPON READING** the 1st Affidavit of Russell Crumpler filed in HC/OA 317/2022 on 9 July 2022 and the exhibits therein, the 3rd Affidavit of Russell Crumpler filed in HC/SUM 2963/2022 on 15 August 2022 and the exhibits therein, the 9th Affidavit of Russell Crumpler filed in HC/SUM 3802/2022 on 15 October 2022 and the exhibits therein, the 11th Affidavit of Russell Crumpler filed in HC/SUM 3802/2022 under cover of the 2nd Affidavit of Kwong Kai Sheng filed in HC/SUM 3802/2022 on 29 November 2022 and the Liquidators' Written Submissions for HC/SUM 3802/2022 dated 23 November 2022, and **UPON HEARING** counsel for the Applicants, it is ordered that:

1. Three Arrows Capital Pte. Ltd. (Singapore UEN No. 201302969M) ("**TACPL**") shall, within one (1) week from the date of this order, submit an affidavit to the High Court of the Republic of Singapore by filing the said affidavit in HC/OA 317/2022 containing an account of TACPL's dealings with Three Arrows Capital Ltd (British Virgin Islands Registration No. 1710531) ("**the Company**") and shall produce as exhibits to that affidavit all books, papers or other records in TACPL's possession or under TACPL's control relating to the promotion, formation, business, dealings, affairs or property of the Company, including but not limited to the books, papers and other records listed in WongPartnership LLP's letter dated 17 November 2022 to Solitaire LLP ("**Documents**"), a copy of which letter is annexed hereto.

2. Zhu Su (Singapore NRIC No. S8776088Z) shall, within one (1) week from the date of this order, submit an affidavit to the High Court of the Republic of Singapore by filing the said affidavit in HC/OA 317/2022 containing an account of his own and TACPL's dealings with the Company and shall produce as exhibits to that affidavit all Documents which are in his possession or under his control.

3. Kyle Livingston Davies (Singapore NRIC No. S8786388C) shall, within one (1) week from the date of this order, submit an affidavit to the High Court of the Republic of Singapore by filing the said affidavit in HC/OA 317/2022 containing an account of his own and TACPL's dealings with the Company and shall produce as exhibits to that affidavit all Documents which are in his possession or under his control.

4. Any person named in this order shall have liberty to apply in relation to any matter arising out of the interpretation of, implementation of or compliance with this order.



Notes:
1. The person or entity served with this judgment/order and who/which has been ordered to pay money, to do or not to do any act must comply immediately or within the time specified in the judgment/order, if any.
2. Failure to comply may result in enforcement of judgment/order proceedings, including contempt of Court proceedings, against the said person or entity.

| 1 | Name of Document: Annex: | Annex A |
|---|---|---|



*https://www.courtorders.gov.sg*
*Access code: 84nt3oeca*

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore or, in the case of a Schedule of Assets, that it was filed with the Courts in relation to an application for a Grant of Probate/Letter of Administration; and (b) the text of the document was issued on 30 Nov 2022



HC/OA317/2022:HC/SUM3802/2022:HC/ORC6042/2022:HC/OA317/2022:HC/SUM3802/2

TAN BOON HENG
REGISTRAR
SUPREME COURT
SINGAPORE



3

 

WongPartnership LLP
12 Marina Boulevard Level 28
Marina Bay Financial Centre Tower 3
Singapore 018982

T +65 6416 8000

wongpartnership.com

ASEAN | CHINA | MIDDLE EAST

Date: 17 November 2022

**Solitaire LLP**
11 Beach Road #05-02
Singapore 189675

Attn: Mr Desmond Ong / Mr Terence Hua

FROM
MSD/LLZW/DLZX/20221781

f:+65 6532 5722
  *Not for service of court documents*
  *Not for urgent correspondence*

d:+65 6416 2470 / 6416 6865

e:  project.tether@wongpartnership.com

**BY EMAIL**

Dear Sirs

**RE: INFORMATION AND DOCUMENTS RELATING TO THREE ARROWS CAPITAL LTD (IN LIQUIDATION) ("3AC")**

1.  We refer to HC/SUM 3802/2022 ("**SUM 3802**"), which seeks, among other things, orders compelling your clients to disclose information and documents relating to 3AC.

