**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**ORDER (A) AUTHORIZING ISSUANCE OF SUBPOENAS AND**
**(B) GRANTING RELATED RELIEF**

Upon the *Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief*[2] seeking entry of an order (this "Order") (a) authorizing the issuance of, and directing compliance with, subpoenas for the production of documents and testimony on the Founders and any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets, including, but not limited to, the form of subpoena attached hereto as Exhibit 1 to the Motion; and (b) granting related relief; and this Court having considered the Motion, the Declarations, and the evidence presented at the hearing before this Court, if any; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follow:[3]

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

(a) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

(b) Venue is proper in this district pursuant to 28 U.S.C. § 1410.

(c) This Court may enter a final order consistent with Article III of the United States Constitution.

(d) The relief granted hereby is necessary and appropriate and authorized under sections 524(e), 1521(a)(4), and 1521(a)(7) of the Bankruptcy Code and Bankruptcy Rule 2004.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Foreign Representatives and their agents are authorized to serve subpoenas for the production of documents and testimony upon the Founders, the Investment Managers, and any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets.

4. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's rights to object in accordance with applicable law and procedural rules.

5. Unless otherwise agreed among the parties in writing, each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a copy of this Order.

6. Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties in interest may file a responsive letter brief within three (3) business days, which shall not

exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

7. The Founders and the Investment Manager shall turnover and disclose to the Foreign Representatives any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and their agents are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through these Chapter 15 Cases; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED:**

Dated: December 6, 2022
      New York, New York

                                    /s/ Martin Glenn
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge

# EXHIBIT 1

**Form of Subpoena**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re: Three Arrows Capital, Ltd
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 22-10920 (MG)

Chapter 15

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Kyle Livingston Davies**

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attachment A

| PLACE | DATE AND TIME |
|---|---|
| electronic production to nima.mohebbi@lw.com | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Joint Liquidators , who issues or requests this subpoena, are:
Nima H. Mohebbi, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, nima.mohebbi@lw.com, (213) 485-1234

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A TO PRODUCTION SUBPOENA**

Pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, and the Court's Order authorizing the issuance and directing compliance with subpoenas (ECF No. 32), dated July 12, 2022, the Joint Liquidators request You (as defined below) produce Documents responsive to the following requests (the "Requests").

**I.    DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.    "Account" means any currency account, brokerage account, investment account, money market account, securities account, or any other type of account maintained by and through You, including any Wallet, regardless of whether the Account relates to a Digital Asset or a Fiat Asset.

2.    "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including, without limitation, notes, letters, telegrams, facsimiles, electronic mail, voicemail, text messages, instant messages, social media direct messages, and voice messages.

3.    "Company" refers to Three Arrows Capital, Ltd, incorporated as a business company under the laws of the British Virgin Islands on May 3, 2021, Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, and any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on their behalf.

4. "Digital Asset" means any virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of same.

5. "Document" means the full and broadest scope of documents and things discoverable under the Federal Rules of Civil Procedure, encompassing material of whatever kind or nature, whether typed, printed, handwritten, Electronically Stored, or otherwise produced (including all drafts and non-identical copies of any such document) and however stored, printed, recorded, or preserved, including all communications, correspondence, letters, memoranda, notes, contracts, bills, invoices, photographs, calendars, photocopies, audio or video recordings, and electronic data compilations, including computerized files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail messages, and text messages.

6. "Electronically Stored" means any information stored electronically, magnetically or optically, including but not limited to: (a) digital communications; (b) word processed documents; (c) spreadsheets and tables; (d) accounting application data; (e) image and facsimile files; (f) sound recordings; (g) video and animation; (h) databases; (i) contact and relationship management data; (j) calendar and diary application data; (k) online access data; (l) presentations; (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files.

7. "Fiat Asset" means any government-issued currency not backed by a commodity.

8. The phrase "possession, custody, or control" with respect to Documents, Communications, or other information requested from You means Documents, Communications, or other information physically in Your possession; digitally accessible via the internet, cloud or other similar means; or otherwise within your knowledge.

9. The terms "relates", "relating to", and "related to" mean evidencing, constituting, discussing, referring to, defining, mentioning, concerning, detailing, reflecting, or utilized or referred to in connection therewith.

10. The term "sharing" means matching, equivalent to, or identical to.

11. "Wallet" means digital accounts or applications used to store and/or trade any Digital Asset.

12. "You" and "Your" shall mean and refer to Kyle Davies, including any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on Your behalf.

## II. INSTRUCTIONS

1. In responding to the Requests, You are required to furnish all Documents available to You regardless of whether this information is possessed directly by You, Your agents, representatives, spouse, employees, or investigators; or by any other legal or non-legal entities controlled by or in any manner presently or previously affiliated with You.

2. These Requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Requests, You are required to supplement or amend Your responses.

3. This Subpoena incorporates by reference the Uniform Definitions in Discovery Requests contained in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), made applicable to this Chapter 15 case by Local Bankruptcy Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules" and together with the Local Civil Rules, the "Local Rules").

