**Hearing Date: March 2, 2023 at 2:00 p.m. (ET)**
**Objection Deadline: February 23, 2023 at 4:00 p.m. (ET)**

Christopher Harris
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:   christopher.harris@lw.com
             adam.goldberg@lw.com
             brett.neve@lw.com
             nacif.taousse@lw.com
             brian.rosen@lw.com

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   daniel.schecter@lw.com
             nima.mohebbi@lw.com
             tiffany.ikeda@lw.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>Three Arrows Capital, Ltd.,<br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10920 (MG) |

**FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S MOTION FOR AN ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

JURISDICTION AND VENUE .................................................................................................. 2

BACKGROUND .......................................................................................................................... 3

RELIEF REQUESTED ................................................................................................................ 7

BASIS FOR RELIEF ................................................................................................................... 8

NOTICE ........................................................................................................................................ 9

NO PRIOR REQUEST .............................................................................................................. 10

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

### CASES

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*,
  317 B.R. 260 (Bankr. S.D.N.Y. 2004) ................................................................................8

*In re River Ctr. Holdings*,
  LLC, 394 B.R. 704 (Bankr. S.D.N.Y. 2008) ........................................................................8

*In re Teligent, Inc.*,
  358 B.R. 45 (Bankr. S.D.N.Y. 2006) ...................................................................................9

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*,
  68 B.R. 690 (Bankr. S.D.N.Y. 1986) ...................................................................................8

### STATUTES

28 U.S.C.
  § 157 .....................................................................................................................................2
  § 157(b) ................................................................................................................................2
  § 1334 ...................................................................................................................................2
  § 1410 ...................................................................................................................................2

### RULES

Fed. R. Bankr. P.
  2002 ....................................................................................................................................10
  7026 ..............................................................................................................................1, 2, 8
  7037 ..............................................................................................................................1, 2, 9

Fed. R. Civ. P.
  26 .................................................................................................................................1, 2, 8
  26(b)(1) ................................................................................................................................8
  37 .....................................................................................................................................1, 2
  37(a)(3)(B) ...........................................................................................................................9
  45 .........................................................................................................................................6

Local Bankruptcy Rule 7007-1 ................................................................................................1, 7

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("Three Arrows" or the "Debtor"), by and through the undersigned counsel, respectfully move (the "Motion") the Court pursuant to Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rules 26 and 37 of the Federal Rules of Civil Procedure ("Federal Rules"), this Court's Chambers Rules, and Rule 7007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as "Exhibit A" directing Kyle Livingstone Davies to comply in full with the subpoena issued by the Foreign Representatives on January 5, 2023 within fourteen (14) days of the date of the hearing on this Motion (the "Hearing"). In support of this Motion, the Foreign Representatives rely on (a) the *Declaration of Nima H. Mohebbi in Support of Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance with Subpoena* ("Mohebbi Decl."), (b) the *Declaration of Alex M. Englander in Support of Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance with Subpoena* ("Englander Decl."), and (c) the *Declaration of Russell Crumpler in Support of Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance with Subpoena* ("Crumpler Decl."), filed contemporaneously herewith. The Foreign Representatives respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. The founders of Three Arrows, Kyle Livingstone Davies and Su Zhu (together, the "Founders")—both of whom have maintained a particularly active social media presence in the wake of the failure of their company—have failed to offer forthright cooperation to the Foreign Representatives, and in doing so have failed to fulfill their fiduciary duties owed to the Three

1

Arrows estate. To the contrary, they have made clear that they have no interest in complying with their obligations under United States law and to their creditors. Thus, on October 14, 2022, after months of attempting to secure the Founders' basic cooperation to obtain documents and information that would facilitate resolution of the estate, the Foreign Representatives filed a Motion for Entry of an Order Authorizing Issuance of Subpoenas and Granting Related Relief (the "Subpoena Motion") and Motion for Entry of an Order Authorizing Alternative Service of Process (the "Service Motion"), seeking the Court's permission to serve discovery on the Founders via their known email addresses and social media accounts—accounts they continue to use actively. [Dkts. 54, 55]; (Crumpler Decl. ¶¶ 15-17.)

