Christopher Harris
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  christopher.harris@lw.com
        adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com
        brian.rosen@lw.com

Daniel Scott Schecter (admitted *pro hac vice*)
Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  daniel.schecter@lw.com
        nima.mohebbi@lw.com
        tiffany.ikeda@lw.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd.,<br>        Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10920 (MG) |

**DECLARATION OF ALEX M. ENGLANDER IN SUPPORT OF FOREIGN**
**REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S MOTION FOR AN**
**ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

I, Alex M. Englander, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1.      I am an attorney duly licensed to practice law in the State of Florida.  I am an Associate at Holland & Knight LLP and counsel for Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("Three Arrows" or the "Debtor") in the above-captioned matter.

2.      I submit this declaration in support of the *Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance with Subpoena* filed contemporaneously herewith (the "<u>Motion</u>").[1]

3.      Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor.  I am authorized to submit this declaration on behalf of the Debtor, and if called upon to testify, I could and would testify competently to the facts set forth herein.

4.      On January 5, 2023, I served a subpoena (the "<u>Subpoena</u>") on Kyle Livingstone Davies ("<u>Mr. Davies</u>") by email in accordance with the Court's Order issued on December 29, 2022.  I am aware that the Joint Liquidators served the Subpoena on Mr. Davies by Twitter.

5.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the January 5, 2023 email I sent to Mr. Davies, attaching the Subpoena.

6.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of the January 5, 2023 tweet to Mr. Davies, attaching the Subpoena.

7.      On February 2, 2023, I sent an email to Mr. Davies seeking to meet and confer in accordance with this Court's Chambers Rules and Local Bankruptcy Rule 7007-1 and requesting that Mr. Davies respond by February 6, 2023.

8.      To date, Mr. Davies has not responded to either my January 5, 2023 email or my February 2, 2023 email.

9.      Attached hereto as <u>Exhibit C</u> is a true and correct copy of the February 2, 2023 email I sent to Mr. Davies.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

10.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 7, 2023

_/s/ Alex M. Englander_
Alex M. Englander of Holland & Knight LLP

**<u>Exhibit A</u>**

**January 5, 2023 Email From Alex M. Englander To Kyle Livingstone Davies, Attaching Subpoena**

| | |
|---|---|
| **From:** | Englander, Alex M (WPB - X28339) |
| **Sent:** | Thursday, January 5, 2023 9:34 AM |
| **To:** | ████████████████████████████████ |
| **Cc:** | Gluck, Warren E (NYC - X73396); Mohebbi, Nima (LA) |
| **Subject:** | Subpoena Against Mr. Kyle Davies - Three Arrows Capital Ltd. (In Liquidation) |
| **Attachments:** | Three Arrows Capital Ltd. (In Liquidation) Subpoena to Kyle Davies.pdf |

Dear Mr. Davies,

**RE: SUBPOENA AGAINST MR. KYLE DAVIES - THREE ARROWS CAPITAL, LTD. (IN LIQUIDATION)**

Please find attached by means of service a subpoena relating to Three Arrows Capital, Ltd. (In Liquidation).

Please confirm receipt of the same, and let us know when you will be complying with the production request noting the deadline of 26 January 2023.

You may contact the Joint Liquidators at 3acliquidation@teneo.com if you wish to communicate with them directly.

All of the Joint Liquidators' rights are reserved.

**Alex Englander | Holland & Knight**
Associate
Holland & Knight LLP
777 South Flagler Drive, Suite 1900, West Tower | West Palm Beach, Florida 33401
Phone 561.650.8339 | Fax 561.650.8399
alex.englander@hklaw.com | www.hklaw.com
_____
Add to address book | View professional biography

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

___Southern___ District of ___New York___

In re ___Three Arrows Capital, Ltd___

_Debtor_

_(Complete if issued in an adversary proceeding)_

Case No. ___22-10920 (MG)___

Chapter ___15___

_____
_Plaintiff_

v.

_____
_Defendant_

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  **Kyle Livingston Davies**

_(Name of person to whom the subpoena is directed)_

☒ _Production_:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attachment A

| PLACE | DATE AND TIME |
|---|---|
| electronic production to nima.mohebbi@lw.com | 26 January 2023 |

☐ _Inspection of Premises_:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___4 January 2023___

CLERK OF COURT

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
___Joint Liquidators___ , who issues or requests this subpoena, are:
Nima H. Mohebbi, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, nima.mohebbi@lw.com, (213) 485-1234

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                                             *Server's signature*

_____
                                                             *Printed name and title*

_____
                                                             *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

<u>**ATTACHMENT A TO PRODUCTION SUBPOENA**</u>

Pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, and the Court's Order authorizing the issuance and directing compliance with subpoenas (ECF No. 32), dated July 12, 2022, the Joint Liquidators request You (as defined below) produce Documents responsive to the following requests (the "Requests").

