Hearing Date: August 8, 2023 at 11:00 a.m. (ET)

Jonathan L. Flaxer
Martin S. Hyman
Matthew C. Daly
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0777
*Counsel Making A Limited Appearance for*
*Non-Party Kyle Davies*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd., | Case No.: 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**NON-PARTY KYLE DAVIES': (i) OPPOSITION TO MOTION FOR CONTEMPT;
AND (ii) CROSS-MOTION TO VACATE ORDERS**

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................. 1

ARGUMENT ..................................................................................................................... 6

CONCLUSION ................................................................................................................. 10

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accurso v. Cooper Power Sys., Inc.*,
   No. 06CV8485, 2008 WL 2510140 (W.D.N.Y. June 19, 2008) ..................................................6

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
   262 F.R.D. 293 (S.D.N.Y. 2009) .................................................................................................3

*Blake v. City of N.Y.*,
   21 Civ. 00188 (JHR), 2023 WL 4409479 (S.D.N.Y. June 12, 2023) ......................................10

*In re Blutrich Herman & Miller*,
   227 B.R. 53 (Bankr. S.D.N.Y. 1998) ..............................................................................6, 7, 8, 9

*Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*,
   No. 09-CV-2507 (RRM)(RER), 2010 WL 2346283 (E.D.N.Y. Apr. 21, 2010) .......................6

*DiPirro v. U.S.*,
   189 F.R.D. 60 (W.D.N.Y. 1999) .................................................................................................7

*Khachikian v. BASF Corp.*,
   No. 91-CV-573, 1994 WL 86702 (N.D.N.Y. Mar. 4, 1994) ......................................................6

*Preveden v. Hahn*,
   36 F. Supp. 952 (S.D.N.Y. 1941) ................................................................................................7

*Reed v. Sheppard*,
   No. 6:12-CV-6655T, 2016 WL 1268306 (S.D.N.Y. Mar. 31, 2016) ........................................7

**Statutes and Rules**

28 U.S.C. §1783 ................................................................................................................................6

Fed. R. Bankr. P. 7004 ...................................................................................................................10

Fed. R. Bankr. P. 9014 ...................................................................................................................10

Fed. R. Bankr. P. 9020 ...................................................................................................................10

Fed. R. Bankr. P. 9024 ................................................................................................................1, 7

Fed. R. Civ. P. 4 .............................................................................................................................10

Fed. R. Civ. P. 45..................................................................................................................2, 3, 6, 7

Fed. R. Civ. P. 60........................................................................................................................1, 7

22-10920-mg    Doc 106    Filed 08/01/23    Entered 08/01/23 12:27:05    Main Document

.................................................................................................................2, 3, 6, 7

Non-party Kyle Davies ("Davies"), by and through his attorneys, Golenbock Eiseman Assor Bell & Peskoe LLP[1], respectfully submits this: (ii) opposition to the motion for contempt, filed on June 14, 2023 ("Motion for Contempt") by the foreign representatives ("Foreign Representatives") of the debtor Three Arrows Capital, Ltd. ("Debtor"); and (ii) cross-motion, pursuant to Rule 9024 of the Fed. R. Bankr. P., Rule 60(b) of the Fed. R. Civ. P., and the Court's inherent powers, to vacate the Court's Memorandum Opinion and Order Granting in Part and Denying in Part the Foreign Representatives' Service Motion, dated December 29, 2022 ("Service Order"), and Memorandum Opinion Granting the Foreign Representatives' Motion to Compel, dated March 22, 2023 ("Compel Order"), to the extent those orders pertain to Davies. In support of this opposition and cross-motion, Davies also relies on his accompanying Declaration with exhibits thereto ("Davies Declaration"). By making this submission, Davies is not subjecting himself to or accepting, and expressly objects to, the jurisdiction of the U.S. courts.

The Motion for Contempt should be denied, and this cross-motion should be granted, because Davies has not been, and cannot be, validly served with process as a non-party in this case because he has not been a United States citizen or resident since well before this case was commenced. Since Davies has not been validly served, the Court does not have personal jurisdiction over him. The Service Order and Compel Order were premised on the incorrect presumption that Davies is a U.S. citizen, and therefore they should be vacated.

## BACKGROUND

As set forth in the accompanying Davies Declaration and the exhibits thereto, Davies has not been a U.S. resident since 2013, and he has not been a U.S. citizen since the end of 2020. He is a citizen of Singapore. *See* Davies Declaration ¶¶1-5.

