UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Three Arrows Capital, Ltd.,<br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10920 (MG) |

### ORDER DENYING THE FOREIGN REPRESENTATIVES' MOTION FOR CONTEMPT AND SANCTIONS

The Court, having considered the *Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order: (I) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order; and (II) Granting Sanctions Against Kyle Livingstone Davies* ("Contempt Motion," ECF Doc. # 98),[1] filed on June 14, 2023, by the duly authorized Foreign Representatives of Three Arrows Capital, Ltd. (the "Foreign Debtor"), and *Non-Party Kyle Davies': (i) Opposition to Motion for Contempt; and (ii) Cross-Motion to Vacate Orders* ("Opposition," ECF Doc. # 106) filed on August 1, 2023, by Kyle Livingstone Davies ("Mr. Davies"), and all briefs and declarations filed in support of the Motion and Opposition, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Court finds that good and sufficient cause exists to enter this Order.

On October 14, 2022, the Foreign Representatives filed the *Motion for Entry of an Order Authorizing Alternative Service of Process* ("Service Motion," ECF Doc. # 55). The Service Motion sought to serve the Foreign Debtor's founders, Mr. Davies and Mr. Su Zhu, as well as other related parties (together, the "Proposed Subpoena Parties"), with subpoenas via email and social media. The Service Motion indicated that all Proposed Subpoena Parties were located

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

outside of the United States.

On December 29, 2022, this Court issued the *Memorandum Opinion and Order Granting in Part and Denying in Part the Foreign Representatives' Service Motion* ("Service Opinion"). *See In re Three Arrows Capital, Ltd.*, 647 B.R. 440 (Bankr. S.D.N.Y. 2022). The Service Opinion granted the Service Motion with respect to Mr. Davies, and denied the Service Motion with respect to all other Proposed Subpoena Parties. In reaching that result, the Court concluded that Federal Rule of Civil Procedure 45(b)(3), which governs service outside the United States, only permits service on United States nationals or residents via 28 U.S.C. § 1783. *See id.* at 448–50. The Court only granted the Service Motion with respect to Mr. Davies because it presumed based on the record at that time that Mr. Davies was a United States citizen. *See id.* at 450.

On February 7, 2023, the Foreign Representatives filed the *Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance With Subpoena*, ("Motion to Compel," ECF Doc. # 81.) The Motion to Compel reported that, pursuant to the Service Opinion, the Foreign Representatives served Mr. Davies with the subpoena via email and social media on January 5, 2023. (*Id.* ¶ 20.) The Foreign Representatives also reported that Mr. Davies failed to produce documents or respond to the subpoena. (*Id.* ¶ 25.) Thus, the Foreign Representatives filed their Motion to Compel to compel his compliance with the subpoena.

On March 22, 2023, the Court issued the *Memorandum Opinion Granting the Foreign Representatives' Motion to Compel* ("Compel Opinion"). *See In re Three Arrows Capital, Ltd.*, 649 B.R. 143 (Bankr. S.D.N.Y. 2023). The Court, still operating under the presumption that Mr. Davies was a United States citizen or national, compelled his compliance with the subpoena. Importantly, however, the Court noted that it was not ruling on the issue whether the Court had

2

personal jurisdiction over Mr. Davies.[2] On March 30, 2023, the Court entered the *Order Granting Motion to Compel Compliance with Subpoena* ("Compel Order," ECF Doc. # 94.) The Compel Order required Mr. Davies to comply with the subpoena within 14 days of the entry of the Order.

On June 14, 2023, the Foreign Representatives filed the Contempt Motion. They reported that Mr. Davies had failed to comply with the Court's Compel Opinion and Compel Order. (Contempt Motion at 3.) As such, the Foreign Representatives sought to hold Mr. Davies in contempt, and to impose monetary sanctions to induce his compliance with the Compel Opinion, Compel Order, and subpoena.

