**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd.,<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 22-10920 (MG) |

**STIPULATION AND CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Upon agreement of the Parties for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 26(c) made applicable thereby, and Federal Rule of Evidence 502, and good cause having been shown for limiting the review, copying, dissemination, filing, and use of confidential and/or proprietary documents and information and of protected personal data to be produced by the Foreign Representatives of Three Arrows Capital, Ltd. (the "Foreign Representatives"), Digital Currency Group Inc. ("DCG," and together with the Foreign Representatives, the "Parties"), and their respective counsel, or by any non-party in the course of discovery in Case No. 22-10920 (MG) (the "Action"), the Parties hereby stipulate ("Confidential Stipulation") and petition the Court to enter an order as follows:

## I. PURPOSE AND DEFINITIONS

1. Purpose. The Parties enter this Confidentiality Stipulation to facilitate their exchange and discovery of Discovery Material that they and, as appropriate, non-parties, agree merits or requires protection from public disclosure and from use for any purpose other than prosecuting or defending the Action, any related adversary proceedings, the Chapter 11 proceeding commenced by Genesis Global Holdco, LLC, Genesis Global Capital, LLC, and Genesis Asia Pacific Pte. Ltd. in the Bankruptcy Court for the Southern District of New York, Case No. 23-10063 (SHL) (the "Genesis Action"), and any related adversary proceedings, (collectively with

the Action and the Genesis Action, the "Actions"). The protections conferred by this Confidentiality Stipulation and the limitations on the use of information obtained during the course of discovery in the Actions as set forth in this Confidentiality Stipulation cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. However, except as set forth in paragraph 20, this Confidentiality Stipulation shall not be construed to cause any counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with the Action.

(a) Upon the lifting of the stay in the Three Arrows Capital, Ltd. liquidation proceeding, claim number BVIHC(COM)2022/0119 (the "BVI Proceeding") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), if any Receiving Party or, as appropriate, non-party, seeks to disclose any Discovery Material in the BVI Proceeding, the Parties to this Protective Order shall promptly meet and confer in good faith to discuss use, and/or dissemination of such Discovery Material if any, in that proceeding.

2. Definitions. As used herein:

(a) "Confidential Information" means any Discovery Material that a Party or non-party, subject to the provisions of this Confidentiality Stipulation, has designated as "Confidential" because the Party or non-party believes in good faith that such Discovery Material: (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this

Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. All copies of, summaries of, and information derived from Confidential Information is Confidential Information.

(b)      "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information (including metadata), tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or non-party during discovery in the Action.

(c)      "Highly Confidential Information" means any Discovery Material, including but not limited to Personal Data, trade secrets, and information which is required to be kept confidential by contract or other legal obligation, that meets the requirements for Confidential Information and that a Party or non-party, subject to the provisions of this Confidentiality Stipulation, has designated as "Highly Confidential" because the designating Party believes in good faith that (1) disclosure of such information could result in civil or criminal liability, or will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Producing Party or its agents, affiliates, or employees, and/or is substantially likely to cause injury to the Producing Party, and (2) that such information would not otherwise be adequately protected under the procedures set forth herein for Confidential Information. All copies of, summaries of, and information derived from Highly Confidential Information is Highly Confidential Information.

(d) "Advisors' Eyes Only Material" means any Discovery Material that a party or non-party reasonably believes to be so highly sensitive that it: (i) constitutes Highly Confidential Information; (ii) its disclosure to the Receiving Party's in-house counsel could result in material injury to the business, competitive, commercial or financial interests of such Producing Party or its agents, affiliates, or employees, or non-party; and (iii) is designated as "Advisors' Eyes Only" for purposes of this Action. All copies of, summaries of, and information derived from Advisors' Eyes Only Material is Advisors' Eyes Only Material.

(e) "Personal Data" means any Discovery Material that a Party or non-party believes in good faith to be sensitive personally identifiable information or subject to federal, state, or foreign data protection laws or other privacy obligations. Personal Data may include, but is not limited to, Social Security Numbers, driver's license or other identification numbers, personal financial information (such as tax information, bank account numbers, and credit card numbers), insurance claim numbers, insurance policy numbers, and the personal email addresses, social media account information, or other contact information of consumers, Three Arrows Capital, Ltd's customers, board members, and employees. Personal Data shall be treated as Highly Confidential Information under this Confidentiality Stipulation; provided, however, that nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with foreign law or international protocols rather than pursuant to the Federal Rules of Civil Procedure.

