| | |
|---|---|
| Adam J. Goldberg | Nima H. Mohebbi (admitted *pro hac vice*) |
| Christopher Harris | Tiffany M. Ikeda (admitted *pro hac vice*) |
| Brett M. Neve | **LATHAM & WATKINS LLP** |
| Nacif Taousse | 355 South Grand Avenue, Suite 100 |
| **LATHAM & WATKINS LLP** | Los Angeles, CA 90071 |
| 1271 Avenue of the Americas | Telephone: (213) 485-1234 |
| New York, NY 10020 | Facsimile: (213) 891-8763 |
| Telephone: (212) 906-1200 | Email:  nima.mohebbi@lw.com |
| Facsimile: (212) 751-4864 |           tiffany.ikeda@lw.com |
| Email:  adam.goldberg@lw.com | |
|           christopher.harris@lw.com | |
|           brett.neve@lw.com | |
|           nacif.taousse@lw.com | |

*Counsel to the Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR AUTHORIZATION TO**
**FILE MOTION FOR COORDINATION AMONG COURTS UNDER SEAL**

Russell Crumpler and Christopher Farmer, in their capacities as the joint liquidators (collectively, the "**Joint Liquidators**") appointed in the British Virgin Islands ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI**

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

**Court**") and captioned as *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022) and foreign representatives of 3AC, as recognized pursuant to chapter 15 of the Bankruptcy Code, by and through the undersigned counsel, respectfully represent as follows in support of this motion (the "**Motion**"):

## RELIEF REQUESTED

1.  The Joint Liquidators hereby request authority to file the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (the "**Coordination Motion**") [Docket No. 116], publicly with statements therein regarding certain claims being advanced before the BVI Court (as defined below) (such statements, the "**BVI Claims Information**") redacted, while filing such motion unredacted under seal. The basis for the relief requested in this Motion is set forth in the *Declaration of Russell Crumpler in Support of the Motion of the Joint Liquidators for Authorization to File Motion for Coordination Among Courts Under Seal*, attached hereto as **Exhibit A** (the "**Crumpler Declaration**"). Because the 3AC Debtor cannot outline the rationale for the relief sought herein without revealing confidential information related to the 3AC Debtor's ongoing proceedings before the BVI Court (as defined below), the 3AC Debtor likewise proposes to publicly file the Crumpler Declaration redacted in its entirety, while filing it unredacted under seal. The 3AC Debtor proposes to provide unredacted copies of the Coordination Motion and the Crumpler Declaration, on a strictly confidential basis, to this Court and the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"). A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "**Proposed Order**").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 from the U.S. District Court for the

2

Southern District of New York, dated January 31, 2012 (Preska, C.J.). Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Joint Liquidators consent to this Court's entry of a final order on the Motion.

3. Venue is proper pursuant to 28 U.S.C. § 1401.

4. The statutory bases for relief are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and Rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "**Local Bankruptcy Rules**").

## BACKGROUND

5. The 3AC Debtor was an investment firm incorporated in the British Virgin Islands ("**BVI**"), with a focus on trading cryptocurrency and other digital assets with billions of dollars in assets under management as of April 2022. The 3AC Debtor collapsed around that time in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, the 3AC Debtor commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**"), and that court issued an order appointing Russell Crumpler and Christopher Farmer as joint liquidators of the 3AC Debtor. On July 1, 2022, the 3AC Debtor commenced a chapter 15 case, and on July 28, 2022, this Court granted recognition of the foreign main proceeding pending in the BVI. *See Order Granting Recognition Of Foreign Main Proceeding And Related Relief*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. July 1, 2022), ECF No. 47.

6. The 3AC Debtor asserts various claims on behalf of 3AC's estate against various parties, as set forth in the proofs of claim filed with this Court by the 3AC Debtor (the "**3AC POCs**", and the claims set forth therein, the "**3AC Claims**"). Concurrently herewith,

the 3AC Debtor filed with this Court the Coordination Motion, requesting consultation among and between this Court, the BVI Court, the BlockFi Court, the FTX Court, and the Celsius Court (each as defined in the Coordination Motion) to establish procedures to adjudicate the common issues of fact and law raised by the 3AC Claims (as defined in the Coordination Motion) in a centralized forum.

## BASIS FOR RELIEF

7. The Bankruptcy Code provides strong support for sealing the BVI Claims Information and the related Crumpler Declaration. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the 3AC Debtor to file the Coordination Motion and the Crumpler Declaration under seal by permitting the issuance of an order that protects from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. If the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the

4

application. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."); *see also In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) ("[B]y its terms, the protections afforded in section 107(b)(1) do not just extend to a debtor. Rather, a bankruptcy court may 'protect an **entity** with respect to . . . commercial information.'") (emphasis original).

