Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
787 Seventh Avenue
New York, New York 10019
Phone: 212.513.3200
Email: warren.gluck@hklaw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd.[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**FOREIGN REPRESENTATIVES' MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (1) MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENA WITHOUT NOTICE, AND (2) DECLARATION OF RUSSELL CRUMPLER IN SUPPORT OF THE FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING <u>ISSUANCE OF A SUBPOENA WITHOUT NOTICE</u>**

Russell Crumpler and Christopher Farmer, in their capacities as the duly authorized joint liquidators (together, the "**Foreign Representatives**") of Three Arrows Capital, Ltd. (the "**Debtor**"), which is the subject of insolvency proceedings (the "**BVI Proceeding**") currently pending in the British Virgin Islands ("**BVI**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**") and captioned *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "**Motion**").

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

1

**RELIEF REQUESTED**

1. Pursuant to Chambers' Rules on Sealing Orders, the Foreign Representatives request authority to file *ex parte* under seal: (1) the *Foreign Representatives' Motion for Entry of Order Authorizing Issuance of a Subpoena Without Notice* (the "**Discovery Motion**"); and (2) *Declaration of Russell Crumpler in Support of the Foreign Representatives' Motion for Entry of an Order Authorizing Issuance of a Subpoena Without Notice* (the "**Crumpler Discovery Declaration**"). The basis for the relief requested in the Motion is set forth in the Discovery Motion and the Crumpler Discovery Declaration, submitted contemporaneously herewith.

2. Generally, the requested relief is necessary because the Foreign Representatives cannot publicly explain the relevance of the discovery sought without revealing confidential information and work product concerning their investigation of the Debtor and its ongoing proceedings before the BVI Court.[2] The Foreign Representatives propose to provide unredacted copies of the Discovery Motion and the Crumpler Discovery Declaration, on a strictly confidential basis, to this Court and to the Office of the United States Trustee (the "**U.S. Trustee**"). A proposed form of order granting the relief requested herein is attached as **Exhibit A** (the "**Proposed Order**").

3. If the Court grants the requested relief, the Foreign Representatives propose that redacted versions of the Discovery Motion and the Crumpler Discovery Declaration, submitted contemporaneously herewith, shall be filed publicly on the docket.

4. If the Court grants the requested relief, the Foreign Representatives also propose that the unredacted versions of the Discovery Motion and the Crumpler Discovery Declaration be ordered sealed for a period of 180 days, subject to extensions upon application to the Court.

---

[2] The proposed discovery will be attached to the Discovery Motion as **Exhibit 2**.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Foreign Representatives consent to the Court's entry of a final order on the Motion.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**STATUTORY BASES FOR RELIEF REQUESTED**

7.  The statutory bases for the relief are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and rules 9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (as amended, the "**Local Bankruptcy Rules**").

**BACKGROUND**

8.  The Debtor was an investment firm incorporated under the laws of the BVI, with a focus on trading cryptocurrency and other digital assets that was reported to have over $3 billion of assets under management as of April 2022. *See Declaration of Russell Crumpler in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief*, dated July 1, 2022, (the "**2022 Crumpler Decl.**") ¶¶ 8-9 [ECF No. 3]; *see also Declaration of Grant Carroll in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (the "**2022 Carroll Decl.**") ¶ 11 [ECF No. 4].

9.  On June 27, 2022, the Debtor commenced a liquidation proceeding before the BVI Court, and that court, pursuant to the order appointing the Foreign Representatives as joint

3

liquidators in the BVI Proceeding (the "**BVI Order**"), has appointed the Foreign Representatives as the joint liquidators of the Debtor. *See* 2022 Crumpler Decl. ¶ 26.

10. On July 1, 2022, the Foreign Representatives commenced this chapter 15 case. On July 28, 2022, this Court granted recognition of the foreign main proceeding pending in the BVI. *See* Order Granting Recognition Of Foreign Main Proceeding And Related Relief, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. July 1, 2022), ECF No. 47 (the "**Recognition Order**").

11. For the reasons set forth in the Discovery Motion and accompanying Crumpler Discovery Declaration, the Foreign Representatives request the temporary sealing of the Discovery Motion, which will attach a draft of the subpoena that Foreign Representatives would issue without notice, should the Court so permit, as well as the Crumpler Discovery Declaration.

## ARGUMENT

12. The Bankruptcy Code supports the Foreign Representatives' request to seal the Discovery Motion and the associated Crumpler Discovery Declaration.

13. While public access to court records is strongly preferred, "courts must deny access to judicial documents – generally where open inspection may be used as a vehicle for improper purposes." *Video Software Dealer Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

14. One of the grounds for sealing is provided in section 107(b)(1) of the Bankruptcy Code, which states that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ....

11 U.S.C. § 107(b)(1).[3]

---

[3] Section 105(a) of the Bankruptcy Code empowers a court to exercise its inherent equitable powers and to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4

15. To satisfy section 107(b)(1) of the Bankruptcy Code, an interested party need only show that the information sought to be sealed is "confidential and commercial in nature." *In re Orion*, 21 F.3d at 28.[4] Notably, Congress imposed no requirement to show "good cause" as a condition for relief under section 107(b) of the Bankruptcy Code. *Id.*

16. Section 107(b)(1) encompasses "confidential research," which can include the work product of attorneys and other retained professionals, and the fruits of a foreign representative's ongoing investigation of the debtor's assets and affairs. *See In re Transbrasil S.A. Linhas Aéreas*, 644 Fed. Appx. 959, 961-62 (11th Cir. 2016), *aff'g*, No. 14-cv-22580-KMM, 2015 WL 13857424 (S.D. Fla. Mar. 30, 2015), *aff'g*, No. 11-19484-BKC-AJC, 2014 WL 1655990 (Bankr. S.D. Fla. Apr. 25, 2014).

17. According to the Second Circuit, "if the information fits any of the specified categories [in Section 107(b)(1)], the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re Orion*, 21 F.3d at 27 (emphasis in original).

18. Bankruptcy Rule 9018 delineates the procedures an interested party must follow in order to obtain authorization to file a document under seal. Specifically, this Rule provides that: "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

19. Sealing orders issued under section 107(b) should be broad. *See In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing to Bankruptcy Rule 9018 and explaining that section 107(b) of the Bankruptcy Code permits the entry of "any order which justice requires"); *see also, e.g., Woody Partners v. Maguire (In re OneJet, Inc.)*, 613 B.R. 841,

---

[4] "Commercial" information is not required to constitute a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See id.*

848 (Bankr. W.D. Pa. 2021) ("Provided that adequate justification exists, the Court may enter and order which justice requires[.]"); *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (Bankr. D. Del. 2005) ("Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose.").

20. The Debtor respectfully tenders that the information sought in the subpoena, as set forth in the Discovery Motion and the Crumpler Discovery Declaration constitutes confidential research information protectable pursuant to section 107(b)(1) of the Bankruptcy Code.

21. As set forth further in the Crumpler Discovery Declaration, this information reflects the Foreign Representatives' and their professionals' efforts to investigate and secure the Debtor's remaining assets, including through their outreach to knowledgeable parties.

22. Accordingly, the Foreign Representatives respectfully submit that filing the Discovery Motion and Crumpler Discovery Declaration under seal accords with section 107(b)'s mandate that publicly-information should not be used for improper purposes. Nevertheless, to enhance transparency, the Foreign Representatives propose to provide unredacted copies of the Discovery Motion and the Crumpler Discovery Declaration to this Court under seal and to share copies with the U.S. Trustee on a strictly confidential basis.

## LOCAL RULE 9013-1 WAIVER

23. The Foreign Representatives respectfully request that the Court waive the requirement to file a separate memorandum law pursuant to Local Rule 9013-1(a) because the legal basis upon which the Foreign Representatives rely is set forth herein and the Motion does not raise any novel issues of law.

## NOTICE

24. Notice of this Motion has been provided to: (a) the Chambers of the Honorable

6

Martin Glenn; and (b) the Office of the United States Trustee for the Southern District of New York. The Foreign Representatives submit that such notice is sufficient, and no other notice need be provided.

## **NO PRIOR REQUEST**

25.     No prior request for the relief sought in this Motion has been made to this or to any other court.

WHEREFORE, the Foreign Representatives respectfully request entry of an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 27, 2024  
New York, New York

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Warren E. Gluck*  
Warren E. Gluck, Esq.  
787 Seventh Avenue  
New York, New York 10019  
Phone: 212.513.3200  
Email: warren.gluck@hklaw.com

*Counsel to the Foreign Representatives*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**ORDER GRANTING FOREIGN REPRESENTATIVES' MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (1) MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF SUBPOENA WITHOUT NOTICE, AND (2) DECLARATION OF RUSSELL CRUMPLER IN SUPPORT OF THE FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ISSUANCE OF A SUBPOENA WITHOUT NOTICE**

Upon the Motion (the "**Motion**")[2] of the Foreign Representatives for entry of an order (the "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rules 9013-1(a) and 9018-1, (a) authorizing the Foreign Representatives to file under seal the Discovery Motion and the Crumpler Discovery Declaration, and (b) directing that such information remain confidential and under seal and not be made available to anyone without the prior written consent of the Foreign Representatives, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.
[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

1

having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Foreign Representatives are authorized to file an unredacted copy of the Discovery Motion and the Crumpler Discovery Declaration under seal, subject to the Foreign Representatives making further redactions.

3. Unredacted copies of the Discovery Motion and the Crumpler Discovery Declaration shall not be made available to anyone except for this Court and the U.S. Trustee.

4. The Foreign Representatives are authorized to file on the Court's docket and serve on the necessary parties redacted copies of the Discovery Motion and the Crumpler Discovery Declaration.

5. The Motion and accompanying documents, including exhibits, as well as any papers that may be filed in response to or in further support of the Motion, shall be treated as confidential and kept under seal for a period of 180 days from the date of this Court's order, subject to extensions upon motion to the Court.

6. This Order is without prejudice to the rights of any party in interest or the Office of the United States Trustee to seek to unseal the Discovery Motion and the Crumpler Discovery

Declaration.

7. Upon closure of this chapter 15 case, the Clerk's office is directed to release any hard copies or electronic storage devices containing unredacted copies of the Discovery Motion and the Crumpler Discovery Declaration to the Foreign Representative for disposal.

8. The Foreign Representatives are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
      New York, New York

                                                    The Honorable Martin Glenn
                                                    Chief United States Bankruptcy Judge
                                                      Southern District of New York