Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
787 Seventh Avenue
New York, New York 10019
Phone: 212.513.3200
Email: warren.gluck@hklaw.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd.,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

**FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING ISSUANCE OF SUBPOENA WITHOUT NOTICE
AND RELATED RELIEF**

Russell Crumpler and Christopher Farmer, in their capacities as the duly authorized joint liquidators (together, the "**Foreign Representatives**") of Three Arrows Capital, Ltd. (the "**Debtor**"), which is the subject of insolvency proceedings (the "**BVI Proceeding**") currently pending in the British Virgin Islands ("**BVI**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**") and captioned *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), respectfully represent as follows in support of this motion (the "**Motion**").[2]

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] The Motion relies upon: (i) the *Declaration of Russell Crumpler in Support of Foreign Representatives' Motion for Entry of an Order Authorizing Issuance of a Subpoena Without Notice* (the "**Crumpler Discovery Decl.**"); (ii) the *Declaration of Russell Crumpler in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief*, ECF No. 3 (the "**2022 Crumpler Decl.**"); (iii) the *Declaration of Grant Carroll in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief*, ECF No. 4 (the "**2022 Carroll Decl.**"); and (iv) the *Declaration of Russell Crumpler in Support of (I) Foreign*

## RELIEF REQUESTED

1.      The Foreign Representatives request entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"):

      a.  authorizing the issuance of a subpoena ████████████████████████ ████████████████████████████████████████████ in the form of the subpoena attached hereto as **Exhibit 2**;

      b.  ████████████████████████████████████████████████████ ████████████████████████████████████; and

      c.  requiring that any recipient of the subpoena and related documents, including the Motion, maintain confidentiality of the fact and content of the Foreign Representatives' discovery efforts, except as necessary for such persons to seek advice of counsel, who are to be similarly restrained.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431 from the U.S. District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Foreign Representatives consent to the Court's entry of a final order on the Motion.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## BASES FOR RELIEF REQUESTED

4.      The statutory bases for the relief are sections 542(e), 1251(a)(4), and 1521(a)(7) of title 11 of the United States Code (the "**Bankruptcy Code**").  In addition, under the Recognition Order (defined below), the Foreign Representatives have been "entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States."

---

*Representatives Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief and (II) Foreign Representatives Motion for Entry of an Order Authorizing Alternate Service of Process*, ECF No. 56 (the "**Crumpler Subpoena Decl.**").

ECF No. 47, Recognition Order ¶ 5.

## BACKGROUND

I.    **The Debtor's Operations and Collapse**

5.    The Debtor was an investment firm incorporated under the laws of the BVI, with a focus on trading cryptocurrency and other digital assets that was reported to have over $3 billion of assets under management as of April 2022.  *See* 2022 Crumpler Decl., ECF No. 3 ¶¶ 8-9; *see also* 2022 Carroll Decl., ECF No. 4 ¶ 11.

■    ████████████████████████████████████████████
████████████████████████████████████

7.    The Debtor's business collapsed in the wake of extreme fluctuations in cryptocurrency markets, which caused a severe strain on the Debtor's financial position and resulted in several of the Debtor's lenders issuing notices of default in respect of the Debtor defaulting on many of its loan obligations. *See* 2022 Crumpler Decl. ¶¶ 17–18.

II.    **The Pending Proceedings and the Foreign Representatives' Ongoing Investigation**

8.    On June 27, 2022, the Debtor commenced a liquidation proceeding before the BVI Court, and that court, pursuant to the order appointing the Foreign Representatives as joint liquidators in the BVI Proceeding (the "**BVI Order**"), has appointed the Foreign Representatives as joint liquidators of the Debtor.  *See* 2022 Crumpler Decl. ¶ 26.[3]

9.    ████████████████████████████████████████
████████████████████████████████████████████

---

[3] As joint liquidators, the Foreign Representatives are fiduciaries and officers of the BVI Court authorized to take custody and control of the Debtor's assets and, ultimately, effectuate the orderly liquidation of the Debtor's assets for the benefit of the Debtor's creditors.  *See* 2022 Carroll Decl. ¶ 28.  In discharging their duties under BVI law, the Foreign Representatives are empowered to investigate the Debtor and its assets, the causes of the Debtor's insolvency, and possible causes of action that may be available to the Debtor.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

10.     On July 1, 2022, the Foreign Representatives commenced this chapter 15 case, and on July 28, 2022, this Court granted recognition of the foreign main proceeding pending in the BVI. *See* ECF No. 47 (the "**Recognition Order**").

11.     The Recognition Order extended certain discovery relief granted by this Court's July 12, 2022 provisional relief order, including the issuance of form subpoenas attached to the order. *See* ECF No. 32.

12.     The liquidation of the Debtor remains pending and the Foreign Representatives are overseeing efforts to identify, locate, and analyze potential assets of the Debtor. That urgent and comprehensive investigation includes, *inter alia*, engaging with banks, cryptocurrency exchanges, the Debtor's auditors and attorneys, and the management of certain underlying assets believed to be connected to the Debtor. *See* Crumpler Discovery Decl. ¶ 5.

13.     The Foreign Representatives have also utilized the formal discovery tools, as necessary, in furtherance of their continued efforts to identify and preserve the Debtor's assets. For example, to date, the Foreign Representatives have issued dozens of subpoenas to banks, exchanges, and others in furtherance of their investigation, which remains ongoing. *See, e.g.*, *id.* ¶¶ 5-7.

**III.**    ████████████████████████████████████████████

14.     ███████████████████████████████████████

████████████████████████████████████████

15. █████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████

16. █████████████████████████████████████████████
████████████████████████████████████████████████████
████████

**IV.** ████████████████████████████████████████████

17. █████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████

18. █████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████



19. ████ ██ ████ ██ ██ ██ ██ ██ ███ ███ ██ ███
████████████████████████████████████████████

20. █████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

21. █████████████████████████████████████

████████████████████████████████████████████ ██

22. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

23. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

24. ████████████████████████████████████████

██████████████████████ ██████████████████████

██████████████

25. ██ ██████ ██████ ████ █████ ███████ ██ █████ █████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

26. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████ █ [5]

27.    █████████████████████████████████████████

██████████████████████████████████████ ███████

███████████████████████████████████████████████

████████████████████████████████

28.    ████ █████ ████ ████ ███ ██ █████ █████ ██████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

29.    █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████

30.    █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

─────────────────────

[5] ███████████████████████████████████████████████████
████████████████████████████

## **ARGUMENT**

**I.**   ███████████████████████████████████████████

███████████████████████████████████

31.     The Foreign Representatives' requested relief squarely fits within various provisions of the Bankruptcy Code that permit broad discovery.

32.     Section 1521(a)(4) of the Bankruptcy Code provides, that upon recognition of a foreign proceeding, that the Court may enter an order providing for the "examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a)(4).[6]   This section "confers exceedingly broad discretion … that would further the purposes of chapter 15 and protect the debtor's assets and the interests of creditors." *In re Inversora Eléctrica de Buenos Aires S.A.*, 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016).[7]

33.     Similarly, section 1521(a)(7) authorizes the Court to grant a foreign representative "any additional relief that may be available to a trustee." 11 U.S.C. § 1521(a)(7).   This provision incorporates Section 542(e) of the Bankruptcy Code.[8]   Section 542(e) of the Bankruptcy Code provides in relevant part, that the Court may order any person that "holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

34.     ████████████████████████████████████████

---

[6] ██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████

[7] *See also In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012) (holding that Section 1521(a)(4) of the Bankruptcy Code "enables a Foreign Representative to take broad discovery concerning the assets and affairs of a debtor").

[8] *See, e.g., In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 810 (Bankr. S.D.N.Y. 2018) (noting that section 542(e) is "either directly applicable in chapter 15 cases or, in the alternative, delineate relief which can be granted by the court").

35. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**II.** ████████████████████████████████████████
████████████████████████████████

36.     Courts have authorized the issuance of the subpoena without notice to defendants or interested parties in similar circumstances under both chapter 15 and a similar discovery statute, 28 U.S.C. § 1782.  Section 1782 provides, in relevant part, that a district court "in which a person resides or is found may order him … to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]"  28 U.S.C. § 1782.

37.     Discovery under section 1782 is "analogous to seeking discovery assistance under

---

[9] Courts routinely grant similar relief to that requested by this Motion in chapter 15 cases.  *See In re Platinum Partners*, 583 B.R. at 810 (granting foreign representatives relief under section 1521(a) and affirming that 542(e) applies in chapter 15); *In re Millennium Glob.*, 471 B.R. at 348 (granting foreign representatives relief under section 1521(a)(4)).

section 1521 and … courts routinely read the discovery provisions of section 1521 (or former

section 304) in concert with section 1782." *In re Platinum Partners*, 583 B.R. at 815 n. 38; *see*

*also, e.g., Drawbridge Special Opportunities Fund v. Barnet (In re Barnet)*, 737 F.3d 238, 251 (2d

Cir. 2013) (equating discovery under section 1782 with discovery requested under chapter 15);

*Markus v. Rozhkov*, 615 B.R. 679, 697-98 (S.D.N.Y. 2020) (same); *In re Hughes*, 281 B.R. 224,

230 (Bankr. S.D.N.Y 2002) (likening the scope of discovery under section 304 of the Bankruptcy

Code, the predecessor to Chapter 15, to discovery ordered pursuant to section 1782).

38.    In section 1782 cases, courts, including in this district, routinely waive the notice

requirement for a third-party subpoena set forth in Federal Rule of Civil Procedure 45(a)(4).  *See*

*In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *5 n.14 (S.D.N.Y. Sept. 17,

2015), *aff'd*, 722 Fed. App'x 7 (2d Cir. 2018) ("Of course, where countervailing interests support

a party's need to take discovery in secret, a district court can always ... order, pursuant to 28 U.S.C.

§ 1782(a), that discovery not be taken in accordance with the Federal Rules.").

39.    The basis for waiving notice is typically to avoid tampering, concealment or

destruction of relevant evidence.  *See, e.g., In re Bayerische Motoren Werke AG*, No. 22 Misc. 115

(VB), 2022 WL 2817215, at *3-4 (S.D.N.Y. July 19, 2022) (declining to quash section 1782

subpoena that had been issued without notice to third party); *In re Banco Santander (Brasil) S.A.*,

No. 22 Misc. 00022 (ALC) (SN), 2022 WL 1546663, at *2 (S.D.N.Y. Apr. 6, 2022) (waiving

notice requirement to prevent destruction or concealing of evidence); *In re Deposit Guar. Fund*

*(Ukraine)*, No. 21 Misc. 203 (AT), 2021 WL 1857090, at *2 (S.D.N.Y. Apr. 21, 2021) (waiving

notice of subpoena issued pursuant to Section 1782 to "certain individuals and entities associated

with the potential defendants, because notice could provide the potential defendants with

opportunity to conceal or destroy evidence"); *In re Investbank PSC*, No. 20 Misc. 260 (AT), 2020

WL 8512850, at *2 (S.D.N.Y. Dec. 30, 2020) (waiver of notice proper due to the "chance that potential defendants will tamper with evidence upon notice").

40.    In addition, at least one court has authorized a foreign representative in a chapter 15 case to issue discovery via subpoena without notice in order to shield their investigation and to maximize the potential recovery of debtor's assets. *See In re Transbrasil S.A. Linhas Aéreas* No. 11-19484-BKC-AJC, 2014 WL 1655990, at *2-3 (Bankr. S.D. Fla. Apr. 25, 2014). *aff'd sub nom., Marigrove, Inc. v. Sauer de Arruda Pinto*, No. 14-cv-22580-KMM, 2015 WL 13857424 (S.D. Fla. Mar. 30, 2015), *aff'd*, 644 Fed. Appx. 959, 961-62 (11th Cir. 2016).

41.    In *Transbrasil*, the chapter 15 foreign representatives (together, the "**Trustees**") of a bankrupt Brazilian airline moved in the Bankruptcy Court for the Southern District of Florida to issue subpoenas under seal to third parties in possession of assets belonging to or traceable from the debtor, and to prohibit these third parties from disclosing the subpoenas and any other information concerning the Trustees' discovery efforts. *See* Motion of Trustees for Order Permitting Filing Under Seal and Related Relief, No. 11-19484-BKC-AJC (June 16, 2011), ECF No. 12. The Trustees sought such relief to preserve the confidential aspects of their investigation of the debtor's assets and also to maximize the potential recovery for creditors, including by mitigating a risk that a future judgment would be uncollectable. *See id.* at pp. 3-5.

42.    The bankruptcy court granted the motion and the non-parties moved to unseal and to quash the Trustees' discovery. *See id.*, ECF Nos. 14, 40, and 41. The bankruptcy court largely denied these motions. First, it held that the sealing was proper because disclosure "could compromise the efforts of the Trustee[s] to recover the undisputed hundreds of millions of dollars in losses incurred by Transbrasil's creditors, including over three thousand unpaid former employees." *In re Transbrasil*, 2014 WL 1655990, at *2. The court also largely denied the motion

to quash the subpoena, which had been issued without notice.  *See id.* at *3-4.

43.    The District Court for the Southern District of Florida upheld the portions of the order concerning sealing, which the Eleventh Circuit affirmed.  *See Mangrove., Inc.*, 2015 WL 13857424, at *4-8.  The Eleventh Circuit affirmed the issuance of sealed discovery without notice, which was designed to assist the Trustees in their efforts to evaluate "allegedly misappropriated assets of the debtor."  644 Fed. Appx. at 961-62.

44.    The rationale espoused by multiple courts in *Transbrasil* – that sealed discovery without notice is proper in a chapter 15 case – applies with equal force in these circumstances.



**NOTICE**

48.    Notice of this Motion has been provided to (a) the Chambers of the Honorable Martin Glenn and (b) the Office of the United States Trustee for the Southern District of New York. The Foreign Representatives submit that such notice is sufficient, and no other notice need be provided.

**NO PRIOR REQUEST**

49.    No prior request for the relief sought in this Motion has been made to this or to any other court.

WHEREFORE, the Foreign Representatives respectfully request entry of an order substantially in the form attached hereto as **Exhibit 1**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 27, 2024          Respectfully submitted,
      New York, New York

                                          HOLLAND & KNIGHT LLP

                                          */s/ Warren E. Gluck*
                                          Warren E. Gluck, Esq.
                                          787 Seventh Avenue
                                          New York, New York 10019
                                          Phone: 212.513.3200
                                          Email: warren.gluck@hklaw.com

                                          *Counsel to the Foreign Representatives*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd.[1], | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

## ORDER AUTHORIZING ISSUANCE OF SUBPOENA WITHOUT NOTICE

Upon the Motion (the "**Motion**")[2] of the Foreign Representatives for entry of an order (the "**Order**") authorizing issuance of a subpoena in the form of the subpoena attached as **Exhibit 2** to the Motion; and this Court having considered the Motion, the Declaration, and the evidence presented at the hearing before this Court, if any; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:[3]

    a.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    b.     Venue is proper in this district pursuant to 28 U.S.C. § 1410.

    c.     The Court may enter a final order consistent with Article III of the United States Constitution.

    d.     The relief granted hereby is necessary and appropriate and authorized under

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

sections 542(e), 1521(a)(4) and 1521(a)(7) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections to entry of this order, to the extent not withdrawn or settled, are overruled.

3.      The Foreign Representatives and their agents are authorized to serve a subpoena for the production of documents in similar form to the subpoena attached as Exhibit 2 to the Motion.

4.      The subpoena and any related discovery documents filed by the Foreign Representatives and their agents, to the extent they need to be filed with the Court, may be filed under seal, and need not otherwise be made public except if required by further Order of the Court.

5.      Any recipient of the subpoena and related documents shall maintain the confidentiality of the fact and content of the Foreign Representatives' discovery efforts, except as necessary for such persons to seek advice of counsel, who are to be similarly restrained.

6.      Unless otherwise agreed between the parties, the recipient of the subpoena shall comply with the subpoena not later than fourteen (14) days after the service of the subpoena and a copy of this Order.

7.      Any disputes concerning the subpoena served pursuant to this Order shall be made under seal pursuant to Local Rule 9018-1.

8.      Any disputes concerning the subpoena served pursuant to this Order may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced.  Parties in interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

9.      The Motion and accompanying documents, including exhibits, as well as any papers that may be filed in response to or in further support of the Motion, shall be treated as confidential and kept under seal for a period of 180 days from the date of this Court's order, subject to extensions upon motion to the Court.

10.      Notwithstanding any provision of law to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and their agents are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

11.      This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through this chapter 15 case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated: _____, 2024
        New York, New York

_____
        The Honorable Martin Glenn
        Chief United States Bankruptcy Judge
        Southern District of New York

# EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re    Three Arrows Capital, Ltd
_____
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff
v.
_____
Defendant

Case No. 22-10920 (MG)

Chapter 15

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ████████████████████████████████████████████████████████

_(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ████████████████████████

| PLACE Holland & Knight LLP, 787 7th Ave, 31st Floor, New York, NY 10019 or email to warren.gluck@hklaw.com, cc: Alex.Englander@hklaw.com | DATE AND TIME 10/11/2024 |
|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/27/2024

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Joint Liquidators of Three Arrows Capital, Ltd.    , who issues or requests this subpoena, are:

Warren E. Gluck, Holland & Knight LLP, 787 Seventh Avenue, 31st Floor, New York, NY 10019, (212) 513-3396, warren.gluck@hklaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570) - Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



