UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Three Arrows Capital, Ltd.[1],<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 22-10920 (MG) |

**ORDER AUTHORIZING ISSUANCE OF SUBPOENA WITHOUT NOTICE**

Upon the Motion (the "Motion")[2] of the Foreign Representatives for entry of an order (the "Order") authorizing issuance of a subpoena in the form of the subpoena attached as Exhibit 2 to the Motion; and this Court having considered the Motion, the Declaration, and the evidence presented at the hearing before this Court, if any; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:[3]

    a.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    b.    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

    c.    The Court may enter a final order consistent with Article III of the United States Constitution.

    d.    The relief granted hereby is necessary and appropriate and authorized under

---

[1]    The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

sections 542(e), 1521(a)(4) and 1521(a)(7) of the Bankruptcy Code.

      **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to entry of this order, to the extent not withdrawn or settled, are overruled.

3. The Foreign Representatives and their agents are authorized to serve a subpoena for the production of documents in similar form to the subpoena attached as Exhibit 2 to the Motion.

4. The subpoena and any related discovery documents filed by the Foreign Representatives and their agents, to the extent they need to be filed with the Court, may be filed under seal for a period of 90 days, subject to unsealing after 90 days of entry of this Order absent a showing of good cause made by the Foreign Representatives justifying extension of the Order.

5. Any recipient of the subpoena and related documents shall maintain the confidentiality of the fact and content of the Foreign Representatives' discovery efforts, except as necessary for such persons to seek advice of counsel, who are to be similarly restrained.

6. Unless otherwise agreed between the parties, the recipient of the subpoena shall comply with the subpoena not later than fourteen (14) days after the service of the subpoena and a copy of this Order.

7. Any disputes concerning the subpoena served pursuant to this Order shall be made under seal pursuant to Local Rule 9018-1.

8. Any disputes concerning the subpoena served pursuant to this Order may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties in interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages,

single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

9. The Motion and accompanying documents, including exhibits, as well as any papers that may be filed in response to or in further support of the Motion, shall be treated as confidential and kept under seal for a period of 90 days from the date of this Court's order, subject to extensions upon motion to the Court.

10. Notwithstanding any provision of law to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and their agents are authorized and empowered and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

11. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through this chapter 15 case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: October 24, 2024
       New York, New York

      /s/ **Martin Glenn**      
MARTIN GLENN
Chief United States Bankruptcy Judge