2.  Our clients note that in the reply affidavit filed on behalf of your client, Three Arrows Capital Pte Ltd ("**TACPL**"), in SUM 3802, TACPL has asked our clients to enumerate the documents and information that are outstanding from TACPL. This is a curious position given your previous correspondence wherein your client volunteered to provide information to our clients on a rolling basis (without specifying what such information would be).

3.  Further, our clients are unable to identify all the information that your clients may have and ought to provide pursuant to the duty to cooperate with our clients imposed by HC/ORC 4926/2022 read with section 243 of the Insolvency, Restructuring and Dissolution Act 2018 ("**IRDA**").

4.  Nonetheless, even though our clients are entitled to make broad requests of your client in the light of the lack of cooperation and the voluntary promise of more information (which was not honoured), our clients are prepared to assist your client in complying with its duties by enclosing a list of both information and documents in relation to 3AC which our clients consider should be within the possession and knowledge of your client. Such information should be provided pursuant to your client's duty to cooperate with our clients and a substantive response should be provided by 23 November 2022.

5.  If an unsatisfactory response is provided, our clients intend to place before the Court the enclosed list of information and documents sought at the hearing of SUM 3802.

6.  We trust that with this list, your client is no longer uncertain about what information and documents it must provide our clients as the joint liquidators of 3AC, and will promptly do so in compliance with its duties. Please let us have your client's response to the documents and information sought by **no later than 23 November 2022 at 2pm (Singapore Standard Time)**.

7.  Your client will appreciate that the enclosed list is not exhaustive, and our clients may have further questions for your client or any of its representatives, who may be required to attend on our clients to respond to their queries. Please ensure they make themselves available for such requests.



WongPartnership LLP (UEN: T08LL0003B) is a limited liability law partnership
registered in Singapore under the Limited Liability Partnerships Act 2005.

*V20220211*

**WONGPARTNERSHIP LLP**
MSD/LLZW/DLZX/20221781
**17 November 2022**
**Page: 2**

8. For the avoidance of doubt, this letter is not intended to be an agreement to amend the timelines in relation to SUM 3802, which continue to run. Our clients are simply providing your client with another opportunity to comply with its duties under the IRDA.

9. All of our clients' rights are reserved.

Yours faithfully

**WONGPARTNERSHIP LLP**

**Encl**

cc clients



**Information and documents sought from TACPL**

| S/N | Information/Document requests |
|---|---|
| 1. | All Documents[1] prepared by or on behalf of Three Arrows Capital Pte Ltd ("**TACPL**") in its capacity as investment manager of Three Arrows Capital Ltd ("**TACL**"), which includes but is not limited to:<br><br>(a)   Documents prepared by TACPL relating to TACL's assets that were managed by TACPL;<br>(b)   Documents prepared by TACPL relating to trades executed using TACL's assets; and<br>(c)   Documents prepared by TACPL in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents which are in TACPL's possession or under TACPL's control. |
| 2. | All Documents prepared by or on behalf of TACL and which are in TACPL's possession or under TACPL's control, which includes but is not limited to:<br><br>(a)   Documents prepared by TACL relating to TACL's assets that were managed by TACPL;<br>(b)   Documents prepared by TACL relating to trades executed using TACL's assets; and<br>(c)   Documents prepared by TACL in relation to strategies for trading of TACL's assets. |
| 3. | All Documents relating to TACL or TACL's assets prepared by or on behalf of any of TACPL's or TACL's affiliates[2] and which are in TACPL's possession or under TACPL's control in its capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a)   Documents prepared by any of TACPL or TACL's affiliates relating to TACL's assets that were managed by TACPL;<br>(b)   Documents prepared by any of TACPL or TACL's affiliates relating to trades executed using TACL's assets; and<br>(c)   Documents prepared by any of TACPL or TACL's affiliates in relation to strategies for trading of TACL's assets. |



---

[1] The term "Documents" refers to any and all documents, however they may be stored, which includes, but is not limited to:
(a)   Hard copy documents including email printouts, letters, facsimiles, file notes, diary entries, reports, data, drafts, instructions, minutes of meetings, records, advices, notes of telephone/conference calls, text messages (such as but not limited to) SMS messages, Whatsapp, Telegram and WeChat messages) and any other similar documents.
(b)   Documents in digital form including emails, memoranda, file notes, diary entries, reports, data, drafts, instructions, minutes of meetings, records, advices, notes of telephone/conference calls, text messages (such as but not limited to) SMS messages, Whatsapp, Telegram and WeChat messages) and any other similar documents.

[2] The term "affiliates" refers to, in relation to a person or entity, its current and former direct and indirect subsidiaries (as defined in section 5 of the Companies Act 1967), subsidiary undertakings, parent companies, holding companies, partners, equity holders, members and managing members, affiliated partnerships and any of their respective Affiliates.

| S/N | Information/Document requests |
|---|---|
| 4. | All Documents prepared for the benefit of, or use of TACPL in its capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a) Documents prepared for the benefit of, or use of TACPL relating to TACL's assets that were managed by TACPL;<br>(b) Documents prepared for the benefit of, or use of TACPL relating to trades executed using TACL's assets; and<br>(c) Documents prepared for the benefit of, or use of TACPL in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents which are in TACPL's possession or under TACPL's control. |
| 5. | All Documents prepared for the benefit of, or use of TACL and which are in TACPL's possession or under TACPL's control, which includes but is not limited to:<br><br>(a) Documents prepared for the benefit of, or use of TACL relating to TACL's assets that were managed by TACPL;<br>(b) Documents prepared for the benefit of, or use of TACL relating to trades executed using TACL's assets; and<br>(c) Documents prepared for the benefit of, or use of TACL in relation to strategies for trading of TACL's assets. |
| 6. | All Documents relating to TACL or TACL's assets prepared for the benefit of, or use of any of TACPL's or TACL's affiliates or on their behalf and which are in TACPL's possession or under TACPL's control in its capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a) Documents prepared for the benefit of, or use of any of TACPL's or TACL's affiliates relating to TACL's assets that were managed by TACPL;<br>(b) Documents prepared for the benefit of, or use of any of TACPL's or TACL's affiliates relating to trades executed using TACL's assets; and<br>(c) Documents prepared for the benefit of, or use of any of TACPL's or TACL's affiliates in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents which are in TACPL's possession or under TACPL's control |
| 7. | All Documents sent to third parties (i.e., any person other than TACPL or TACL) by or on behalf of TACPL in TACPL's capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a) Documents sent to third parties by TACPL relating to TACL's assets that were managed by TACPL;<br>(b) Documents sent to third parties by TACPL relating to trades executed by TACPL using TACL's assets; and<br>(c) Documents sent to third parties by TACPL in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents in TACPL's possession or under TACPL's control. |



| S/N | Information/Document requests |
|---|---|
| 8. | All Documents sent to third parties (i.e. any person other than TACPL or TACL) by or on behalf of TACL and which are in TACPL's possession or under TACPL's control, which includes but is not limited to:<br><br>(a) Documents sent to third parties by TACL relating to TACL's assets that were managed by TACPL;<br>(b) Documents sent to third parties by TACL relating to trades executed by TACPL using TACL's assets; and<br>(c) Documents sent to third parties by TACL in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents in TACPL's possession or under TACPL's control. |
| 9. | All Documents relating to relating to TACL or TACL's assets sent to third parties (i.e., any person other than TACPL or TACL) by or on behalf of any of TACPL's or TACL's affiliates and which are in TACPL's possession or under TACPL's control in its capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a) Documents sent to third parties by any of TACPL's or TACL's affiliates relating to TACL's assets that were managed by TACPL;<br>(b) Documents sent to third parties by any of TACPL's or TACL's affiliates relating to trades executed by TACPL using TACL's assets; and<br>(c) Documents sent to third parties by any of TACPL's or TACL's affiliates in relation to strategies for trading of TACL's assets. |
| 10. | All Documents received by or on behalf of TACPL in TACPL's capacity as investment manager of TACL which includes but is not limited to:<br><br>(a) Documents received by TACPL relating to TACL's assets that were managed by TACPL;<br>(b) Documents received by TACPL relating to trades executed by TACPL using TACL's assets; and<br>(c) Documents received by TACPL in relation to strategies for trading of TACL's assets.<br><br>This Document request is limited to Documents in TACPL's possession or under TACPL's control. |
| 11. | All Documents received by or on behalf of TACL and which are in TACPL's possession or under TACPL's control, which includes but is not limited to:<br><br>(a) Documents received by TACL relating to TACL's assets that were managed by TACPL;<br>(b) Documents received by TACL relating to trades executed by TACPL using TACL's assets; and<br>(c) Documents received by TACL in relation to strategies for trading of TACL's assets. |



| S/N | Information/Document requests |
|---|---|
| 12. | All Documents relating to TACL or TACL's assets received by or on behalf of any of TACPL's or TACL's affiliates and which are in TACPL's possession or under TACPL's control in its capacity as investment manager of TACL, which includes but is not limited to:<br><br>(a)   Documents received by any of TACPL or TACL's affiliates relating to TACL's assets that were managed by TACPL;<br>(b)   Documents received by any of TACPL or TACL's affiliates relating to trades executed by TACPL using TACL's assets; and<br>(c)   Documents received by any of TACPL or TACL's affiliates in relation to strategies for trading of TACL's assets. |
| 13. | All internal Documents exchanged between and within former and/or current employees and/or directors of TACPL (in TACPL's capacity as investment manager of TACL), TACL, TAC Research Pte Ltd, and any of their affiliates, in relation to TACL or TACL's assets, including in relation to Documents in S/N 1 to S/N 12 above.<br><br>This Document request is limited to Documents in TACPL's possession or under TACPL's control. |
| 14. | All bank statements in TACPL's possession or control reflecting the balance and transactions for the period 1 January 2019 to 1 October 2022 in respect of bank accounts (whether located in Singapore or elsewhere in the world) held in TACL's name or for TACL's benefit, including such bank statements in any of TACPL's affiliates' possession or control and which is in TACPL's possession or under TACPL's control. |
| 15. | All statements of accounts in TACPL's possession or control for the period 1 January 2019 to 1 October 2022 in respect of cryptocurrency exchange accounts (whether located in Singapore or elsewhere in the world) held in TACL's name or for TACL's benefit, including any such statements of accounts in any of TACPL's affiliates' possession or control and which is in TACPL's possession or under TACPL's control. |
| 16. | All login details in TACPL's possession or control and which is in TACPL's possession or under TACPL's control in respect of bank accounts and cryptocurrency exchange accounts (whether located in Singapore or elsewhere in the world) held in TACL's name or for TACL's benefit, including any such login details in any of TACPL's affiliates' possession or control and which is in TACPL's possession or under TACPL's control. |



| S/N | Information/Document requests |
|---|---|
| 17. | All financial statements in TACPL's possession or under TACPL's control in relation to TACL's business, dealings, assets and trades executed using TACL's assets, which includes but is not limited to the underlying Documents relied on in preparing the following:<br>(a) The Net Asset Value pack for Three Arrows Fund Ltd as at August 2021, which was provided to the Liquidators of TACL by way of an email from TACPL's solicitors (Solitaire LLP) dated 29 July 2022, 4.06pm;<br>(b) The Net Asset Value pack for Three Arrows Fund LP as of August 2021, which was provided to the Liquidators of TACL by way of an email from TACPL's solicitors (Solitaire LLP) dated 29 July 2022, 4.06pm; and<br>(c) The spreadsheet with details of TACL's assets and their valuations which was provided to the Liquidators of TACL by way of an email from Advocatus Law LLP on 15 July 2022, 7.19pm.<br><br>For the avoidance of doubt, this request includes any such financial statements in any of TACPL's affiliates' possession or control and which is in TACPL's possession or under TACPL's control. |
| 18. | A detailed account of the relationship between TACPL and TACL that TACPL is aware of, including:<br>(a) An account of all of TACL's assets which have been managed by TACPL.<br>(b) An account of what proportion of TACL's assets were managed by TACPL.<br>(c) An account of how TACPL managed TACL's assets.<br>(d) An account of the investments made by TACPL using TACL's assets.<br>(e) A list of all persons and entities which carried out any actions on the instructions of TACPL for and/or on behalf of TACL or in relation to any of TACL's assets which were managed by TACPL, and descriptions of the actions carried out by such persons and entities.<br>(f) A list of all persons and entities which interacted with TACPL as the investment manager of TACL, and descriptions of the reason for the interaction between such persons and TACPL. |