3

22-10920-mg    Doc 71    Filed 12/06/22    Entered 12/06/22 08:33:42    Main Document
Pg 11 of 15

4. Where a claim of privilege is asserted in objecting to any Request or part thereof, please follow the requirements set forth in the Fed. R. Civ. P. 26 and the Local Rules.

5. If You elect to specify and produce business records in answer to any Request, the specification shall be sufficiently detailed to permit the requesting party to locate and identify, as readily as possible, the business records from which the answer may be ascertained.

6. If, in responding to the Requests, You encounter any ambiguities when construing a question, instruction, or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

7. Each Document is to be produced in its entirety even if only a portion of the Document is related to the identified subject matter. Documents should be produced in their original format without abbreviation, editing, or expurgation. Documents should include all exhibits, appendices, tables, or other attachments and be inclusive of all related metadata (including but not limited to: sent date, last modified date, and created date). If an exhibit, appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available it should be submitted and clearly marked to indicate the Document to which it corresponds. With the exception of privileged material, no Document or portion thereof should be masked or deleted in any manner.

8. If the Document was—but is no longer—in Your possession, custody or control, or in existence, state the date and nature of the Document and explain why the Document is unavailable.

9. If any Request herein cannot be complied with in full, comply to the fullest extent of Your ability to do so and state why full compliance is not possible.

4

10. If any Document responsive to any of the following Requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; authors, addressees and recipients shown as "cc" or copied on the Document; title; substance or subject matter; type (e.g. memorandum, letter, report, etc.); any attachments to the Document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the Document; the date of the destruction or other disposition of the Document; the manner and reason for its destruction or other disposition; and the identities of persons authorizing such destruction or other disposition.

11. Each of the Requests herein shall be limited in scope to the period from January 1, 2012 to the present—the period since the Company's inception.

12. Questions or concerns may be directed to Warren E. Gluck (warren.gluck@hklaw.com) or Nima H. Mohebbi (nima.mohebbi@lw.com).

### III. DOCUMENT REQUESTS

1. Documents sufficient to identify the existence of, location of, and method of accessing and controlling the assets of the Company, including, without limitation, information related to the following:

    a. Accounts;

    b. Digital Assets and Fiat Assets;

    c. derivatives of Digital Assets, including, but not limited to, SAFT (Simple Agreements for Future Tokens), SAFE (Simple Agreements for Future Equity), Contracts for Difference, options, and other similar investment agreements;

   d. seed phrases, private keys, and any other information relating to the means of accessing and controlling any Accounts, Digital Assets, or Fiat Assets;

   e. securities, including, but not limited to, private equity, loans, investments in partnerships, and unregistered shares;

   f. centralized and/or decentralized exchanges where You or the Company held Accounts;

   g. accounts receivable; and

   h. any other tangible or intangible assets.

2. All books, papers and records in Your possession, custody, or control relating to the Company. For the avoidance of doubt, this refers to all data held in paper or electronic format, inclusive of any electronically stored files on physical or cloud file storage servers, document management systems, external media (such as hard drives or USB devices) or any electronic devices including desktop computers, laptops, tablets or mobile telephone devices. This should also include copies of any related Communications conducted on paper, email or messaging applications such as, but not limited to, Discord, WhatsApp, Telegram, or Twitter.

3. For the following individuals or entities ("**Discovery Targets**"), please provide all Communications and Documents, relating to either the Discovery Target's name or any of the other information provided below:

 a. Su Zhu

   i. <u>Email</u>: ██████████████████████

   ii. <u>Email</u>: ███████████████

   iii. <u>Email</u>: ██████████

6

   iv. Email: ▮

   v. Address: ▮

   vi. Address: ▮

   ▮

   vii. Address: ▮

 b. Kyle Livingston Davies

   i. Email: ▮

   ii. Email: ▮

   iii. Email: ▮

   iv. Email: ▮

   v. Email: ▮

   vi. Email: ▮

   vii. Email: ▮

   viii. Email: ▮

   ix. Address: ▮

   x. Address: ▮

   xi. Address: ▮

 c. Hannah Marion Terhune

   i. Address: ▮

 d. Mark James Dubois

   i. Address: ▮

 e. Cheuk Yao Pau

   i. Address: ▮

7

  f. Elfwood Limited

    i. <u>Address</u>: ███████████████████████████
███████████████

  g. Kelly Kaili Chen

    i. <u>Email</u>: ████████████████

  h. Tai Ping Shan Limited and its associates including, but not limited to, Tai Ping Shan Capital Pte Ltd, TPS Capital FZE, TPS Research Ltd, Skew Investments Limited and Three Lucky Charms Ltd.

  i. DeFiance Capital and its associates, including but not limited to, its manager, Arthur Cheong

  j. Starry Night Capital and its associates, including but not limited to, its curator, Vincent Van Dough

  4. Please provide all Documents and Communications relating to any and all of the following Accounts and any other accounts relating to the Company of which you are aware: **[accounts to be included upon service]**.

  5. For each of the following blockchain addresses and any other blockchain addresses relating to the Company of which you are aware, please provide all Documents and Communications relating to each address: **[blockchain addresses to be included upon service]**

  6. Please provide all Documents and Communications relating to the Company not included above.