2.      On December 29, 2022, this Court granted the Subpoena Motion and granted the Service Motion with respect to Mr. Davies. [Dkt. 79.] On January 5, 2023, Mr. Davies was served with the subpoena in accordance with the Court's order, but, unsurprisingly, he has failed to comply by the deadline of **January 26, 2023**. (Englander Decl. ¶¶ 4-8; Mohebbi Decl. ¶¶ 5–6.) All the while, Mr. Davies has continued to post on his Twitter account, openly ignoring the Court's directives and enjoying media attention while he continues to thwart efforts by the Foreign Representatives to gain access to documents and information. As such, the Foreign Representatives respectfully request entry of an order requiring Mr. Davies to comply with the subpoena within fourteen (14) days of the Hearing.

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are Bankruptcy Rules 7026 and 7037 and Federal Rules 26 and 37.

## BACKGROUND

4. Three Arrows was an investment firm incorporated in the British Virgin Islands (the "BVI") with a focus on trading cryptocurrency and other digital assets that was reported to have over $3 billion of assets under management as of April 2022.

5. Three Arrows' business collapsed by June 2022 in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, it commenced a liquidation proceeding (the "BVI Proceeding") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court"), and that court issued an order (the "BVI Order"), appointing the Foreign Representatives as joint liquidators of Three Arrows.

6. On July 1, 2022, the Foreign Representatives commenced this Chapter 15 case, and on July 28, 2022, this Court granted recognition of the foreign main proceeding pending in the BVI. [Dkts. 1, 47.]

7. Under BVI law, the Foreign Representatives are fiduciaries of the Three Arrows estate created in the BVI Proceeding, with an obligation under BVI law to conduct an orderly, fair liquidation of Three Arrows and to maximize the value of the Three Arrows' assets for the benefit of creditors. In furtherance of those duties, the BVI Order and BVI law empower the Foreign Representatives, *inter alia*, with the sole authority to take possession and control of Three Arrows' assets, carry on Three Arrows' business and manage its affairs, and investigate the causes of Three Arrows' insolvency and any potential causes of action the estate may have. In furtherance of those investigative powers, the Foreign Representatives are granted broad informational rights under the BVI statute and the BVI Court's order appointing the Foreign Representatives as joint liquidators of the Debtor.

3

8. Since the commencement of this proceeding, the Foreign Representatives have been pursuing their investigation with urgency and by all lawful means available to them. The Founders, however, have refused to meaningfully engage with the Foreign Representatives.

9. In particular, the Foreign Representatives repeatedly attempted to contact the Founders directly and through counsel in the BVI and Singapore to facilitate basic steps to preserve Three Arrows' assets. (Crumpler Decl. ¶ 4.) The Foreign Representatives also requested specific information regarding Three Arrows' assets and accounts and requested the Founders' cooperation in obtaining access to, and control over, the assets. (*Id*. ¶ 5.) To date, at best, the Founders have made only selective and piecemeal disclosures, and have intentionally disrupted the Foreign Representatives' attempts to communicate. (*Id*. ¶ 6.) Put simply, ***their refusal to cooperate violates their duties owed to Three Arrows***.

10. Notwithstanding the Founders' conduct, the Foreign Representatives have continued their attempts to engage on informal requests. (*Id*. ¶ 7.) They requested access to Three Arrows' offices and certain basic information regarding its bank accounts and digital wallets. (*Id*. ¶ 8.) The Founders refused to cooperate with these efforts, forcing the Foreign Representatives to seek court assistance to gain access to certain information. (*Id*.)

11. On July 12, 2022, the Court granted provisional relief, which authorized the Foreign Representatives "to issue subpoenas (a) with respect to the Founders, for the production of documents and deposition[s] . . . and (b) [upon] any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets." [Dkt. 32.]

12. Following the issuance of the provisional relief order, the Foreign Representatives have engaged with numerous parties, including banks, cryptocurrency exchanges, and brokers, and

4

have used formal discovery tools to issue subpoenas to parties that may possess information relevant to Three Arrows and its assets, the causes of the Three Arrows' insolvency, and possible causes of action that may be available to Three Arrows. (Crumpler Decl. ¶ 9.) Because of the Founders' non-compliance, the Foreign Representatives have been forced to use extraordinary means to gather relevant information from other parties. (*Id.* ¶ 10.) Specifically, they have served over eighteen subpoenas. (*Id.*) The recipients include parties that the Foreign Representatives identified as having information regarding Three Arrows' assets and/or maintaining accounts and digital wallets in its name. (*Id.* ¶ 11.)

13. The Foreign Representatives also attempted to serve subpoenas on the Founders prior to requesting assistance from this Court. (*Id.* ¶ 12.) The Founders, through counsel, declined to accept service electronically. (*Id.*)

14. Despite numerous requests for cooperation in identifying and gaining control of the assets of the Three Arrows estate, the Founders have still not made themselves available for a fulsome discussion with the Foreign Representatives and have not voluntarily provided the information necessary for the Foreign Representatives to take control of the assets and accounts that have been disclosed. (*Id.* ¶ 13.)

15. Mr. Davies is one of the Founders of Three Arrows. Like his partner Mr. Zhu, Mr. Davies has refused to cooperate with the Foreign Representatives' efforts to gain access to Three Arrows' books and records in his possession. Notably, Mr. Davies continues to withhold information in his possession that is essential to accessing and controlling certain of the Debtor's digital assets. (*Id.* ¶¶ 13–14.)

16. Moreover, Mr. Davies is reportedly in Indonesia, which is a jurisdiction that will not require compliance with a subpoena issued through foreign courts. As stated above, Mr.

5

Davies' counsel refused to accept service of a subpoena served electronically on his behalf. (*Id.* ¶ 12.) That, however, has not stopped Mr. Davies from making himself available for media and self-promotion, including being interviewed remotely by CNBC in November 2022, posting on Twitter, and attempting to engage with creditors of the Debtor outside of the liquidation process. (*Id.* ¶¶ 15–17.)

17. In light of all these issues, on October 14, 2022, the Foreign Representatives filed the Subpoena Motion and Service Motion seeking, among other things, an order authorizing service of a subpoena on Mr. Davies and authorizing alternative service of process. [Dkts. 54, 55.]

18. On December 6, 2022, the Court authorized the issuance of subpoenas "for the production of documents and testimony on the Founders" (the "Subpoena Order"). In pertinent part, paragraph 5 of the Subpoena Order provides that "each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena[.]" [Dkt. 71.]

19. On December 29, 2022, the Court also found that the Foreign Representatives had shown that Rule 45 supports issuance of a subpoena to Mr. Davies and that the Foreign Representatives' proposed manner of alternative service—via email and social media—was warranted. Thus, the Court authorized such service with respect to Mr. Davies. [Dkt. 79.]

20. On January 5, 2023, the Foreign Representatives, through their counsel, served the subpoena (the "Subpoena") on Mr. Davies by Twitter and by email. (Englander Decl. ¶¶ 4-6.)

21. Since January 5, 2023, Mr. Davies has been active on social media, having "tweeted" or "retweeted" dozens of times on Twitter. (Crumpler Decl. ¶¶ 15–17.) Shamelessly, while ducking his obligations to his failed company, Mr. Davies has been recently active in an effort to raise tens of millions to start a new crypto exchange called "GTX." (*Id.* ¶¶ 17–18.)

6

22. Mr. Davies is educated and represented by counsel. (*Id.* ¶¶ 20–23.) He is, without question, aware of the Subpoena—having been tagged in 41 replies and 64 retweets—and has, once again, chosen to ignore his duties to Three Arrows, including the duty to comply with the Subpoena Order and respond to the Subpoena.

23. Under the terms of the Subpoena Order and the Subpoena, Mr. Davies was required to respond by electronic production to counsel for the Foreign Representatives by January 26, 2023. [Dkt. 71 ¶ 5.] He did not. (Mohebbi Decl. ¶¶ 4–6.)

24. Per this Court's Chambers Rules and Local Bankruptcy Rule 7007-1, counsel for the Foreign Representatives attempted to meet and confer with Mr. Davies prior to filing this Motion. Mr. Davies did not respond. (Englander Decl. ¶¶ 7–9.)

25. Mr. Davies has failed to produce any documents or respond to the Subpoena in any manner, and has failed to comply with the explicit terms of the Court's Subpoena Order. [Dkt. 71 ¶ 5]; (Mohebbi Decl. ¶ 6). Mr. Davies' refusal to cooperate or engage with the Foreign Representatives has hindered the Foreign Representatives' ability to protect the Debtor's assets.

## **RELIEF REQUESTED**

26. The Foreign Representatives request the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), directing Mr. Davies to comply fully with the terms of the Court's Subpoena Order and the Subpoena issued on January 5, 2023 by **March 16, 2023**, fourteen (14) days after the Hearing on this Motion.

27. In the BVI Proceeding, the court entered an order on January 18, 2023 (the "<u>BVI Order</u>") compelling Mr. Davies to attend a remote examination before the court on March 14, 2023 and to provide documents no later than seven (7) days before the date of the examination. (Crumpler Decl. ¶¶ 23-24.) In the event Mr. Davies complies fully with the terms of the Subpoena

7

and/or BVI Order, seeking relevant disclosures, the Foreign Representatives will withdraw this Motion.  (*Id.* ¶ 25.)

## BASIS FOR RELIEF

28. As detailed in the Crumpler and Englander Declarations, consistent with the Local Bankruptcy Rules and this Court's Chambers Rules, counsel for the Foreign Representatives diligently attempted to obtain discovery from Mr. Davies in accordance with this Court's orders. Yet Mr. Davies has continued to ignore his obligations to Three Arrows and thwart the Foreign Representatives' efforts to take possession and control of Three Arrows' assets and investigate the causes of Three Arrows' insolvency and any potential causes of action Three Arrows' estate may possess.  For the reasons described herein, the Foreign Representatives should be afforded the requested relief as an interim step to securing compliance with the terms of the Subpoena.

29. Fundamentally, this Court has the express authority to order compliance with its orders.  *In re River Ctr. Holdings*, LLC, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273–274 (Bankr. S.D.N.Y. 2004) ("[I]t is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders), and such power to enforce has been consistently recognized.  *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

30. Bankruptcy Rule 7026, applying Federal Rule 26, affords parties a broad right to discovery.  Federal Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  And "[a] party seeking discovery may move for an order compelling an answer, designation, production, or

inspection . . . if . . . (i) a deponent fails to answer a question . . . (ii) a corporation or other entity fails to make a designation . . . or (iv) a party . . . fails to respond that inspection will be permitted." Fed. R. Civ. P. 37(a)(3)(B); Fed. R. Bankr. P. 7037; *see also In re Teligent, Inc.*, 358 B.R. 45, 61 (Bankr. S.D.N.Y. 2006) (motion to compel discovery in response to an incomplete/evasive response was appropriate where party failed to produce documents).

31. Here, the Court approved issuance of the Subpoena in light of the Foreign Representatives' undisputed showing that Mr. Davies continues to stonewall his obligations to Three Arrows and the Court's finding that he is subject to the Court's jurisdiction. [Dkt. 71.]

32. The terms of the Subpoena Order and Subpoena are clear and unambiguous that Mr. Davies was obligated to comply with the Subpoena by **January 26, 2023**. He advanced no claim of ambiguity. And he has not even attempted to reach out to undersigned counsel to voice an objection or concern with the topics of the Subpoena. This is not a question of partial compliance, but of no compliance whatsoever. Put differently, the Subpoena was served validly pursuant to the Court's order, and Mr. Davies failed to object or even respond to the Foreign Representatives or their counsel in any way. Thus, the Foreign Representatives are entitled to seek relief in the form of an order compelling compliance with the Subpoena within fourteen (14) days of the Hearing.

## NOTICE

33. Pursuant to the Court's Order Scheduling Hearing on Chapter 15 Petition and Related Relief and Specifying Form and Manner of Service of Notice (the "Notice Order"), the Foreign Representatives will provide notice by email and first class mail upon (a) the Office of the United States Trustee for the Southern District of New York; (b) the Securities and Exchange Commission; (c) the Founders; (d) the members of the committee of unsecured creditors appointed

9

in connection with the BVI Proceeding; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 of which the Foreign Representatives are aware. [Dkt. 18 ¶¶ 6–10.] Additionally, the Foreign Representatives will provide notice of the Motion to Mr. Davies by email and Twitter, following the same manner of service by which the Subpoena was issued, as the Court has deemed proper in the Service Order. [Dkt. 79.] In light of the relief requested, the Foreign Representatives submit that no further notice is necessary.

## NO PRIOR REQUEST

34.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as Exhibit A**,** granting the Motion and directing that Mr. Davies comply with the terms of the Subpoena Order and respond to the Subpoena within fourteen (14) days of the Hearing.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 7, 2023<br>      New York, New York | Respectfully submitted,<br><br>/s/ *Adam J. Goldberg*<br>Adam J. Goldberg<br>Christopher Harris<br>Brett M. Neve<br>Nacif Taousse<br>Brian S. Rosen<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email:  adam.goldberg@lw.com<br>          christopher.harris@lw.com<br>          brett.neve@lw.com<br>          nacif.taousse@lw.com<br>          brian.rosen@lw.com<br><br>– and –<br><br>Daniel Scott Schecter (admitted *pro hac vice*)<br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Tiffany M. Ikeda (*pro hac vice* pending)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email:  daniel.schecter@lw.com<br>          nima.mohebbi@lw.com<br>          tiffany.ikeda@lw.com<br><br>*Counsel to the Foreign Representatives* |

# **EXHIBIT A**

**Order Compelling Compliance With Subpoena**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>Three Arrows Capital, Ltd.,<br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10920 (MG) |

**[PROPOSED] ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

Upon the *Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Response to Subpoena* (the "Motion"),[1] filed on February 7, 2023, by the duly authorized Foreign Representatives of the Three Arrows Capital, Ltd., seeking entry of an order (this "Order") substantially in the form attached to the Motion as Exhibit A (a) directing Kyle Livingstone Davies ("Mr. Davies") to comply in full with the Court's Order authorizing issuance of subpoena (the "Subpoena Order"), and to provide all documents and things responsive to the subpoena issued by the Foreign Representatives on January 5, 2023 (the "Subpoena") by March 15, 2023, which his fourteen (14) days after the hearing on this Motion; and this Court having considered (a) the Motion, (b) the Mohebbi, Englander, and Crumpler Declarations, and (c) the evidence presented at the hearing before this Court on March 2, 2023 (the "Hearing"); and appropriate and timely notice of the filing of the Motion having been given to the Office of the United States Trustee, the Securities and Exchange Commission, the Founders, the members of the committee of unsecured creditors appointed in connection with the BVI Proceeding, and any party that has requested notice pursuant to Bankruptcy Rule 2002 of which the Foreign Representatives are aware, and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

therefor, the Court finds and concludes as follows:[2]

(a) The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b) This Court may enter a final order consistent with Article III of the United States Constitution.

(c) The relief sought by the Foreign Representatives in the Motion is authorized under Bankruptcy Rules 7026 and 7037 and Federal Rules 26 and 37.

(d) The Court finds that the Foreign Representatives have made a satisfactory showing under Bankruptcy Rule 7037 that Mr. Davies has failed to respond to the Subpoena—or otherwise submit any objection thereto—and thus an order compelling his full compliance with the Subpoena is necessary and appropriate.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. Mr. Davies shall have fourteen (14) days after the Hearing on this Motion, or no later than the close of business on **March 16, 2023**, to respond to the Subpoena in full, including providing all records sought by the Subpoena forthwith to counsel for the Foreign Representatives.

Dated: _____, 2023

MARTIN GLENN
Chief United States Bankruptcy Judge

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.