## I.    DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.    "<u>Account</u>" means any currency account, brokerage account, investment account, money market account, securities account, or any other type of account maintained by and through You, including any Wallet, regardless of whether the Account relates to a Digital Asset or a Fiat Asset.

2.    "<u>Communication</u>" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including, without limitation, notes, letters, telegrams, facsimiles, electronic mail, voicemail, text messages, instant messages, social media direct messages, and voice messages.

3.    "<u>Company</u>" refers to Three Arrows Capital, Ltd, incorporated as a business company under the laws of the British Virgin Islands on May 3, 2021, Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, and any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on their behalf.

4.      "<u>Digital Asset</u>" means any virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of same.

5.      "<u>Document</u>" means the full and broadest scope of documents and things discoverable under the Federal Rules of Civil Procedure, encompassing material of whatever kind or nature, whether typed, printed, handwritten, Electronically Stored, or otherwise produced (including all drafts and non-identical copies of any such document) and however stored, printed, recorded, or preserved, including all communications, correspondence, letters, memoranda, notes, contracts, bills, invoices, photographs, calendars, photocopies, audio or video recordings, and electronic data compilations, including computerized files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail messages, and text messages.

6.      "<u>Electronically Stored</u>" means any information stored electronically, magnetically or optically, including but not limited to: (a) digital communications; (b) word processed documents; (c) spreadsheets and tables; (d) accounting application data; (e) image and facsimile files; (f) sound recordings; (g) video and animation; (h) databases; (i) contact and relationship management data; (j) calendar and diary application data; (k) online access data; (l) presentations; (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files.

7.      "<u>Fiat Asset</u>" means any government-issued currency not backed by a commodity.

8.      The phrase "<u>possession, custody, or control</u>" with respect to Documents, Communications, or other information requested from You means Documents, Communications, or other information physically in Your possession; digitally accessible via the internet, cloud or other similar means; or otherwise within your knowledge.

9.      The terms "relates", "relating to", and "related to" mean evidencing, constituting, discussing, referring to, defining, mentioning, concerning, detailing, reflecting, or utilized or referred to in connection therewith.

10.     The term "sharing" means matching, equivalent to, or identical to.

11.     "Wallet" means digital accounts or applications used to store and/or trade any Digital Asset.

12.     "You" and "Your" shall mean and refer to Kyle Davies, including any agents, representatives, attorneys, accountants, investigators, consultants, and any other Person or entity acting on Your behalf.

## II.     INSTRUCTIONS

1.      In responding to the Requests, You are required to furnish all Documents available to You regardless of whether this information is possessed directly by You, Your agents, representatives, employees, or investigators; or by any other legal or non-legal entities controlled by or in any manner presently or previously affiliated with You.

2.      These Requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Requests, You are required to supplement or amend Your responses.

3.      This Subpoena incorporates by reference the Uniform Definitions in Discovery Requests contained in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), made applicable to this Chapter 15 case by Local Bankruptcy Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules" and together with the Local Civil Rules, the "Local Rules").

4.      Where a claim of privilege is asserted in objecting to any Request or part thereof, please follow the requirements set forth in the Fed. R. Civ. P. 26 and the Local Rules.

5.      If You elect to specify and produce business records in answer to any Request, the specification shall be sufficiently detailed to permit the requesting party to locate and identify, as readily as possible, the business records from which the answer may be ascertained.

6.      If, in responding to the Requests, You encounter any ambiguities when construing a question, instruction, or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

7.      Each Document is to be produced in its entirety even if only a portion of the Document is related to the identified subject matter. Documents should be produced in their original format without abbreviation, editing, or expurgation. Documents should include all exhibits, appendices, tables, or other attachments and be inclusive of all related metadata (including but not limited to: sent date, last modified date, and created date). If an exhibit, appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available it should be submitted and clearly marked to indicate the Document to which it corresponds. With the exception of privileged material, no Document or portion thereof should be masked or deleted in any manner.

8.      If the Document was—but is no longer—in Your possession, custody or control, or in existence, state the date and nature of the Document and explain why the Document is unavailable.

9.      If any Request herein cannot be complied with in full, comply to the fullest extent of Your ability to do so and state why full compliance is not possible.

10.     If any Document responsive to any of the following Requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; authors, addressees and recipients shown as "cc" or copied on the Document; title; substance or subject matter; type (e.g. memorandum, letter, report, etc.); any attachments to the Document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the Document; the date of the destruction or other disposition of the Document; the manner and reason for its destruction or other disposition; and the identities of persons authorizing such destruction or other disposition.

11.     Each of the Requests herein shall be limited in scope to the period from January 1, 2012 to the present—the period since the Company's inception.

12.     Questions or concerns may be directed to Warren E. Gluck (warren.gluck@hklaw.com) or Nima H. Mohebbi (nima.mohebbi@lw.com).

## III.    DOCUMENT REQUESTS

1.     Documents sufficient to identify the existence of, location of, and method of accessing and controlling the assets of the Company, including, without limitation, information related to the following:

      a.     Accounts;

      b.     Digital Assets and Fiat Assets;

      c.     derivatives of Digital Assets, including, but not limited to, SAFT (Simple Agreements for Future Tokens), SAFE (Simple Agreements for Future Equity), Contracts for Difference, options, and other similar investment agreements;

d.      seed phrases, private keys, and any other information relating to the means of accessing and controlling any Accounts, Digital Assets, or Fiat Assets;

e.      securities, including, but not limited to, private equity, loans, investments in partnerships, and unregistered shares;

f.      centralized and/or decentralized exchanges where You or the Company held Accounts;

g.      accounts receivable; and

h.      any other tangible or intangible assets.

2.      All books, papers and records in Your possession, custody, or control relating to the Company.  For the avoidance of doubt, this refers to all data held in paper or electronic format, inclusive of any electronically stored files on physical or cloud file storage servers, document management systems, external media (such as hard drives or USB devices) or any electronic devices including desktop computers, laptops, tablets or mobile telephone devices.  This should also include copies of any related Communications conducted on paper, email or messaging applications such as, but not limited to, Discord, WhatsApp, Telegram, or Twitter.

3.      For the following individuals or entities ("**Discovery Targets**"), please provide all Communications and Documents, relating to either the Discovery Target's name or any of the other information provided below:

a.  Su Zhu

i.  Email: ███████████████████

ii.  Email: █████████████████

iii.  Email: ███████████

    iv.  <u>Email:</u> ██████████████

    v.  <u>Address</u>: ███████████████████

    vi.  <u>Address</u>: ██ ████ █████ ████ ██ █████ ██████

                                     ████████

    vii.  <u>Address</u>: ████████████████████

b.  Kyle Livingston Davies

    i.  <u>Email</u>: █████████████

    ii.  <u>Email</u>: ███████████████

    iii.  <u>Email</u>: ██████████████

    iv.  <u>Email</u>: █████████████████

    v.  <u>Email</u>: █████████████████

    vi.  <u>Email</u>: █████████████████

    vii.  <u>Email</u>: █████████████████

    viii.  <u>Email</u>: █████████████████

    ix.  <u>Address</u>: ██████████████████████

    x.  <u>Address</u>: ██████████████████

    xi.  <u>Address</u>: ████████████████████████

c.  Hannah Marion Terhune

    i.  <u>Address</u>: ████████████████████████████

d.  Mark James Dubois

    i.  <u>Address</u>: ████████████████████

e.  Cheuk Yao Pau

    i.  <u>Address</u>: ████████████████████

    f.  Elfwood Limited

        i.  <u>Address</u>: ███████████████████████████████

           █████████████████████

    g.  Kelly Kaili Chen

        i.  <u>Email</u>: ████████████████████

    h.  Tai Ping Shan Limited and its associates including, but not limited to, Tai Ping Shan Capital Pte Ltd, TPS Capital FZE, TPS Research Ltd, Skew Investments Limited and Three Lucky Charms Ltd.

    i.  DeFiance Capital and its associates, including but not limited to, its manager, Arthur Cheong

    j.  Starry Night Capital and its associates, including but not limited to, its curator, Vincent Van Dough

4.    Please provide all Documents and Communications relating to any and all of the following Accounts and any other accounts relating to the Company of which you are aware:

    a.  3AC

        i.  ███████████████

        ii.  ███████████████

        iii.  █████████████████

        iv.  ██████████████████

        v.  ████████████████████████████

        vi.  ████████████████████████████

        vii.  ████████████████████████████

        viii.  ████████████████████████████

    b.  Su Zhu

        i.  ████████████████

    c.  Kyle Davies

        i.  ████████████████

        ii.  ████████████████████

        iii.  ████████████████████

        iv.  ██████████████████████

5.     For each of the following blockchain addresses and any other blockchain addresses relating to the Company of which you are aware, please provide all Documents and Communications relating to each address:



| Ethereum blockchain Addresses |
| --- |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |
| ████████████████ |

9

| Kusama blockchain Address |
| ████████████████████████████████████████ |

6.     Please provide all Documents and Communications relating to the Company not included above.

## **Exhibit B**

**January 5, 2023 Tweet From @3ACLiq To @KyleLDavies, Attaching Subpoena**



**3ACLiquidation**
@3ACLiq

...

@KyleLDavies jpg copies of the subpoena are attached to this tweet by way of service. An unredacted copy of the subpoena was served via email and can be provided upon request.



7:15 AM · Jan 5, 2023 · **404.7K** Views

**65** Retweets   **112** Quote Tweets   **364** Likes

## **Exhibit C**

**February 2, 2023 Email From Alex M. Englander To Kyle**

**Livingstone Davies**

| | |
|---|---|
| **From:** | Englander, Alex M (WPB - X28339) <Alex.Englander@hklaw.com> |
| **Sent:** | Thursday, February 2, 2023 9:52 AM |
| **To:** | ███████████████████████████████████████████████████████████████ christopher@advocatus.sg |
| **Cc:** | Gluck, Warren E (NYC - X73396); Mohebbi, Nima (LA) |
| **Subject:** | RE: Subpoena Against Mr. Kyle Davies - Three Arrows Capital Ltd. (In Liquidation) - Meet and Confer |

Dear Mr. Davies,

I represent the Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation).  On January 5, 2023, I served you with a subpoena for the production of documents.  You have not responded to this subpoena, and the deadline to respond (January 26, 2023) has since passed.  As such, you are in violation of this court-ordered production of records.

Pursuant to the Court's Chamber Rules and Local Bankruptcy Rule 7007-1, I am writing to inquire whether you, or at your direction through your counsel, would be willing to meet or have a telephone conference to discuss this subpoena. If we do not hear from you by February 6, 2023, we will assume that you are declining the opportunity to meet and confer on this matter, and we may pursue all remedies and rights available at law or in equity, including filing a Motion for an Order Compelling Compliance.

Nothing in this email shall be construed as waiving any rights, powers, privileges, or remedies of the Joint Liquidators; all such rights, powers, privileges, and remedies are expressly reserved.

**Alex Englander** | **Holland & Knight**
Associate
Holland & Knight LLP
777 South Flagler Drive, Suite 1900, West Tower | West Palm Beach, Florida 33401
Phone 561.650.8339 | Fax 561.650.8399
alex.englander@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Englander, Alex M (WPB - X28339)
**Sent:** Thursday, January 5, 2023 9:34 AM
**To:** ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████
**Cc:** Gluck, Warren E (NYC - X73396) <Warren.Gluck@hklaw.com>; 'nima.mohebbi@lw.com' <nima.mohebbi@lw.com>
**Subject:** Subpoena Against Mr. Kyle Davies - Three Arrows Capital Ltd. (In Liquidation)

Dear Mr. Davies,

**RE: SUBPOENA AGAINST MR. KYLE DAVIES - THREE ARROWS CAPITAL, LTD. (IN LIQUIDATION)**

1

Please find attached by means of service a subpoena relating to Three Arrows Capital, Ltd. (In Liquidation).

Please confirm receipt of the same, and let us know when you will be complying with the production request noting the deadline of 26 January 2023.

You may contact the Joint Liquidators at 3acliquidation@teneo.com if you wish to communicate with them directly.

All of the Joint Liquidators' rights are reserved.

**Alex Englander** | **Holland & Knight**
Associate
Holland & Knight LLP
777 South Flagler Drive, Suite 1900, West Tower | West Palm Beach, Florida 33401
Phone 561.650.8339 | Fax 561.650.8399
alex.englander@hklaw.com | www.hklaw.com

Add to address book | View professional biography