---

[1] This firm is making a limited appearance in this case solely for purposes of contesting service/personal jurisdiction.

On June 27, 2022, the Debtor commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands. On July 1, 2022, the Foreign Representatives commenced this Chapter 15 case. [Dkt. 1.]

In October 2022, the Foreign Representatives filed the following motions: (i) Motion for Entry of an Order Authorizing Issuance of Subpoenas and Granting Related Relief ("Subpoena Motion") [Dkt. 54]; and (ii) Motion for Entry of an Order Authorizing Alternative Service of Process ("Service Motion") [Dkt. 57]. These motions sought to pursue discovery, by subpoena, from Davies, Su Zhu, and other entities. At a hearing on December 2, 2022, the Court authorized the issuance of the subpoenas, but held that there were outstanding issues relating to service/personal jurisdiction that prevented the Court from ruling on the Service Motion, and directed the Foreign Representatives to make a supplemental submission to address those issues. [Dkt. 77.]

On December 13, 2022, the Foreign Representatives made a supplemental submission. [Dkt. 75.] With respect to Davies' citizenship, they stated that while Davies was born in the United States, "[t]he Foreign Representatives have no actual knowledge whether Davies has formally renounced his U.S. citizenship under U.S. law, but note that a subsequent listing of Davies in the Register of Directors identifies him as Singaporean and that Davies holds Italian and Singaporean passports that were issued in 2017 and 2021 respectively." [Dkt. 75 at 3-4.] They further noted that, "[u]nder Singaporean law, foreign nationals may become Singaporean citizens after, *inter alia*, renouncing all other citizenships." [*Id.* at 4 n.3.]

On December 29, 2022, the Court issued a Memorandum Opinion and Order Granting in Part and Denying in Part the Foreign Representatives' Service Motion ("Service Order"). [Dkt. 79.] The Court held that Rule 45 of the Fed. R. Civ. P. does not allow for service of persons

2

outside the United States who are not U.S. nationals or residents. [*Id.* at 13-17.] The Court agreed with other courts that "have clearly held that Rule 45 is not just 'silent' on foreign service of non-nationals and non-residents, but it provides an explicit limit on such service." [*Id.* at 14.] The Court quoted *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009), for the holding that "'courts faced with similar circumstances have found that foreign nationals living abroad are not subject to subpoena service outside the United States.'" [*Id.* at 15.]

The Court also rejected the Foreign Representatives' argument that service of a foreign national outside the United States could be accomplished by alternative service such as email or social media:

> Ultimately, what the Foreign Representatives seek via "alternative" service is an alternative to Rule 45 itself. But the applicable case law permitting "alternative" service involves service via means that provide a comparable alternative to standard methods, where factual circumstances prevent standard service. Here, service on parties outside the United States via email or social media would be completely unlike any standard methods of service available to the Foreign Representatives under Rule 45 because there are none. Allowing the Foreign Representatives to serve in this manner under the guise of "alternative" service would create an exception that would render Rule 45's explicit territorial limits meaningless given the ubiquity of email and social media. Indeed, every litigant that wishes to seek discovery from foreign national nonparties outside the United States would likely appreciate some "alternative," but the Court cannot ignore Rule 45's express territorial limitations.

[*Id.* at 17.]

Because of the territorial limitations of Rule 45, the Court held that the Foreign Representatives could not serve subpoenas on Mr. Zhu and certain others because they did "not appear to be United States nationals or residents, and are located in foreign countries." [*Id.* at 13.]

The Court reached a different result as to Davies, and permitted alternative service via email and Twitter as to him, only because "[a]s a factual matter, the Foreign Representatives'

3

submissions establish that Davies was born in the United States, and as a result, the Court presumes that Davies is a United States national." [*Id.* at 17.]

The subpoena to Davies at issue is dated January 4, 2023 (the "Subpoena"). [Dkt. 99-1.] It was never served on him in the United States. The purported service was only via email and Twitter. [Dkt. 98 at 6.]

On February 7, 2023, the Foreign Representatives filed a motion to compel Davies' compliance with the Subpoena ("Motion to Compel"). [Dkt. 81.] The hearing on the Motion to Compel was scheduled for March 2, 2023.

On February 14, 2023, Davies' Singapore counsel, Advocatus Law LLP, emailed counsel for the Foreign Representatives advising them:

> The Orders that you have obtained, and have applied for, against our clients, Mr. Kyle Livingstone Davies, and Mr. Zhu Su, in the US Court are baseless. Without prejudice to whether the substantive requirements for such Orders have been met, the US Courts have no jurisdiction over our clients. They have no presence in the US, **and are not US citizens**, and to the extent that your clients, their other counsel, and you, have represented otherwise to the US Courts to attempt to found jurisdiction, each of you have misled the US Courts. ***You should immediately inform the US Courts, and have the Orders already obtained discharged, and withdraw the present application***.

[Dkt. 101-2, emphases added.]

The Foreign Representatives did not submit this email to the Court at that time. And their only mention of it at the March 2 hearing was to inaccurately state:

> The one response we did get was from counsel purporting to represent him in Singapore, declining to have a call or any sort of discussion with us, but just saying they disagree essentially with the Court's order that there's jurisdiction over Mr. Davies, and that was pretty much it. That was pretty much the extent of the discussion.

[Dkt. 92 at 7:24-8:4.]

4

The Foreign Representatives omitted to mention that they were specifically told that Davies is not a U.S. citizen.

On March 22, 2023, the Court issued a Memorandum Opinion Granting the Foreign Representatives' Motion to Compel ("Compel Order"). [Dkt. 93.] However, the Court acknowledged Davies' right to contest, *inter alia*, jurisdiction in connection with any subsequent motion for contempt. It held: "A motion seeking to compel compliance with a subpoena without seeking sanctions, as is true here, effectively provides Davies with an additional opportunity to appear, contest jurisdiction, and assert any other available defenses to enforcement of the subpoena. An Order compelling compliance does not impose liability as would a default judgment." [*Id.* at 18; *see also id.* at 17 ("Davies can appear and contest personal jurisdiction if he fails to comply with an order compelling compliance and the Foreign Representatives seek[] to hold Davies in contempt.").]

On June 14, 2023, the Foreign Representatives filed the Motion for Contempt. [Dkt. 98.] In the Motion for Contempt, the Foreign Representatives continued to misrepresent that Davies "is a U.S. national." [*Id.* at 11; *see also id.* at 13 ("with respect to U.S. nationals like Davies").] They again failed to mention that they were expressly told that Davies is *not* a U.S. citizen, which is consistent with the fact, of which they are well aware, that he is a citizen of Singapore, a country that does not allow dual citizenship with the United States. While they submitted the February 14, 2023 email from Davies' Singapore counsel, they buried it among the approximately 200 pages of papers they filed with their Motion for Contempt [Dkt. 101-2], and they did not call the Court's attention to the fact that it expressly states that Davies is not a U.S. citizen. Instead, they misleadingly stated in a footnote that they "lack knowledge whether Davies formally renounced his United States citizenship under U.S. law" and that "the available

5

information indicates that Davies remains a citizen, or at least was a citizen during the majority of the Debtor's operations." [Dkt. 98 at 15 n.7.] The latter assertion is irrelevant, because whether service was permissible under Rule 45 depends on whether Davies was a U.S. citizen at the time of service.[2] He was not.

## ARGUMENT

The Court should deny the Motion for Contempt because the Subpoena was not validly served, and therefore the Subpoena is a nullity and Davies is not subject to the Court's jurisdiction. Moreover, because the Service Order and Compel Order were based on an incorrect factual presumption, they should be vacated to the extent they pertain to Davies.

A Subpoena that has not been validly served is a nullity. *Khachikian v. BASF Corp.*, No. 91-CV-573, 1994 WL 86702, at *1 (N.D.N.Y. Mar. 4, 1994). Moreover, valid service is necessary before a federal court may exercise personal jurisdiction, *In re Blutrich Herman & Miller*, 227 B.R. 53, 67 (Bankr. S.D.N.Y. 1998), and thus the lack of valid service is a jurisdictional defect. Additionally, for the avoidance of doubt, an individual cannot be held in contempt for alleged failure to comply with a subpoena that was not validly served. *See Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507 (RRM)(RER), 2010 WL 2346283, at *2 (E.D.N.Y. Apr. 21, 2010), *adopted by* 2010 WL 2346276 (E.D.N.Y. June 8, 2010); *Accurso v. Cooper Power Sys., Inc.*, No. 06CV8485, 2008 WL 2510140, at *5 (W.D.N.Y. June 19, 2008).

As the Court held in the Service Order, Rule 45 of the Fed. R. Civ. P. does not allow for service of persons outside the United States who are not U.S. nationals or residents. [Dkt. 79 at 13-17.] Davies was not a resident or citizen of the United States at the time the Subpoena was

---

[2] Rule 45(b)(3), and 28 U.S.C. §1783 incorporated therein, speak in the present tense. They do not apply to an individual who *was*, but no longer *is*, a U.S. national or resident.

6

issued and, in fact, he has not been a resident or citizen of the United States *since well before the commencement of this case*. Davies Declaration ¶¶1-5. As such, neither Rule 45 nor any other provision of law authorized service of the Subpoena on Davies. In fact, as the Court held in the Service Order, **Rule 45 actually prohibited service on Davies under these circumstances**. [*Id.* at 14-15.]

In this respect, Davies was similarly situated to Mr. Zhu. Neither of them was a U.S. citizen or resident at the relevant time. The Court held that service cannot be accomplished on Mr. Zhu, and the same result is required for Davies.

Because the Service Order authorizing alternative service on Davies was based on the incorrect presumption that Davies is a U.S. citizen [*id.* at 17], the Service Order should be vacated in this respect, and the Compel Order should also be vacated since the Subpoena was not, and cannot be, validly served. Such relief is authorized by Fed. R. Civ. P. 60(b), which is made applicable to this case by Fed. R. Bankr. P. 9024, because Rule 60(b) authorizes a Court to grant relief from an order based on, *inter alia*, "mistake"; "misrepresentation, or misconduct by an opposing party"; where "the judgment is void"; and "any other reason that justifies relief."[3] Moreover, federal courts have inherent authority to reconsider their prior orders. *Reed v. Sheppard*, No. 6:12-CV-6655T, 2016 WL 1268306, at *2 (S.D.N.Y. Mar. 31, 2016); *Preveden v. Hahn*, 36 F. Supp. 952, 953 (S.D.N.Y. 1941); *see also* Fed. R. Civ. P. 60(d)(1).

*In re Blutrich Herman & Miller*, 227 B.R. 53 (Bankr. S.D.N.Y. 1998), is on point. In that case, one of the partners of a partnership filed an involuntary Chapter 7 petition for the partnership, but did not serve his non-filing partners with the summons and petition. *Id.* at 55. A

---

[3] Rule 60(b) "applies to both intentional and unintentional misrepresentations." *DiPirro v. U.S.*, 189 F.R.D. 60, 65 (W.D.N.Y. 1999) (internal quotes omitted).

7

creditor moved for entry of an order for relief. The Court entered an order for relief on default and appointed a trustee. *Id.* at 56. The trustee commenced an adversary proceeding against the partnership's landlord and others. *Id.* The landlord asserted that the adversary proceeding must be dismissed as a nullity because the underlying involuntary petition and summons were never served on the partners. *Id.* at 56-57. The Court held that the landlord's request was, in effect, a request "to collaterally attack the order for relief." *Id.* at 57. The Court held that such a request was appropriate because: "If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the *res* of the action, any such judgment is void and, therefore, subject to collateral attack. The attack may be made in any proceeding in any Court where the validity of the judgment comes in issue." *Id.* (internal quotes omitted).

The Court continued that: "Where due process has been offended by a court's entry of a judgment without personal jurisdiction having been obtained, the judgment is void. . . . Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Id.* at 58. The Court also held that "defects in personal jurisdiction are not deemed waived by a party's failure to appear, plead or otherwise defend the action." *Id.* at 59. Thus, the Court held that the relief order must be vacated, *sua sponte*, because there was no evidence that the partners "acquiesced in any way, shape or form to the court's jurisdiction":

> Even though it could be argued that Herman [one of the partners] obtained actual notice of the involuntary BHM petition at some point after its filing because of the involuntary case commenced against him personally, he has preserved, through his statements and actions, his affirmative defense of lack of personal jurisdiction. Admittedly, Herman did not file an answer to the involuntary petition, but he cannot be faulted for having failed to timely register his opposition when the summons and involuntary petition were never served upon him, nor can he be held to have waived this jurisdictional defense when he has consistently challenged jurisdiction from the first contact he has had with this court.

8

*Id.* at 61.

Here, Davies has not acquiesced to the Court's jurisdiction nor waived his service objection. Initially, the Foreign Representatives had reason to doubt Davies' purported U.S. citizenship even before they brought the Service Motion, because they knew he was a Singapore citizen and that Singapore does not allow dual citizenship with the United States. Moreover, on February 14, 2023, before the hearing on the Motion to Compel, Davies' Singapore counsel expressly told the Foreign Representatives that Davies is not a U.S. citizen and that he objected to the Court's jurisdiction, and they asked the Foreign Representatives to correct this error in the record. At the compel hearing, the Foreign Representatives failed to accurately describe that communication to the Court, and failed to advise the Court of the fact that Davies is not a U.S. citizen. In the Compel Order, the Court stated that, in connection with any future contempt motion, Davies would have "an additional opportunity to appear, contest jurisdiction, and assert any other available defenses to enforcement of the subpoena." [Dkt. 93 at 18; *see also id.* at 17.] This submission is "the first contact" with the Court on behalf of Davies, and Davies is timely asserting his service/jurisdictional objection, which has become necessary because the Foreign Representative have failed to correct the record, and to the contrary they have continued to misrepresent in their Motion for Contempt that Davies "is a U.S. national." [Dkt. 98 at 11; *see also id.* at 13.]

As there was no basis for service of the Subpoena on Davies and the Court does not have jurisdiction over him, vacatur of the Service Order and Contempt Order "is thus appropriate, if not outright mandatory," *In re Blutrich*, 227 B.R. at 60, and the Motion for Contempt should be denied.

9

Finally, the Motion for Contempt should also be denied for the independent reason that the Motion for Contempt itself was not validly served either. Under Rules 9014 and 9020 of the Fed. R. Bankr. P., a motion for contempt must be served in the same manner provided for service of a summons and complaint by Rule 7004. The Foreign Representatives did not comply with that requirement, and thus the Motion for Contempt is defective. *See Blake v. City of N.Y.*, 21 Civ. 00188 (JHR), 2023 WL 4409479, at *1 (S.D.N.Y. June 12, 2023) (addressing analogous SDNY Local Rule 83.6: "Service of the contempt papers by other means is not sufficient, nor does actual notice of the contempt application satisfy this requirement."). According to the Certificate of Service, the Foreign Representatives purported to serve the Motion for Contempt by email and first-class mail to Davies' Singapore counsel. [Dkt. 104.] That is not a valid method for service of a summons and complaint under Rule 7004.[4] Moreover, the Foreign Representatives did not seek permission to serve the Motion for Contempt by alternative means. In any event, for the reasons set forth herein, the Subpoena on which the Motion for Contempt is based is a nullity, and thus the Court does not have jurisdiction over Davies.

## CONCLUSION

WHEREFORE, Davies respectfully requests that the Court: (i) deny the Motion for Contempt; (ii) quash the Subpoena; (iii) vacate the Service Order and Compel Order to the extent they pertain to Davies; and (iv) grant such other and further relief as is just and proper.

---

[4] Fed. R. Bankr. P. 7004(a)(1) incorporates Fed. R. Civ. P. 4(f), which governs serving an individual in a foreign country.

10

Dated: August 1, 2023                                    Respectfully submitted,

                                                                           GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

By: /s/ Jonathan L. Flaxer
       Jonathan L. Flaxer

Jonathan L. Flaxer
Martin S. Hyman
Matthew C. Daly
711 Third Avenue
New York, New York 10017
(212) 907-7300
jflaxer@golenbock.com
mhyman@golenbock.com
mdaly@golenbock.com

*Counsel Making A Limited Appearance For Non-Party Kyle Davies*

11

## CERTIFICATE OF SERVICE

A copy of the foregoing Non-Party Kyle Davies': (i) Opposition to Motion for Contempt; and (ii) Cross-Motion to Vacate Orders, together with the accompanying Declaration of Kyle Davies, with exhibits thereto, were served on August 1, 2023, via the Court's electronic filing system on all counsel of record, and via Federal Express on the following counsel for the Foreign Representatives:

Adam J. Goldberg, Esq.
Lathan & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020

Nima H. Mohebbi, Esq.
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

Dated: August 1, 2023

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: /s/ Jonathan L. Flaxer
     Jonathan L. Flaxer

Jonathan L. Flaxer
Martin S. Hyman
Matthew C. Daly
711 Third Avenue
New York, New York 10017
(212) 907-7300
jflaxer@golenbock.com
mhyman@golenbock.com
mdaly@golenbock.com

*Counsel Making A Limited Appearance For Non-Party Kyle Davies*