On August 1, 2023, Mr. Davies filed his Opposition to the Contempt Motion. In support of the Opposition, Mr. Davies filed a declaration which explained that Mr. Davies had renounced his United States citizenship in January 2021, before this case was commenced. ("Davies Declaration," ECF Doc. # 107 ¶¶ 1–5.) The Davies Declaration also provided supporting documentation for these assertions, including a Certificate of Loss of Nationality issued by the United States to Mr. Davies. The Opposition argued that Mr. Davies had not in fact been properly served pursuant to Federal Rule of Civil Procedure 45(b)(3) because he was not a United States citizen at the time he was served, as the Court presumed in the Service Opinion. Furthermore, the Opposition argued that because Mr. Davies had not been properly served, that the Court did not have personal jurisdiction over him.[3] The Opposition also contained a cross-

---

[2]  *See id.* at 155 ("This Motion and an Order granting the Motion is not the final stop on enforcement of the subpoena. A motion seeking to compel compliance with a subpoena without seeking sanctions, as is true here, effectively provides Davies with an additional opportunity to appear, contest jurisdiction, and assert any other available defenses to enforcement of the subpoena.").

[3]  "Federal courts must satisfy three primary requirements to lawfully exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process."

3

motion to vacate the Court's Service Opinion and Compel Order ("Cross-Motion") pursuant to Federal Rule of Civil Procedure 60(b), as made applicable by Federal Rule of Bankruptcy Procedure 9024.

On August 4, 2023, the Foreign Representatives filed a reply brief in support of their Contempt Motion. ("Reply," ECF Doc. # 110.) In the Reply, the Foreign Representatives did not contest any of the facts relating to Mr. Davies' renunciation of citizenship. Instead, they argued that Mr. Davies had waived his ability to raise arguments pertaining to service, as he had actual notice of the subpoenas and failed to appear and raise those arguments before the deadline to oppose the Contempt Motion. (Reply at 3–6.)

The Court finds that Mr. Davies did not waive his right to contest service of the subpoena. Until Mr. Davies filed his Opposition, the Court was operating under the presumption that Mr. Davies was a United States national, and that personal jurisdiction might be established at some point if that presumption continued to hold and other jurisdictional facts were proven. At no point, however, has the Court held that any factual presumptions or preliminary findings have established a basis for jurisdiction. In the Court's most recent Compel Opinion, the Court specifically contemplated affording Mr. Davies one final opportunity to contest personal jurisdiction and develop the record with respect to facts bearing on the issue. That is precisely what Mr. Davies did in his Opposition and declaration. Mr. Davies rebutted the presumption that he was a United States citizen at the time the subpoenas were served. Because Mr. Davies' United States citizenship was a prerequisite for valid service on him in the manner effected, he was not properly served with the subpoena issued by this Court. Because Mr. Davies has shown that he was not properly served, he has also shown that the Foreign Representatives has not

---

*See Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012)).

established personal jurisdiction over him as a result of service of the subpoena by alternative means as has occurred to date.  *See Gucci Am.*, 135 F. Supp. 3d at 93.

This proceeding arises in a multi-jurisdictional effort to gain compliance by Mr. Davies with the Foreign Representatives' efforts to obtain documents, information and recovery for creditors.  Now that it has been established that Davies is a citizen of the Republic of Singapore, where another foreign proceeding is pending relating to Three Arrows, perhaps that Court can gain jurisdiction over Davies and compel compliance with the Foreign Representatives' efforts.

To be clear, nothing in this Order addresses any issues whether this Court would have personal jurisdiction over Mr. Davies (or Mr. Zhu) in the event that an action is commenced to recover damages resulting from their activities within the United States.  Service of process for a summons and complaint under Bankruptcy Rule 7004 does not contain the same limitation as Federal Rule of Civil Procedure 45(b)(3), which governs service of a subpoena outside the United States, and only permits service on United States nationals or residents via 28 U.S.C. § 1783.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Contempt Motion is **DENIED**.
2. The Cross-Motion in the Opposition is **DENIED**.  At no point has this Court purported to exercise jurisdiction over Mr. Davies.  In fact, the most recent opinion and order compelling Mr. Davies to comply with the issued subpoenas only did so subject to Mr. Davies' ability to appear and contest issues of jurisdiction at a subsequent hearing.  Mr. Davies supplementation of the record and assertion of defenses was specifically contemplated by the Compel Opinion.  As such, none of the bases for vacatur in Federal Rule of Civil Procedure 60(b) exist here.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2023
      New York, New York

                                                /s/ Martin Glenn
                                                  MARTIN GLENN
                                      Chief United States Bankruptcy Judge