(f) "Privileged Material" means Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, joint defense or common interest privilege, United States or foreign bank disclosure laws or regulations, and/or any other applicable

United States or foreign statute, law, regulation, privilege, or immunity, or protection against disclosure.

(g) "Producing Party" means any Party or non-party producing or designating Protected Information in this Action.

(h) "Protected Information" means any Discovery Material that is designated as Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material pursuant to this Confidentiality Stipulation.

(i) "Receiving Party" means any Party receiving Protected Information in this Action.

## II. PROTECTED INFORMATION

3. Designating Discovery Material as Confidential or Highly Confidential or Advisors' Eyes Only. A Producing Party may designate Discovery Material in connection with this Action as "Confidential," "Highly Confidential," or "Advisors' Eyes Only" either by notation on each page of a Document so designated, statement on the record of a deposition, through metadata associated with a document and/or so designated on the slip sheet for native files, or other appropriate means agreed by the Parties within a reasonable time of producing such material. This designation and the associated restrictions shall not apply to Discovery Material that: (a) was, is, or becomes public knowledge through lawful means not in violation of this Confidentiality Stipulation; (b) was or is acquired from a non-party having the right to disclose such Discovery Material; or (c) the Receiving Party lawfully possessed prior to this Confidentiality Stipulation except that Discovery Material produced in the Action prior to entry of this Confidentiality Stipulation may be designated by the Producing Party, provided, however, that nothing herein shall modify or vary the restrictions set forth in any other Order issued by the Court in this Action providing for the sealing of Discovery Material. If a Producing Party inadvertently fails to

designate Discovery Material as Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material upon production or within the time to designate testimony, or otherwise incorrectly designates Protected Information, the Producing Party may designate it by written notice to counsel to the Receiving Party within a reasonable time. Thereafter, the material so designated shall be treated as Protected Information in conformity with the new designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party will replace the incorrectly designated material and will destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Protected Information under the terms of this Confidentiality Stipulation, the Receiving Party shall (a) notify the Producing Party, and (b) make reasonable efforts to retrieve the Protected Information promptly and to avoid any further disclosure. An inadvertent failure to designate Discovery Material as Protected Information does not waive the Producing Party's right to secure protection under this Confidentiality Stipulation for such material.

4.      Objecting to a Confidentiality Designation. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party objects to the designation of Discovery Material as Protected Information. If the Producing Party does not agree to declassify or reclassify such Protected Information, the parties shall meet and confer in good faith about the disagreement within three business days following the Receiving Party's notice of its objection to the Producing Party. If no agreement can be reached after reasonable efforts to meet and confer, the Receiving Party may, in accordance with and subject to compliance with all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices), move the Court on notice for an order declassifying or reclassifying the Protected Information. If the

Receiving Party does not file such a motion, the Parties shall continue to treat the Protected Information as designated by the Producing Party. If the Receiving Party does file such a motion, the Parties shall treat the Protected Information as designated by the Producing Party unless and until the Court rules otherwise.

5. Disclosure of Confidential Information. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not disclose Confidential Information to any person or entity except to the extent reasonably necessary to prosecute or defend the Action, as provided for herein, and in such circumstance, only to:

(a) Personnel of the Receiving Party engaged in assisting in the Actions and who have been advised of their obligations thereunder;

(b) The Foreign Representatives and any necessary employee, officer, or director of the Foreign Representatives' firm Teneo (BVI) Limited;

(c) Counsel for the Receiving Party and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff, translators, and outside eDiscovery and copying services) who are directly assisting such counsel in the Actions, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) Expert witnesses or consultants, including financial advisors, retained by the Receiving Party, their regular or temporary employees, or their counsel to furnish services in connection with the Actions or to give testimony with respect to the subject matter of the Actions at the trial of the Actions or other proceeding herein, if furnished, shown or disclosed in accordance with paragraph 9;

(e) The courts in the Actions and court personnel, if filed in accordance with paragraph 13;

(f) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 12;

(g) A witness who has been subpoenaed or noticed for or otherwise called to testify, for a deposition, trial, or other court proceeding in the Actions not otherwise authorized to view the Protected Information in question and who has signed the certificate attached as Exhibit A hereto, during that witness' testimony at a deposition, hearing, or trial in the Actions, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the Receiving Party's claims or defenses in the Actions, and for no other purposes; (ii) the witness is not permitted to retain the Protected Information after the witness is examined regarding the Protected Information; and (iii) the Receiving Party's counsel advises the witness, in advance of any disclosure, that this Confidentiality Stipulation forbids him or her to disclose the Protected Information except as permitted under this Confidentiality Stipulation, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Confidentiality Stipulation;

(h) Any person who is the author, source, addressee, or recipient of the Protected Information, as well as any counsel to such person who is involved in advising such person in connection with the Actions, provided that each such person shall first be advised of the confidential nature of such information and the fact that it is subject to the restrictions on use and disclosure set forth in this Confidentiality Stipulation; and

(i) Any other person agreed to in writing by the Producing Party.

6. Disclosure of Highly Confidential Information. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not disclose Highly Confidential Information to any person or entity except to persons described in paragraphs 5(b), 5(c), 5(d), 5(e), 5(f), 5(g), 5(h), and 5(i) to the extent reasonably necessary to prosecute or defend the Actions. Such disclosure may only be made provided that such persons will fully comply with the terms of this Agreement and treat the information as Highly Confidential Information. Highly Confidential Information may be shared with any person or entity described in 5(c) except that Highly Confidential Information shall not intentionally be disclosed to any such person or entity who is known by the Receiving Party to be a current direct competitor or current employee of a current direct competitor of the Producing Party, other than with the express written approval of the Producing Party. A party who has made a good faith and reasonable effort to comply with the preceding sentence (such as by making appropriate inquiry) shall not be found to be in breach of it.

7. Disclosure of Advisors' Eyes Only Material. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not disclose Advisors' Eyes Only Material to any person or entity except to (1) outside counsel of record for the Receiving Party and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff, translators, and outside eDiscovery and copying services) who are directly assisting such counsel in the Actions, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder, to the extent reasonably necessary to prosecute or defend the Actions and (2) persons described in paragraphs 5(b), 5(d), 5(e), 5(f), 5(g), 5(h), and 5(i) to the extent reasonably necessary to prosecute or defend the Action. Advisors' Eyes Only Material may be shared with any person or entity described in

5(d) except that Advisors' Eyes Only Material shall not intentionally be disclosed to any such person or entity who is known by the Receiving Party to be a current direct competitor or current employee of a current direct competitor of the Producing Party, other than with the express written approval of the Producing Party. A party who has made a good faith and reasonable effort to comply with the preceding sentence (such as by making appropriate inquiry) shall not be found to be in breach of it.

8. Permissible Uses of Information. Confidential Information, Highly Confidential Information, Advisors' Eyes Only Material, and other Discovery Material shall be used only for purposes of the Actions and for no other purpose, subject to the Receiving Party's ability to challenge any designation by motion made in accordance with paragraph 4 of this Confidentiality Stipulation and all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices). Nothing in this Confidentiality Stipulation shall prevent or restrict in any way a Producing Party's use or disclosure of its own Protected Information. A Producing Party's production of Protected Information does not waive the rights of any person or entity to privacy under any applicable law.

9. Disclosure to Certain Persons. Before a Receiving Party discloses any Protected Information to any person listed in paragraph 5(d) or 5(h), the Receiving Party shall provide to such person a copy of this Confidentiality Stipulation and obtain such person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

10. Confidential Treatment of Depositions. All depositions (and the entire transcript thereof) shall presumptively be treated as Confidential Information and subject to this Confidentiality Stipulation during the deposition and for the later of (i) a period of thirty (30) days after a final transcript of the deposition in the action is received by counsel for each of the Parties

or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under the applicable rules (as may be extended by agreement); provided, however, that a Party may designate any portion of a deposition as Highly Confidential Information or Advisors' Eyes Only Material either (a) orally during the deposition or (b) by written notice to counsel for each of the Parities before or upon receipt of the transcript, including a rough or draft transcript. At or before the end of such period, the deposition shall be classified appropriately by the Producing Party and, if not so classified within the specified period, shall cease to be protected under this Confidentiality Stipulation. For the avoidance of doubt, documents used as exhibits during any deposition shall retain their original confidentiality designation unless modified pursuant to the relevant provisions of this Confidentiality Stipulation. Where applicable, transcript pages containing Protected Information must be separately bound by the court reporter, who must affix to each such page the legend "Confidential," "Highly Confidential," or "Advisors' Eyes Only" as instructed by the Producing Party seeking designation.

11. Open Court. The undersigned agree to meet and confer concerning the use of any Protected Information at the trial of this Action during preparation of the Joint Pretrial Order to be submitted in accordance with Federal Rule of Civil Procedure 26(a)(3). Should the need arise for any Receiving Party or, as appropriate, non-party, to disclose any Protected Information during any hearing or trial before the courts, including through argument or the presentation of evidence, such Receiving Party or, as appropriate, non-party, may do so only after taking such steps as the courts, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Protected Information. If any Receiving Party contemplates the use of Protected Information in open court at any pre-trial hearing or other court proceeding, such Receiving Party shall make all reasonable efforts to provide written notice to the Producing Party at least five (5)

business days prior to the hearing, and in any event no less than two (2) business days prior to the hearing (except as set forth below). Following receipt of such written notice, the Receiving Party and the Producing Party shall promptly confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Information. Where a hearing is scheduled on less than five (5) business days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but not fewer than 24 hours in advance of the hearing to the extent practicable and if unsuccessful, shall present the issue to the Court for resolution. The use of Protected Information at hearings or at trial shall not cause such Protected Information to lose its status as Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material. Counsel shall comply with all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices), and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any hearings or at trial, including petitioning the Court to close the courtroom.

12.    Use at Depositions. This Confidentiality Stipulation shall not preclude counsel for any Receiving Party from using in preparation for, or during, any deposition in this Action any Discovery Material that has been designated as Protected Information, provided that such use is consistent with paragraphs 5, 6, and 7 for Confidential Information, Highly Confidential Information, and Advisors' Eyes Only Material, respectively. Any court reporter or deposition witness who is given access to Protected Information shall, prior thereto, be provided with a copy of this Confidentiality Stipulation and shall execute the certificate, in the form of Exhibit A attached hereto, and comply with and be bound by its terms. If the court reporter or deposition witness refuses to sign Exhibit A to the Confidentiality Stipulation, the Receiving Party

introducing the Discovery Material that has been designated Protected Information must instruct the court reporter or deposition witness on the record of their obligations as a recipient of Protected Information in accordance with paragraph 14.

13.    Filing in Court.  A Receiving Party who seeks to file with the Court any document reflecting or referring to another Party's (or non-party's) Protected Information must comply with all relevant rules for electronic filing under seal (including, without limitation, applicable local rules and chambers' rules or individual practices).  A Receiving Party who seeks to file in the BVI Proceeding any document reflecting or referring to another Party's (or non-party's) Protected Information must do so in a manner such that the document is not publicly available.

14.    Recipient's Obligations. Any person receiving Protected Information shall not reveal it to any person not entitled to receive it and shall use reasonable measures to store and maintain the Protected Information to prevent unauthorized disclosure.  The recipient of any Protected Information that is provided under this Confidentiality Stipulation shall maintain such information in a fully secure and safe manner that ensures that access is limited to the persons authorized under this Confidentiality Stipulation, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own confidential and proprietary information.  Any person in possession of Protected Information shall take appropriate steps to protect against any reasonably anticipated threats or hazards to the security of such Protected Information, and protect against unauthorized access to Protected Information.

15.    Compliance with an Order.  If a Receiving Party is called upon to produce Protected Information in order to comply with a court order, subpoena, or other direction by a court, governmental entity or administrative agency, or legislative body, the Receiving Party from which

the Protected Information is sought shall (a) give written notice to the counsel for the Producing Party as soon as reasonably practicable, and in any event no later than five (5) business days after receipt of such order, subpoena, or direction, and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process; and, (b) to the extent permitted by applicable law or court order, give the Producing Party at least ten (10) business days to object to the production of such Protected Information before making any such production, unless production is required earlier than ten (10) business days after receipt, in which case the notice must be made in time for the Producing Party to take steps as set forth below.  The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Confidentiality Stipulation.  In addition, the Receiving Party must deliver a copy of this Confidentiality Stipulation promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue. To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Information unless and until a court or tribunal of competent jurisdiction so directs, except if the Producing Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Information prior to the date designated for production of the Protected Information, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Information subject to this Confidentiality Stipulation, the Receiving Party shall request confidential treatment for the Protected Information to the extent set forth herein.  This paragraph shall not require any Party to subject itself to any penalties for noncompliance with any court order,

subpoena, or other direction by a court, administrative agency, or legislative body. In the event Discovery Material is produced to a non-party under this paragraph, such Discovery Material shall continue to be treated in the Action in accordance with any designation as Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material, and such non-party will be informed accordingly and must agree in writing that it will comply with the terms of this Agreement.

16. Improper Disclosure. The Receiving Party shall make prompt and reasonable efforts to prevent improper disclosures. If Protected Information is disclosed to any person other than those authorized by this Confidentiality Stipulation, or if a Receiving Party learns that any Protected Information has been or is likely to be disclosed to such other persons, including by way of a security breach, the Receiving Party shall immediately inform the Producing Party in writing of all pertinent facts relating to the disclosure or loss of confidentiality, including, sufficient information about the improper disclosure so that the Producing Party can ascertain the size and scope of the disclosure and, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party shall investigate and make any reasonable effort requested by the Producing Party to remediate the effects of the improper disclosure, including seeking any appropriate court injunction, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such improper disclosure shall not recur. The Receiving Party shall also make prompt, reasonable efforts to retrieve the improperly disclosed Protected Information and to prevent further disclosure of such Protected Information, including seeking any appropriate court injunction. For the avoidance of doubt, all costs incurred in complying with the Receiving Party's obligations contained in this paragraph shall be borne by

the Receiving Party. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

17. No Waiver of Objections. A Producing Party's production or disclosure of Protected Information shall not constitute a waiver of that Producing Party's right to object to the production or disclosure of any other information. Nothing in this Confidentiality Stipulation shall operate as an admission by any Party or non-party that any Discovery Material is or is not confidential.

## III. PRIVILEGED MATERIAL AND PERSONAL DATA

18. Protection of Privileged Material and Personal Data. Any production in this Action of Privileged Material or Personal Data or other protected Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding. This Confidentiality Stipulation shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d) and any similar rule that may exist under applicable foreign law. Nothing herein is intended to or shall serve to limit a party's right to conduct a review of documents, or other protected Discovery Material for relevance, responsiveness, and/or segregation of Privileged Material or Personal Data or other protected information before production.

19. Notice of Claw Back of Inadvertently Produced Privileged Material or Personal Data. In order to claw back Privileged Material or Personal Data that was inadvertently produced, a Producing Party must provide written notice to Receiving Parties specifying the Discovery Material it wishes to claw back; provided, however, that if a Producing Party wishes to claw back Privileged Material or Personal Data produced during a deposition or hearing, it may provide oral notice during the deposition or hearing. A Producing Party's written notice shall include sufficient information for Receiving Parties to assess a claim of privilege (that is, the information that the

Producing Party would provide on a privilege log) or other protection. A Producing Party's written notice shall constitute its representation that the Privileged Material or Personal Data has been reviewed by an attorney and there is a good faith basis for the Producing Party to assert an applicable privilege or other protection. If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material or Personal Data, the Party may at its sole election (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection (including Personal Data); or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material or Personal Data. All Parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as Privileged Material or Personal Data.

20. Claw Back of Inadvertently Produced Privileged Material or Personal Data. Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material or Personal Data ("Claw Back Material") that was inadvertently produced, the Parties shall treat the Claw Back Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). If a Receiving Party has already disclosed any of the Claw Back Material, that Receiving Party must make commercially reasonable efforts to retrieve all copies of the disclosed Claw Back Material and either destroy or return such materials to the Producing Party asserting inadvertent disclosure. Within five (5) business days after receipt of the written notice described in paragraph 19, the Receiving Party shall provide notice in writing that it has undertaken reasonable efforts to return and destroy all such Claw Back Material, and shall inform the Producing Party as to whether the Receiving Party made any disclosures of the Claw Back Material prior to receiving the Producing Party's notice pursuant to paragraph 19, as well as the results of its efforts to retrieve

all copies of such previously disclosed Claw Back Material. If the Receiving Party disputes the basis for any claw back, the Receiving Party may move the Court on notice (including to any interested non-Party) for an order compelling the production of the Claw Back Material.

21. Discovery of Inadvertently Disclosed Privileged Material or Personal Data. If a Receiving Party reasonably believes it has received Privileged Material from a Producing Party, the Receiving Party shall promptly notify the Producing Party and identify the potentially Privileged Material and shall take all necessary steps to prevent review or use of the information (including any notes or review database entries concerning the information) pending notification from the Producing Party regarding whether it claims privilege or protection for the information so identified. If the Producing Party does not notify the Receiving Party that it claims privilege or protection of information so identified by the Receiving Party within five (5) business days, the Receiving Party may treat such information as not subject to a claim of privilege or protection, and may review and use such information in any manner otherwise permissible. If it is determined that a Receiving Party failed to provide prompt notice when it reasonably believed it received Privileged Material from a Producing Party, and the material in question is in fact Privileged Material, the Receiving Party will be precluded from using or relying upon the Privileged Material and must immediately return the Privileged Material to the Producing Party.

22. Redaction. Nothing in this Confidentiality Stipulation shall limit a Producing Party from redacting Personal Data or Privileged Material from any Discovery Material produced in this Action. Nothing in this Confidentiality Stipulation shall limit any Party receiving such redacted Discovery Material from challenging the Producing Party's redactions.

## IV. GENERAL PROVISIONS

23. Non-Parties. Any Party, in conducting discovery from non-parties in this Action, shall provide any non-party from which it seeks discovery with a copy of this Confidentiality

Stipulation to inform each such non-party of its rights herein. The production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Confidentiality Stipulation.

24. Newly Joined Parties. If an additional party joins or is joined to the Action after Protected Information has been produced, the additional party shall not have access to the Protected Information produced in the Action until it or its counsel has executed and filed with the Court its agreement to be fully bound by this Confidentiality Stipulation.

25. Violations of Confidentiality Stipulation. In the event that any person or Party violates or threatens to violate any of the terms of this Confidentiality Stipulation, the aggrieved Producing Party may, in compliance with all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices), apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Confidentiality Stipulation. In the event that the person or Party violating or threatening to violate any of the terms of this Confidentiality Stipulation is not the Receiving Party, then the Receiving Party shall reasonably cooperate with all efforts of the Producing Party with respect to such application. The Parties and any other person bound by the terms of this Confidentiality Stipulation agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Confidentiality Stipulation.

26. Retention of Exhibit A. Counsel for the Party that obtains a signed certificate attached hereto as Exhibit A, as required above or below, shall retain such certificate for six (6) months following the final termination of the Actions, including any appeals, and shall make them available to other Parties, Non-Parties or the Court upon good cause shown.

27. Termination of the Action. The provisions of this Confidentiality Stipulation shall survive the final, non-appealable termination of the Action. Within sixty (60) days after the final termination of the Actions (including any appeals), a Receiving Party shall, at its option, either return to the Producing Party all Protected Information produced by that Producing Party or destroy it; provided, however, that the Receiving Party's counsel may retain copies of correspondence, documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits containing such Protected Information. Any Protected Information retained by a Receiving Party's counsel pursuant to the proviso in the prior sentence of this paragraph shall at all times remain subject to, and any such counsel shall remain bound by, the provisions of this Confidentiality Stipulation. If a Receiving Party chooses to destroy Protected Information, it shall certify in writing within sixty (60) days of the final termination of the Actions against a Producing Party that it has used its best efforts to destroy all such Protected Information and that all such Protected Information has been destroyed to the best of its knowledge.

28. Rules of Professional Conduct. This Confidentiality Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

29. Other Engagements. Nothing in this Confidentiality Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other unrelated matter.

30. No Prejudice. Entering this Confidentiality Stipulation, producing or receiving Discovery Material, or otherwise complying with the terms of this Confidentiality Stipulation, shall not:

(a) Prejudice the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

(b) Prejudice the rights of any Party to seek a determination by the Court whether any document should be subject to the terms of this Confidentiality Stipulation; or

(c) Preclude any Party from objecting to discovery that it believes to be otherwise improper.

31. Seeking Relief From Court. Any Party or non-party may seek relief from, or modification of, this Confidentiality Stipulation or any provision thereof by properly noticed motion to the Court consistent with all applicable rules (including, without limitation, applicable local rules, chambers rules, and individual practices).

32. Continued Effect. Subject to Paragraph 27, absent written consent of the Parties, this Confidentiality Stipulation shall continue to be binding after the conclusion of the Actions except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal) except to the extent such use is in violation of this Confidentiality Stipulation; and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Confidentiality Stipulation.

33. No Waiver. Nothing herein shall be deemed to waive any privilege or protection against disclosure recognized by foreign or domestic law, including without limitation any applicable common law or statutory privilege or work product protection, nor shall anything herein be deemed a concession as to the admissibility in evidence of any facts, documents, or testimony revealed in the course of discovery. By stipulating to the entry of this Confidentiality Stipulation,

no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Confidentiality Stipulation.

34. Compliance Pending Entry. The Parties agree to be bound by the terms of this Confidentiality Stipulation pending the entry by the Court of this Confidentiality Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Confidentiality Stipulation had been entered by the Court.

35. Notices. All notices required by this Confidentiality Stipulation must be provided in writing to counsel of record for each Party and, if applicable, in writing to a non-party. Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the Party or non-party to which such notice is required to be given.

36. Amendment. This Confidentiality Stipulation may be amended only by further order of this Court, upon notice to all Parties, and is without prejudice to the rights of a Party to move on notice (including to any interested non-party) for relief from any of its provisions.

37. Signatures. This Confidentiality Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original. Electronic signatures shall be deemed original signatures.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 1, 2023
Los Angeles, California

By:

*/s/ Nima H. Mohebbi*

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
Emily R. Orman (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: nima.mohebbi@lw.com
tiffany.ikeda@lw.com
emily.orman@lw.com

– and –

Adam J. Goldberg
Christopher Harris
Brett M. Neve
Nacif Taousse
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: adam.goldberg@lw.com
christopher.harris@lw.com
brett.neve@lw.com
nacif.taousse@lw.com

*Counsel to the Foreign Representatives*

Dated: September 1, 2023
New York, New York

By:

*/s/ Caroline Zalka*

Caroline Zalka
Jeffrey D. Saferstein
Ronit Berkovich
Jessica Liou
Dylan Ruffi
Furqaan Siddiqui

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  caroline.zalka@weil.com
         jeffrey.saferstein@weil.com
         ronit.berkovich@weil.com
         jessica.liou@weil.com
         dylan.ruffi@weil.com;
         furqaan.siddiqui@weil.com

*Counsel to Digital Currency Group Inc.*

**IT IS SO ORDERED.**

Dated:   September 5, 2023
          New York, New York

            **/s/ Martin Glenn**
              MARTIN GLENN
    Chief United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd., | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding | |

I, ____________________________, acknowledge that I have received, read and understand the Stipulation and Confidentiality Agreement and Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material, as defined therein. I will not disclose such Confidential Information, Highly Confidential Information, or Advisors' Eyes Only Material to anyone other than pursuant to the terms of the Stipulation and Confidentiality Agreement and Protective Order, and at the conclusion of the Actions I will promptly destroy or return all Discovery Materials, as defined in the Stipulation and Confidentiality Agreement and Protective Order, to the Party or attorney from who I received such materials. By acknowledging these obligations under the Stipulation and Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the Jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Stipulation and Confidentiality Agreement and Protective Order could subject me to punishment or contempt of court.

Executed on ________________________

____________________________________
[Printed Name]

____________________________________
[Signature]