10. In *Orion Pictures*, the court noted under section 107(b)(1)'s exception to the general rule that court records are open to examination by the public an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

11. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5

12. The 3AC Debtor submits that the BVI Claims Information and the information set forth in the Crumpler Declaration falls within the scope of confidential information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

13. Here, for the reasons set forth in the Crumpler Declaration, 3AC's estate would be prejudiced if the BVI Claims Information, or the information set forth in the Crumpler Declaration, is revealed publicly. Accordingly, the 3AC Debtor respectfully submits that cause exists to allow it to redact the Coordination Motion and the Crumpler Declaration for public filing. However, to maximize transparency, the 3AC Debtor proposes to file a copy of the Coordination Motion and the Crumpler Declaration, entirely unredacted, with the Court under seal and to share copies thereof with the U.S. Trustee on a strictly confidential basis.

## WAIVER OF MEMORANDUM OF LAW

14. The 3AC Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the 3AC Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## NOTICE

15. Notice of this Motion has been provided to (a) the Chambers of the Honorable Martin Glenn, (b) the Office of the U.S. Trustee for the Southern District of New York, and (c) all other parties entitled to notice pursuant to Bankruptcy Rule 2002. The 3AC Debtor submits that such notice is sufficient, and no other or further notice need be provided.

## NO PRIOR REQUEST

16.	No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the 3AC Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: September 28, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Christopher Harris*<br>Adam J. Goldberg (admitted *pro hac vice*)<br>Christopher Harris (admitted *pro hac vice*)<br>Brett M. Neve (admitted *pro hac vice*)<br>Nacif Taousse (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email:   adam.goldberg@lw.com<br>           chris.harris@lw.com<br>           brett.neve@lw.com<br>           nacif.taousse@lw.com<br><br>– and –<br><br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Tiffany M. Ikeda (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email:   nima.mohebbi@lw.com<br>           tiffany.ikeda@lw.com<br><br>*Counsel to the Joint Liquidators*<br>*of Three Arrows Capital, Ltd. (in liquidation)* |

# Exhibit A

## Crumpler Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**DECLARATION OF RUSSELL CRUMPLER IN SUPPORT OF THE MOTION OF THE FOREIGN REPRESENTATIVES FOR AUTHORIZATION TO FILE MOTION FOR COORDINATION AMONG COURTS UNDER SEAL**

1.     I, Russell Crumpler, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief.

## Introduction

2.     I am a Senior Managing Director of Teneo (BVI) Limited in the British Virgin Islands ("**BVI**"). I, along with my colleague Christopher Farmer (also of Teneo (BVI) Limited) are the duly appointed joint liquidators and foreign representatives (together, the "**Joint Liquidators**") of Three Arrows Capital Ltd. ("**3AC**") by the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) ("**BVI Court**"), Claim No. BVIHC (COM) 2022/0117 and BVIHC (COM) 2022/119, pursuant to sections 159(1) and 162(1)(a) and (b) of the BVI Insolvency Act.

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

3. I respectfully submit this declaration in support of the Joint Liquidators' *Motion for Authorization to File Motion For Coordination Among Courts Under Seal*, to which this declaration is attached (the "**Seal Motion**").

4. I am over the age of 18, and I am duly authorized to make this declaration acting in my capacity as one of the Joint Liquidators of 3AC. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning 3AC. I am authorized to submit this declaration on behalf of 3AC, and if called upon to testify, I could and would testify competently to the facts set forth herein.

5. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge or based upon my review of relevant documents.

## Background

6. I understand that the relief sought in the Seal Motion is this Court's authorization to file the *Motion of the Joint Liquidators of Three Arrows Capital, LTD. for Coordination Among Courts* (the "**Coordination Motion**"), publicly with statements therein regarding certain claims being advanced before the BVI Court (as defined below) (such statements, the "**BVI Claims Information**") redacted, while filing such motion unredacted under seal. ███████
████████████████████████████████████████████████████████████████
████████████████████████████████████
█ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

2







16.     For the reasons described herein, I view the information in this declaration and the Coordination Motion as confidential information that would be harmful to the liquidation of 3AC and its creditors if such information became publicly available.

IN WITNESS WHEREOF, I have executed this declaration under penalty of perjury under the laws of the United States of America this 28th day of September 2023.

Dated: September 28, 2023

_____
Russell Crumpler

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd,[1]<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**ORDER CONCERNING REQUEST TO SEAL DOCUMENTS**

Upon the Motion (the "**Motion**")[2] of the Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation), by and through the Joint Liquidators' counsel, for entry of an order (this "**Order**") authorizing the Joint Liquidators to file under seal the Coordination Motion and the Crumpler Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1401; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d), the Joint Liquidators are authorized to file an unredacted copy of the Coordination Motion under seal, subject to the Joint Liquidators making further redactions.

3. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d), the Joint Liquidators are authorized to file an unredacted copy of the Crumpler Declaration under seal, subject to the Joint Liquidators making further redactions.

4. Unredacted copies of the Coordination Motion and the Crumpler Declaration shall not be made available to anyone except for this Court, the Clerk of the Court, and the U.S. Trustee.

5. The Joint Liquidators are authorized to file on this Court's docket and to serve on the necessary parties redacted copies of the Coordination Motion and the Crumpler Declaration.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and decide any dispute related to or arising from this Order.

Dated: _____, 2023
New York, New York

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE